IN THE UNITED STATES DISTRIC COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

OXEBRIDGE QUALITY RESOURCES

INTERNATIONAL, LLC, and

CHRISTOPHER PARIS, individually.


Plaintiffs,

**Case Number: M.D.Fla._8_19-cv-00423-WFJ-SPF**

**Case Number: 8:19-cv-423-T-02SPF**

**Judge William F. Jung**

**Magistrate Judge Sean P. Flynn**

Vs.


WILLIAM LEVINSON,

LEVINSON PRODUCTIVITY

SYSTEM, PC, a Pennsylvania

Corporation,

MARC TIMOTHY

SMITH, individually, and d/b/a

CAYMAN BUSINESS SYSTEMS,

GUBERMAN PMC, a Connecticut

Corporation,

DARYL GUBERMAN,

an Individual, DONALD LABELLE, an Individual


Defendants.

**MOTION TO DISMISS COMPLAINT(S) AGAINST MARC SMITH FOR:**

COUNT I: DEFAMATION/LIBEL, COUNT II: TORTIOUS INTERFERENCE WITH A BUSINESS INTEREST, COUNT III: COUNT III -- FEDERAL ANTI-CYBERSQUATTING (ANTI-CYBERPIRACY) (15 U.S.C. § 1125(D)(1)(A)), COUNT IV - TRADEMARK INFRINGEMENT (15 U.S.C. § 1114), COUNT V FLORIDA UNFAIR COMPETITION, COUNT VI MISREPRESENTATION OF COPYRIGHT CLAIMS UNDER THE DIGITAL MILLENNIUM COPYRIGHT ACT ("DMCA") 17 U.S.C. § 512, COUNT VII: ABUSE OF PROCESS, COUNT VIII: WIRETAPPING, VIOLATION OF FLORIDA STAUTE 934.03, COUNT IX - INTERCEPTION OF ELECTRONIC COMMUNICATIONS IN VIOLATION OF THE WIRETAP ACT, 18 U.S.C. § 2511(1)(A), COUNT X: FOR DISCLOSURE OF INTERCEPTED ELECTRONIC COMMUNICATIONS IN VIOLATION OF THE WIRETAP ACT, 18 U.S.C. § 2511(1)(C), COUNT XI (INVASION OF PRIVACY- INTRUSION UPON SECLUSION), and COUNT XII: CIVIL CONSPIRACY.

## I

## MOTION TO DISMISS DEFENDANT SMITH FROM THIS LAWSUIT – LACK OF PERSONAL JURISDICTION, LACK OF SPECIFIC JURISDICTION, LACK OF GENERAL JURISDICTION, IMROPER VENUE, FAILURE TO STATE A CLAIM

## I. FACTUAL AND PROCEDURAL BACKGROUND

SMITH is a "semi-retired" individual who has had no consulting jobs since 2001. SMITH claims to be "retired" or "semi-retired", not because SMITH would not like work, but because SMITH is at an age in life, and has physical disabilities which preclude most employment opportunities. SMITH describes himself as "semi-retired".

1.   PARIS filed a Federal Civil Lawsuit against SMITH on 5 January 2015 (8:15-cv-00011). In this current lawsuit PARIS' attorney, Mr. Glen H. Shrayer, has – literally – copied the majority of the 2015 lawsuit against SMITH into this lawsuit. The 2015 lawsuit was settled via a settlement in June 2015 and was administratively closed WITH PREDJUICE in July of 2015.

2.      Having gone through several motions by PARIS to re-open the 2015
lawsuit, and failed each time, by both of PARIS' lawyers, the first Mr.
William "Bill" Wohlsifer (who threw PARIS under the bus, as the
saying goes), and the second (after Mr. Wohlsifer "jumped ship", so
to speak) and was followed up by Jose B. Lorenzo
admin@lorenzolawfirm.com, 2040 Delta Way, Tallahassee, Florida
32303, Attorney for Plaintiffs, the Judge in the 2015 case issued
rulings rejecting the claims, including for failure to file "at a level
appropriate for Federal Court".

3.01(a).   The Plaintiffs have failed to satisfy these requirements here.[3]

DONE and ORDERED in Tampa, Florida, this 5th day of April 2018.


