## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

CHRISTOPHER MARK PARIS, and,
OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC

      Plaintiffs,                          Case No. 8:19-cv-00423

vs.

WILLIAM LEVINSON,
LEVINSON PRODUCTIVITY
SYSTEM, PC, a Pennsylvania
Corporation, MARC TIMOTHY
SMITH, individually, and d/b/a
CAYMAN BUSINESS SYSTEMS,
 GUBERMAN PMC, a Connecticut
Corporation, DARYL GUBERMAN,
an individual, DONAL LABELLE, an
individual

      Defendants.
_____

## DEFENDANT, WILLIAM LEVINSON'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND MEMORANDUM OF LAW IN SUPPORT

      COMES NOW, Defendant, WILLIAM LEVINSON, a Pennsylvania resident  (hereinafter

"LEVINSON") by and through his undersigned counsel, and for the sole and limited purpose of

challenging the jurisdiction of this Court over his person, and pursuant to Federal Rule of Civil

Procedure 12(b)(2), hereby files this Motion to Dismiss the Complaint filed by Plaintiffs,

Christopher Mark Paris and Oxebridge Quality Resources International, LLC ("PLAINTIFFS")

for Lack of Personal Jurisdiction and to quash service of process, and in support thereof states as

follows:

## I.      STATEMENT OF FACTS

1. This matter concerns allegations of defamation / libel, tortious interference with a business

    interest and cybersquatting arising from a dispute between PLAINTIFFs and LEVINSON

concerning each party's qualifications to teach ISO 9000 quality management standards and provide certifications within particular industries.

2.  In support of PLAINTIFFS' claim relative to jurisdiction, PLAINTIFFS have alleged that LEVINSON has committed tortious acts directed towards PLAINTIFFS in the State of Florida or has established minimum contacts within Florida subjecting him to jurisdiction herein. *See: Plaintiffs' Verified Complaint, attached hereto as **Exhibit A.***

3.  PLAINTIFFS have failed to plead sufficient facts to establish a basis for the exercise of personal jurisdiction by this Court over LEVINSON.

4.  LEVINSON does not have the minimum contacts necessary to establish he has purposefully availed himself of the State of Florida and is not subject to jurisdiction herein as LEVINSON has been a Pennsylvania resident since 1993, and at no time has LEVINSON been authorized to conduct business in the State of Florida; nor has LEVINSON engaged in a business venture in the State of Florida; nor has LEVINSON owned a business in the State of Florida; nor has LEVINSON owned, leased, or possessed, any real estate in the State of Florida; nor has LEVINSON executed any contracts with businesses in the State of Florida; nor has LEVINSON maintained any telephone listings or bank accounts in the State of Florida; nor has LEVINSON maintained any business agents, employees, principals, or officers in the State of Florida; nor has LEVINSON offered products or services via websites specifically targeting potential customers in the State of Florida; nor has LEVINSON targeted any advertisements to the State of Florida; nor has LEVINSON performed consulting services in the State of Florida; nor has LEVINSON received compensation or endorsements for promoting training seminars by other professionals in the State of Florida; nor does LEVINSON have any financial interest in companies promoting training seminars in the State of Florida. *See: Affidavit of William*

*Levinson in Support of Motion to Dismiss for Lack of Personal Jurisdiction, generally, attached hereto as **Exhibit B**.*

5. LEVINSON's physical presence in the State of Florida has been limited to three occasions in over 10 years: in 2016 to attend a technical conference as an unpaid speaker and for two court appearances on behalf of himself in the unrelated matter 17-CA-003804 currently pending in Hillsborough County, Florida. *See: Affidavit of William Levinson in Support of Motion to Dismiss for Lack of Personal Jurisdiction, ¶ 18-21, attached hereto as **Exhibit B**.*

6. Thus, regardless of the allegations of the current Complaint or any future pleading, the Courts of the State of Florida lack personal jurisdiction over LEVINSON.

## II.    MEMORANDUM OF LAW

A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction. *United Technologies Corp. v. Mazer*, 556 F. 3d 1260, 1274 (Court of Appeals, 11th Circuit 2009) citing *Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1214 (11th Cir.1999) (per curiam). Where the defendant challenges jurisdiction by submitting affidavit evidence in support of its position, the burden shifts back to the Plaintiff to produce evidence supporting jurisdiction. *Id.* at 1274.