_Christopher P. Ard_
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge


Copies to:
Counsel of record
Any unrepresented party

_____

[3] The Court reminds the parties of the District Judge's previous admonition that the submissions in this case should be written and compiled at a level appropriate for federal court.  _See_ (Doc. 105 at n.2).

4

It is understandable that SMITH, as a Pro Se defendant, is not going to be as
knowledgeable as in law(s) as a licensed attorney.  Yet, two licensed attorneys have
been reprimanded by the court.



## V. Conclusion

Accordingly, it is

**ORDERED** that the R&R is **ADOPTED AND INCORPORATED BY REFERENCE.** The Motion to Compel is **GRANTED IN PART AND DENIED IN PART** as set forth in the R&R.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 14th day of September, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] The pleadings filed in this case are not at a level appropriate for federal court. This applies equally to the Defendant, who is proceeding *pro se*, and the Plaintiffs, who are not.

Oxebridge 8 15-cv-00011 Docket Document 105_0 - Judge agrees with Docket Document 99 Magistrate Judge's Report.

SMITH's website was not a "belligerent website". As was submitted to the Court in the 2015 lawsuit, SMITH, over 2+ calendar weeks, in March of 2015, personally reviewed every discussion thread, and every individual post in each discussion thread, and identified the following:

| Thread # | Start Date | End Date | Total Posts | Discussion Thread Title | Paris Related Post Number(s) | Comments |
|---|---|---|---|---|---|---|
| 1. | 1815 | 7/1/2001 | 9/3/2001 | 33 | Oxebridge NG SPAM - Chris Paris - The 40 Day 'Wonder' Implementation - A Scam or not? | All | Initial Confrontation. |
| 2. | 7465 | 9/16/2001 | 10/18/2001 | 12 | Copyright Material vs. File Sharing - Title 17 U.S.C. Section 107 | 11 | Do not link to, or copy from, Paris' website. Edited out. |
| 3. | 8476 | 3/4/2004 | 10/21/2004 | 34 | Article Submission Rules and Guidelines - The FINE PRINT | 1 | Chris Paris files complaint with the Ohio Attorney. Edited out. |
| 4. | 8541 | 6/1/2004 | 6/24/2004 | 13 | May 2004 Articles Poll (Vote) Thread | 10 | General over "Visitor Articles" calling it a "Lottery" Edited out. |
| 5. | 8574 | 6/4/2004 | 6/8/2004 | 7 | Spreading FUD? IAAR Considers Imposing RAB Requirements on Internal Auditors | 1, 5 | and states Marc Smith is "...promoting terrorism..." |
| 6. | 8592 | 6/8/2004 | 10/22/2004 | 37 | Chris Paris of Oxebridge - Waging a Personal War | All | |
| 7. | 8853 | 6/10/2004 | 6/10/2004 | 1 | Special Concession to Chris Paris of Oxebridge | Single Post | Invitation to Paris to post. |
| 8. | 9029 | 7/15/2004 | 8/16/2004 | 148 | ASQ Forum Software and General Discussion about the American Society for Quality | 146 | Post soft delete. |
| 9. | 10285 | 12/3/2004 | 12/8/2004 | 26 | Has Anyone Been "Outed" and Got in Trouble Over Comments Made in Their Posts? | 3 | Edited out. |
| 10. | 14749 | 1/3/2006 | 11/18/2008 | 374 | The Next version of ISO 9001 (2008 version) - Any news? | 306, 307, 310, | Edited out. |
| 11. | 16389 | 5/3/2006 | 5/4/2006 | 5 | Should Quality Policy be marketing oriented? Contracting firm for aerospace software | 5 | Edited out. |
| 12. | 34381 | 5/27/2009 | 5/31/2009 | 81 | Is it possible to get ISO 9001 certification in 90 days? | 9 | Edited out. |
| 13. | 44792 | 11/19/2010 | 11/20/2010 | 6 | Getting Paid to Appeal Non-Conformities | 1, 2, 5 | BOO forum and edited. |
| 14. | 46840 | 3/10/2011 | 3/12/2011 | 8 | Increasing the sense of participation - Membership! | 2 | BOO forum |
| 15. | 64860 | 8/6/2014 | 9/24/2014 | 9 | Who can perform ISO 9001:2008 internal Audit prior to our Registration Audit? | NONE | TBD |
| 16. | 65636 | 10/20/2014 | 1/30/2015 | 79 | Chris Paris of Oxebridge - At it again - October - December 2014 and January 2015 | All | BOF forum. |
| 17. | 66511 | 10/20/14 | 1/26/2015 | 4 | Chris Paris of Oxebridge - At it again - January 2015 Status (LAWSUIT) | ALL | Lawsuit posted with a Twitter capture. BOD forum. |