A federal court must then undertake a two-step inquiry to determine whether personal jurisdiction exists. In order to find personal jurisdiction over the defendant exists, the court must determine that:

1. The exercise of jurisdiction is appropriate under the state long-arm statute

2. The exercise of jurisdiction does not violate the Due Process Clause of the Constitution

*Id.* at 1274. The reach of the Florida Long-Arm Statute is a question of Florida law and Federal courts are required to construe such law as would the Florida Supreme Court. *Id.* at 1274.

A. **_The Exercise of Personal Jurisdiction Over LEVINSON is Inappropriate Under Florida's Long-Arm Statute_**

The Florida Supreme Court articulated a two-step inquiry for determining whether long-arm jurisdiction over a non-resident defendant is proper in *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 500 (Fla. 1989). *Wendt v. Horowitz*, 822 So.2d 1252, 1257 (Fla. 2002). First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the statute; the next inquiry is whether sufficient "minimum contacts" are present to satisfy due process requirements. *Id.* at 1257. If both prongs are not met, the court has no jurisdiction over the non-resident defendant and no ability to adjudicate the claims pending against them. *Gilles Rollet v. Gwenaelle de Bizemont*, No. 3D14-2165 353, 356.

The first prong of the *Venetian Salami* standard– the statutory prong- is governed by Florida's long-arm statute and bestows broad jurisdiction on Florida Courts. *Wendt* at 1257. However, courts are required to strictly construe the long-arm statute. *Seabra v. Int'l Specialty Imps., Inc.*, 869 So. 2d 732, 733 (Fla. 4th DCA 2004); *accord Blumberg v. Steve Weiss & Co.*, 922 So. 2d 361, 363 (Fla. 3rd DCA 2006). The second prong- the constitutional prong- is governed by United States Supreme Court precedent interpreting the Due Process Clause of the Constitution and imposes a more restrictive requirement. *Id.* at 1257. A court can only exercise jurisdiction if the [individual] maintains "certain minimum contacts with the forum state such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* at 1257.

Florida's long-arm statute, Fla. Stat §48.193 contains provisions for establishing both general and specific personal jurisdiction. *Rautenberg v. Falz*, 103 So. Rd 924, 928 (Fla. 2d DCA

2016). General personal jurisdiction is established by showing that the defendant engaged in substantial and not isolated activities in Florida. *Id*. at 928. Specific personal jurisdiction is established by showing that the defendant committed a tortious act in Florida and has sufficient minimum contacts with the state. *Id*. at 928

Procedurally, the plaintiff bears the initial burden of pleading sufficient facts to bring the action within the jurisdiction of the court, regardless of whether specific or general jurisdiction is alleged. *Venetian Salami* at 500. To adequately allege a basis for jurisdiction, the plaintiff may either track the statutory language without supporting facts or allege specific facts to show that the defendant's actions fall within one of the subsections of Fla. Stat. §48.193. *Rautenberg* at 928. In the absence of sufficient allegations, a complaint is subject to dismissal for lack of jurisdiction upon motion of the defendant; such a motion does not require a supporting affidavit. *Crownover v. Masada Corp.*, 983 So. 2d 709 (Fla. 2nd DCA 2008)

If the plaintiff meets the pleading requirement, the defendant then has the burden to file a legally sufficient affidavit or other sworn proof to contest the jurisdictional allegations. *Rautenberg* at 928. The defendant need not contest the ultimate allegations of the complaint but only the jurisdictional allegations. *Rautenberg* at 929. If the defendant's affidavit fully disputes the jurisdictional allegations, then the burden shifts back to the plaintiff to prove by affidavit or other sworn proof that there is a basis for jurisdiction. *Id.* If the affidavits cannot be harmonized, then the trial court must conduct a limited evidentiary hearing to resolve the issue. *Id.*

PLAINTIFFS maintain that LEVINSON has either committed tortious acts towards PLAINTIFFS in the State of Florida or LEVINSON has established minimum contacts within Florida subjecting him to jurisdiction herein. *See: Plaintiffs' Verified Complaint ¶ 9, attached hereto as **Exhibit A**.* PLAINTIFFS' complaint essentially alleges LEVINSON is subject to specific personal jurisdiction pursuant to Fla. Stat. §48.193(1)(a)(2) or is subject to general personal

jurisdiction pursuant to Fla. Stat. §48.193(2). To support this allegation, PLAINTIFFS have alleged the following:

- LEVINSON targeted PLAINTIFFS' customers in the State of Florida [by] marketing a competing seminar to the PLAINTIFFS' in Cocoa Beach and promoted it on his websites… *Id.* at ¶16

- LEVINSON launched a continuous and systemic attack on [PLAINTIFFS] in an effort to undermine the reputation and credibility thereof… *Id.* at ¶97

PLAINTIFFS have not otherwise tracked the statutory language nor alleged specific facts to establish that LEVINSON's conduct subjects him to personal jurisdiction under Florida's long-arm statute.

> i.  *PLAINTIFFS' Allegations are Insufficient to Establish General Personal Jurisdiction over LEVINSON*

The relevant subsection in this case, §48.193(2), states:

> A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

§48.193(2), Fla. Stat. The aforementioned statute refers to contacts with the forum state irrespective of the suit in which jurisdiction is brought, i.e. general jurisdiction.

To be subject to general jurisdiction of Florida courts a defendant's activities in the state must be "continuous and systematic." *Milberg Factors, Inc. v. Greenbaum*, 585 So.2d 1089, 1091 (Fla. 3rd DCA 1991). Florida courts have harmonized the United States Supreme Court's interpretation of "continuous and systemic," as described in *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 (1984), with the meaning of "substantial and not isolated activity" as used in  Fla. Stat. §48.193(2). *See, Nichols v. Palucci*, 652 So.2d 389,392 (Fla 5th DCA 1995).

reh'g denied, review denied 659 So. 2d 1088 (Fla. 1995), cert. denied 516 U.S. 1046 (1996); and

*Travel Opportunities of Ft. Lauderdale, Inc. v. Walter Karl List Mgmt., Inc.*, 726 So.2d 313, 314

(Fla. 4th DCA 1999) (explaining that due process standard of *Helicopteros* applies to interpretation

of Fla. Stat. §48.193(2)).

The term "substantial and not isolated activity" has therefore been found to mean

"continuous and systematic general business contacts" with Florida. *See, Achievers Unlimited, Inc.*

*v. Nutri Herb, Inc.*, 710 So. 2d 716, 720 (Fla. 4th DCA 1998) (quoting, *American Overseas Marine*

*Corp. v. Patterson*, 632 So. 2d 1124, 1128 (Fla. 1st DCA 1994)). This requirement establishes a

much higher threshold than the minimum contacts required by due process to assert

specific jurisdiction; the facts required to assert general jurisdiction must be extensive and

pervasive. *Patterson*, supra, at 1128, quoting *Reliance Steel Products Co. v. Watson, ESS,*

*Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982).

PLAINTIFFS have failed to satisfy their initial pleading burden to establish general

jurisdiction under Fla. Stat. §48.193(2). While PLAINTIFFS have alleged that LEVINSON

launched a "continuous and systemic attack…" PLAINTIFFS have failed to allege whatsoever that

LEVINSON's continuous and systemic activity was conducted in or directed at Florida.

Furthermore, even if this court were to assume such allegations may be inferred and

PLAINTIFFS have met their initial pleading burden, LEVINSON has filed a legally sufficient

affidavit fully disputing the jurisdiction allegations. As discussed above, and set forth in the

Affidavit of William Levinson, LEVINSON does not personally own, manage or operate any

business in this state, nor does he maintain any contracts in Florida or otherwise conduct any

personal business in Florida. *See Affidavit of William Levinson* ¶ 5-13, *attached hereto as **Exhibit***

***B***. Further, LEVINSON does not offer products, services, or advertising targeted at the State of

Florida; nor does he perform consulting services for any individual or business in the State of Florida. *Id.* at 14-16.

It is clear that, under the applicable legal standard, LEVINSON does not perform the continuous and systemic activities required for this court to exercise general personal jurisdiction over his person. PLAINTIFFS' claims cannot be maintained in this venue pursuant to general personal jurisdiction as PLAINTIFFS cannot satisfy subsection (2) of Florida's long-arm statute. Fla. Stat. §48.193.

      *ii.* *PLAINTIFFS' Allegations are Insufficient to Establish Specific Personal Jurisdiction Over LEVINSON*

The relevant subsection in this case, §48.193(1)(a), states:

> A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
>
> …
>
> (2)  committing a tortious act within this state.