As of 3/12/2015   Total Discussion Threads in the forum: 57,416
Total Posts in Discussion Threads in the forum: 549,817

Elsmar.com is, and always has been, a website no different than the tens of thousands of websites where people discuss various topics, but Elsmar.com is not, and never has been, a "belligerent" website. Elsmar.com has never targeted PARIS, or any other person or company, or industry and complaints against any company or individual has never been a part of the content or "mission" of the Elsmar.com discussion forum. On the contrary, the Oxebridge.com website is now claiming to be a "news" website in which PARIS, and his "Tweeter" posts, are a continuous stream of "complaints" and allegations against specific people, specific companies, and specific organizations, and in which PARIS has, as of this filing, and has had continuously for several years, many knowingly false accusations in "articles" about Elsmar.com and Elsmar's forum moderators- E.g." https://www.oxebridge.com/emma/us-court-oxebridge-prevails-in-elsmar-lawsuit/". PARIS claims "US Court: Oxebridge Prevails in Elsmar Lawsuit" yet no lawsuit has ever been filed against Elsmar.com or "Elsmar". As noted in the 2015 case, in docket documents 122 and 123, PARIS continues to violate of the "injunction" to this date by publishing posts about Elsmar.com, "Elsmar", and its moderators, with, knowingly, the intent of citing "Elsmar" to evade the Stipulation on Injunction by not specifically mentioning Marc Smith or the old Cayman Business Systems DBA which was ended in 2001, and to *knowingly intend to inflict damage on Elsmar.com* via defamation/libel.  There was never a lawsuit against "Elsmar" – PARIS is, and has continuously been, knowingly trying to defame/libel Elsmar.com and SMITH.

SMITH wishes that the Court consider the fact that two Magistrate Judges have already opined that the filing were "inappropriate for federal court", both of which were in regard to attorneys who are licensed to file in Federal Court. Any "mockery" has been by the plaintiff's attorney(s) by submission of really lame motions (etc.) to the court.

Now PARIS has a third attorney who has copied and pasted charges from a 2015 lawsuit, already closed WITH PREDJUICE, in attempt to include and link SMITH in a "new" lawsuit – A Mockery of the Court. SMITH contends that "CLOSED WITH PREJUDICE" has a meaning. SMITH contends that "CLOSED WITH PREJUDICE" means that the plaintiff can not *copy and paste charges from a settled lawsuit* to bring the same charges in a "new" lawsuit.

Attorney for Plaintiff (Glen H. Shrayer, Esq.) has failed to follow Florida Local Rule 1.04 (d) – Submission of Similar or Successive Cases; Duty of Counsel.

## STATUTE OF LIMITATIONS AND LACK OF PERSONAL, SPECIFIC AND/OR GENERAL JURISDICTION

SMITH, since 2000:
1. Has not visited Florida for any reason other that 2 visits related to PARIS' 2015 lawsuit (8 15-cv-00011) in 2015-2016 since 2000.
2. SMITH has never operated, conducted, engaged in, or carried on, any business venture of any type in Florida.
3. SMITH's Elsmar.com never "expressly aimed" at Florida or any other state, or any specific country in he world.
4. SMITH has never conducted any business targeting Florida.
5. SMITH does not, and has never, owned real property or maintained a bank account nor advertised in Florida, not has SMITH ever targeted Florida in any advertisement, ever.

6. SMITH has never owned a business of any kind or a corporation in Florida.

7. SMITH has never maintained a registered agent, office, or license to conduct business in Florida.

8. SMITH has no debts in Florida.

9. SMITH did not perform any acts in Florida with respect to the plaintiff's allegations against him.

10. SMITH does not possess sufficient minimum contacts with Florida to satisfy constitutional due process requirements. (Venetian Salami Co. v. Parthenais, 554 So.2d 499 (1989))

11. SMITH contends that because no actual business transactions or significant revenue from sales in Florida is or was connected to Elsmar.com, defendant's activities do not, and have never, met the Due Process test to determine that personal jurisdiction exists or ever existed.