§48.193(1)(a)(2), Fla. Stat. The aforementioned statute refers to contacts with the forum state related to the suit in which jurisdiction is brought, i.e. specific jurisdiction. Where jurisdiction is sought to be asserted based on the defendant committing a tortious act pursuant to Fla. Stat. §48.193(1)(A)(2), as is alleged in this case, the cause of action must arise from the defendant's conduct in the state because of the connexity requirement contained in the statute. *Wendt* at 1260. Further, as discussed, the defendant must have the minimum contacts necessary to satisfy the due process clause of the constitution. *Id*. at 1260

Even if this court were to assume that PLAINTIFFS' have sufficiently pled a cause of action for defamation/libel, tortious interference, and cybersquatting that brings LEVINSON within the ambit of Florida's long-arm statute, this is only the first step for establishing personal jurisdiction pursuant to *Venetian Salami*. "The mere proof of any one of the several circumstances enumerated in Fla. Stat §48.193 as the basis for obtaining jurisdiction of non-residents does not automatically satisfy the due process requirement of minimum contacts." *Venetian* Salami at 502. The second step, addressing constitutional due process requirements of minimum contacts between the defendant and the forum state, is much more restrictive. *Internet Sols,* at 1216. As discussed below, LEVINSON does not have the minimum contacts necessary to satisfy the second prong of the test set out in *Venetian Salami*. As such, PLAINTIFFS claims cannot be maintained in this venue pursuant to special personal jurisdiction.

### B. The Exercise of Personal Jurisdiction over LEVINSON violates the Due Process Clause of the Constitution

As discussed, the requisite basis of the Florida courts' exercise of personal jurisdiction over a nonresident defendant, lies in meeting the imperatives of a two-pronged test: (1) The defendant must satisfy the statutory requirements of Florida's long-arm statutes, and (2) the defendant must meet the constitutional due process requirement of having minimum contacts with the State of Florida. "The strictures of the Due Process Clause forbid a state court to exercise personal jurisdiction over [a defendant] under circumstances that would offend 'traditional notions of fair play and substantial justice'" *Asahi Metal Indus. Co., v. Superior Court of Cal., Solano Cty.*, 480 U.S. 102, 113 (1987) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

"Due Process limits on the state's adjudication authority principally protect the liberty of the nonresident defendant – not the convenience of plaintiffs or third parties." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). "A state may exercise specific jurisdiction only over a defendant who

has certain `minimum contacts' with the state." *Caiazzo v. Am. Royal Arts Corp.*, 73 So. 3d 245, 251 (Fla. 4th DCA 2011) (quoting *Int'l Shoe*, 326 U.S. at 316). "The minimum contacts requirement is satisfied if the defendant purposefully directs activities at Florida and litigation arises out of those activities, or the defendant purposefully avails himself of the privilege of conducting activities within the forum state." *Renaissance Health Publ'g., LLC v. Resveratrol Partners*, LLC, 982 So. 2d 739, 741 (Fla. 4th DCA 2008) (quoting *Achievers Unlimited, Inc. v. Nutri Herb, Inc.*, 710 So. 2d 716, 719 (Fla. 4th DCA 1998)). "The defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there.'" *Burger King Corp v. Rudzewicz,* 471 U.S. 462, 474 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

In cases of specific personal jurisdiction the court must examine: (1) whether the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant "purposefully availed" himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice." *Louis Vuitton Malletier, S.A. v. Mosseri* 736 F.3d 1339, 1355 (11th Cir. 2013).

If this court were to assume that PLAINTIFFS' claims arise out of or relate to at least one of LEVINSON's contacts with the State of Florida, based on PLAINTIFFS' allegations that LEVINSON committed intentional torts against PLAINTIFFS, a Florida resident and Florida limited liability company, the exercise of personal jurisdiction over LEVINSON would still be inappropriate. As discussed below, LEVINSON has not purposefully availed himself of the privilege of conducting activities within the forum state and thus has not invoked the benefit of the State of Florida's laws. Further, the exercise of personal jurisdiction would not comport with notions of fair play and substantial justice.

i. *LEVINSON has not Purposefully Availed Himself of the Privilege of Conducting Activities in within the State of Florida and has not Invoked the Benefit of Florida's Laws.*

There are two tests to determine whether purposeful availment has occurred in the context of intentional torts, as alleged in this case: the "effects test" articulated in *Calder v. Jones*, 465 U.S. 783 (1984) and the traditional analysis.