12. Although SMITH did own and operate Elsmar.com, and although it was and is accessible in Florida this is insufficient for personal jurisdiction. Young v New Haven Advocate, 315 F.3d 256, 259 (4th Cir. 2002).

13. Plaintiffs' complaint does not allege sufficient facts to assert jurisdiction in the District Court of the Middle District of Florida On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) the plaintiff bears the burden of establishing jurisdiction. Moms Against Mercury v. FDA, 483 F.3d 824 (D.C. Cir. 2007).

14. Defendants have not generated any business from any claim of plaintiffs' complaint

15. Defendants do not seek a competitive advantage in the state of Florida because plaintiffs and defendants are not in competing businesses.

16. Plaintiffs do not allege sufficient facts to show that this suit has arisen from any such transaction or an articulable nexus between OXEBRIDGE's quality control consulting for the ISO9001 standard and SMITH. Best Van Lines, Inc. v Walker, 490 F.3d 239, 243 (2d Cir. 2007).

48.193    Acts subjecting person to jurisdiction of courts of state. (2011 Florida Statutes > Title VI > Chapter 48 > Section 193)

(2)    A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

As SMITH has stated, SMITH has not had any type of business, or other activity, in Florida since 2000.

Elsmar.com is an internet website which people from around the world can access at no charge or fee of any kind. Elsmar does not sell anything or provide paid services of any kind.

Totally unlike PARIS' website, which as of late he claims is a "news" website, yet is also his "business advertisement" website, Elsmar is a discussion forum which sells nothing, promotes nothing, and is simply, as it has proclaimed for years, just "people helping people". SMITH believes that the Court can simply access both websites and judge for themselves.

SMITH and Elsmar have no focus or any type of aim, in any sense, to target PARIS, Florida, or any location world wide, or any company or any organization or person(s) in any way, unlike the Oxebridge website. Like tens of thousands of other "help" type internet websites, the Elmar.com discussion forum is a place where people who want to interact and to volunteer help do so without any type of pay or remuneration of any kind. While PARIS tries to describe Elsmar.com as a place where people can get "consultant" services (Mr. PARIS makes up his own terms and definitions).  There are, for example, internet forums where automotive (car) enthusiasts ask others with similar interests ask questions. Others answer in attempts to help the person. These are not "consulting" interactions. No one is paid or in any way compensated for helping others in the Elsmar.com forum.

From the 2015 lawsuit (copied and pasted into this lawsuit):

> 13. Many Florida businesses and individuals have requested and received assistance for industry standards in place of normally paid consulting services from Elsmar.com for example; *I can give away free advice.*
>
> a. Precision Resource – Florida Division, Inc. (Fort Lauderdale, FL)
>
> b. Mike Laurie – Quality Manager, Injection molding of aerospace and medical components (Sarasota, FL)
>
> c. Sun-Glo Plating Company, Inc. (Pinellas Park, FL)
>
> d. Giselle – Quality Manager, Automotive and Manufacturing Industry
>
> e. Virtual Imaging, Inc. (Boca Raton, FL)
>
> f. Gooch & Housego (Orlando, FL)

*I have no idea who these people / companies are.*

Mr. Paris has provided no factual evidence that any of the listed companies even participated in any discussions in the Elsmar forum, and if they did it was over 18 years ago far exceeding the statute of limitations to complain: §95.11(4)(g). Mr. Paris is behind the times to complain that SMITH can not "give away" information on an internet website "in place of "normally paid consulting services". Tens of thousands, if not hundreds of thousands of websites "give away" information. There is no law which provides relief to a plaintiff for free dissemination of information. Note that these same complaints have been copied and pasted into this lawsuit by PARIS' lawyer from the 2015 lawsuit which was closed via mediation WITH PREDJUDICE, not to mention they are from around 1999.

The Due Process prong is not met. General long-arm jurisdiction comes under s. 48.193 (2) Fla. Stat.

> General jurisdiction applies under the long-arm statute when a defendant is engaged in "substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise..."