*Calder Effects Test*

The court in Calder determined that a single tortious act by a non-resident defendant can establish purposeful availment without consideration of whether the defendant had other contacts with the forum state if the tort was "(1) intentional; (2) was aimed at the forum state; and (3) caused harm that the defendant should have anticipated would be suffered in the forum state. *Louis Vuitton*, 736 F.3d at 1356 quoting *Licciardello v. Lovelady*, 544 F.3d 1280, 1286 (11th Cir. 2008). However, in determining whether the tortious act was expressly aimed at the forum state under the Calder Effects Test, a mere injury to a forum resident is not a sufficient connection to the forum. *Walden*, 571 UC at 289-90 (explaining that "regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the Defendant has formed a contact with the forum state.").

"The plaintiff cannot be the only link between the defendant and the forum… a defendant's contacts with the forum state may be intertwined with his transactions or interactions with the Plaintiff or other parties. But, the defendant's relationship to the plaintiff, standing alone, is an insufficient basis for jurisdiction." *Id*. at 285-86. Thus, the proper question is not where the plaintiff experiences a particular effect, but rather whether the defendant's conduct connects him to the forum in a meaningful way. *Id.* at 290.

The court in *Estes v. Rodin*, addressing personal jurisdiction in relation to defamatory statements made by out of state defendants, determined that none of the defendants had purposefully availed themselves of the privilege of conducting activities within Florida. 259 So.3d 183, 194 (Fla. 3rd DCA 2018). For its reasoning, the court cited the sworn affidavit of defendant Rodin, attesting that: (1) she had "virtually no ties, connections, or ongoing obligations within . . . Florida"; (2) she did not advertise in Florida; (3) she did not own real property or a bank account in Florida; (4) she did not have contracts with any Florida entities or residents; and (5) she only had visited Florida once in the last seven years to drop off one client who resided in New York and worked with Rodin in California and New York. *Id.* at 194 . The court also cited the sworn affidavit of defendant Nicholl, attesting that (1) neither company he worked for engaged in business or solicited patients in Florida; (2) he did not "maintain, own, or operate a business" or office in Florida; (3) he did not have or solicit patients in Florida; and (4) he did not own real property or maintain a bank account in Florida. *Id.* at 194.

Finally, the court cited the sworn affidavit of defendant Brown attesting that: (1) he did not own or maintain a business or registered agent in Florida; (2) he did not have a license to conduct business in Florida; (3) he did not own real property or maintain a bank account in Florida; (4) he did not advertise in Florida; (5) he had maintained only isolated contacts with Florida residents and entities; and (6) he did not provide services to patients in Florida. *Id* at 194. The court determined that because Estes failed to contest any of these statements, the only link between the defendants and Florida is the alleged injury to Plaintiffs. Thus, Plaintiffs failed to satisfy the purposeful availment prong of the due process analysis. *Id* at 194.

LEVINSON's sworn affidavit attests identical or similar facts establishing that the only link between himself and Florida are PLAINTIFFS and the matters pertaining to PLAINTIFFS alleged injury as result of LEVINSONS actions. As previously discussed, LEVINSON does not:

own, hold or possess a license to conduct business in Florida; operate, conduct, engage in, or carry on a business venture in Florida; operate any facilities, offices, or conduct any business within Florida; own, manage, or operate any business within Florida; own, hold possess, or lease any real estate in Florida; have any contracts with business in Florida; maintain any telephone listings in Florida; maintain any bank accounts or business records in Florida; maintain or employ any business agents, sales representatives, or employees in Florida; have any principles or officers holding residency in Florida; offer products or services via websites specifically targeting potential customers in Florida; target any advertisements to Florida; perform consulting services for any individual or business in Florida; and, has limited his physical presence to three occasions in over ten years, wherein he was an unpaid speaker at a technical conference and for two court appearances on behalf of himself in an unrelated matter. *Affidavit of William Levinson* ¶ 18, 20-21, *attached hereto as* **Exhibit B**

As in *Este*, the record here fails to contain any facts establishing that LEVINSON has created any jurisdictionally relevant contacts with Florida other than his relationship with PLAINTIFFS. As such, LEVINSON has not purposefully availed himself of the State of Florida and cannot be subject to personal jurisdiction by this court.