Florida's long-arm statute § 48.193(1)(b) states that a non citizen or resident

submits to the jurisdiction of Florida courts when that person commits a tortious act *within* the state of Florida. SMITH does not achieve that requirement. To achieve this, tens of thousands of intent websites world wide which Florida residents can access would also potentially be subject to the exact same claim. Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989)

## COMPLAINT OF COLLUSION

329.   However, an alternative basis for a civil conspiracy claim exists where the plaintiff can show some "peculiar power of coercion" possessed by the conspirators by virtue of their combination, which an individual acting alone does not possess. See Churruca v. Miami Jai-Alai, Inc., 353 So.2d 547 (Fla.1977)

330.   In this case the Defendants all worked together with the common goal of tortuously interfering with the Plaintiffs and spreading misinformation and lies all over the Internet.

Plaintiff has submitted over 370 pages of "evidence" to the court, *over 100 pages of which are not numbered and are, in fact, copies of the first 79 listed/numbered exhibits*, yet nothing within that tome is evidence that SMITH, GUBERMAN, LEVINSON AND/OR LABELLE in any way "worked together". Opinion is not fact. PARIS has many enemies – That is not *evidence* that any person or persons acted in any concerted way to harm PARIS' reputation.

1.   SMITH does not know Guberman and has no association and/or communication with Guberman in any way, shape or form. To claim collusion one has to at the very least show factual evidence of some sort of interaction. In the approximately 370 pages of "evidence" no such evidence is presented.

2.   SMITH does not know LaBelle, in any way, shape or form. To claim collusion one has to at the very least show evidence of some sort of interaction. In the approximately 370 pages of "evidence" no such factual evidence is presented.

3.  SMITH knows Mr. Levinson only from his libel lawsuit against PARIS in the state of Florida for Libel, which is still active: Case Number 17-CA-003804 in Hillsborough County, Florida filed about July 2017. To claim collusion one has to at the very least show factual evidence of some sort of coordinated interaction. Again, in the approximately 370 pages of "evidence" no actual factual evidence is presented with regard to SMITH of coordinated interaction.

## SUMMARY

SMITH can only be sued within Florida for a claim that relates to or arises from the defendant's activities in Florida. *See* Fla. Stat. § 48.193(1)(a). SMITH has no activities of any kind in the state of Florida.

Second, section 48.193(2) states if a defendant engages in "substantial and not isolated" activities within Florida, then the defendant is subject to *general* personal jurisdiction—meaning the defendant can be sued within Florida for any claim, even one entirely unrelated to its Florida activities. *See* Fla. Stat. § 48.193(2). Florida courts have held that "substantial and not isolated" means "continuous and systematic general business contact." *See Achievers Unlimited, Inc. v. Nutri Herb, Inc., 710 So. 2d 716, 720 (Fla. 4th DCA 1998)*. SMITH has no activities of any kind in the state of Florida.

Florida residents cannot contract with SMITH through Elsmar.com to make purchases of any kind because Elsmar.com sells nothing thus Elsmar.com is a passive website.  Miami Breakers Soccer Club, Inc. v. Women's United Soccer Association, 140 F. Supp. 2d 1325 (S.D.Fla. 2001) Id. at 1329.

## REQUEST FOR RELIEF

Wherefore, Defendant prays for as follows:

1. For dismissal of the Plaintiff's action against SMITH *with prejudice*;
2. For an order that the Plaintiff shall take no relief from SMITH from the complaint;
3. For all costs, including personal costs, SMITH has incurred because of the lawsuit herein, including personal time to respond to this complaint;
4. For further relief the Court deems fair.

I declare under penalty of perjury that the forgoing is true and correct.

Dated and respectfully submitted by mail using the US Postal Service this _8_ day of _April_, 2019.

Marc Smith (Defendant pro se)

By: _Marc Smith_

C/O Property Lien Holder

8466 Lesourdsville West Chester Road

West Chester, Ohio 45069-1929

(Retired and Traveling)

Tel: 513 341-6272

Email: elsmarmarc@icloud.com

I certify that a copy of this MOTION is being furnished by mail on the above date to the clerk of courts in the Middle District of Florida for entry into the case docket where it can be obtained by the Attorney for Plaintiff (Glen H. Shrayer, Esq.) through the Federal Judiciary's Case Management/Electronic Case Files (CM/ECF) system.