### Traditional Analysis

Under the traditional test, courts "identify all contacts between a nonresident defendant and [Florida]" and determine "whether those contacts: (1) are related to the plaintiff's cause of action; (2) involve some act by which the defendant purposefully availed himself of the privileges of doing business within the forum; and (3) are such that the defendant should reasonably anticipate being haled into court in the forum. *Louis Vuitton*, 736 F.3d at 1357.

As in *Este*, the only identifiable contact that LEVINSON has with the State of Florida is his interactions with PLAINTIFFS. While PLAINTIFFS' causes of action may arise / are related

to LEVINSON's interactions with PLAINTIFFS, the record clearly establishes that none of LEVINSON's contacts with Florida constitute purposeful availment of the privileges of conducting business within Florida such that he should reasonably anticipate being haled into court. As discussed above, LEVINSON does not conduct any type of business or service in Florida, advertise in Florida, own any real property in Florida, maintain any bank accounts, maintain any contracts, or offer services in Florida.

PLAINTIFFS have failed to identify any contact LEVINSON has with Florida that is not related to PLAINTIFFS' causes of action as alleged in this matter. Therefore, it is evident that LEVINSON has not purposefully availed himself of the privilege of conducting activities within Florida and should not reasonably anticipate being haled into court in Florida. As such, LEVINSON lacks the minimum contacts necessary for this court to exercise personal jurisdiction over him pursuant to the traditional purposeful availment analysis as well.

    *ii.*    <u>*Traditional Notions of Fair Play and Substantial Justice*</u>

In addition to the lack of purposeful availment of the privilege of conducting activities within Florida, the exercise of personal jurisdiction by this court over LEVINSON would violate traditional notions of fair play and substantial justice. The relevant factors to consider for analyzing notion of fair play and substantial justice consist of: "(1) the burden on the defendant; (2) the forum's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; and (4) the judicial system's interest in resolving the dispute." *Louis Vuitton*, 736 F.3d at 1358.

As in *Este*, the evidence in this case establishes that exercise of personal jurisdiction over LEVINSON would violate traditional notions of fair play and substantial justice. LEVINSON is a Pennsylvania resident that confines his business practice to his geographical location. LEVINSON does not have any relevant contacts in Florida, other than those pertaining to PLAINTIFFS. And,

LEVINSON has not purposefully availed himself of the privilege of conducting activities in Florida. While Florida may have an interest in providing its residents a forum to obtain relief from intentional torts such as those PLAINTIFFS have alleged and it would be more convenient for PLAINTIFFS to litigate in Florida, the burden on LEVINSON of litigating in this state significantly outweighs these factors. As such, the balance of the factors determining notions of fair play and substantial justice also lead to the conclusion that Plaintiff does not have the minimum contacts with Florida necessary to satisfy the Due Process requirements for establishing personal jurisdiction over LEVINSON.

### C.  Conclusion

Based on the foregoing argument and the exhibits filed in support of its Motion to Dismiss for Lack of Personal Jurisdiction, LEVINSON asserts that this court does not have personal jurisdiction over his person as  PLAINTIFFS have failed to establish that LEVINSON has sufficient minimum contacts with the State of Florida to satisfy the Due Process requirements of the Constitution.

WHEREFORE, defendant, LEVINSON, moves this Honorable Court to enter an Order dismissing this case with prejudice as to William Levinson, individually, for lack of personal jurisdiction.

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 12th day of April, 2019, a true and correct copy of the foregoing has been electronically filed using the Florida Middle District CM/ECF filing portal to: **Glen H. Shrayer, Esq.,** Shrayer Law Firm, LLC, *Counsel for Plaintiffs,* ghs@shrayerlaw.com.


BAUMANN, GANT & KEELEY, P.A.
Attorneys for Defendant,

*William Levinson*
1000 N. Ashley Drive, Suite 270
Tampa, FL  33602
(813) 252-5353 phone
(813) 252-6097 fax

BY:    /s/ *Amara B. Rodriguez*
          MATTHEW D. MILLER
          FLA BAR NO.: 177547
          AMARA B. RODRIGUEZ
          FLA BAR NO.: 1011232