# EXHIBIT 3

To: Christopher Mark Paris and Oxebridge
Quality Resources International LLC
1503 South US Highway 301
Suite 36
Tampa FL 33619 USA
7016 0910 0001 7690 6746

via Attorney John Zielinski, NeJame Law, P.A.
as Defedants' attorney of record via E-mail
john@nejamelaw.com

From: William A. Levinson and Levinson
Productivity Systems PC
6 Lexington Court  Wilkes Barre PA 18702
570-824-1986

cc: Attorney Mark Tischhauser
6301 Memorial Highway  Suite 203
Tampa, Florida 33615 by fax

November 13 2017

**Subject: Pre-Suit Notice for update to "About Christopher Paris"**

We saw your recent update to https://www.oxebridge.com/emma/about-christopher-paris/

> "In 2017, ASQ Section 209 Chair William Levinson engaged in a months-long defamation campaign against Oxebridge and Paris, claiming the company was bankrupt and that it was engaged in "illegal file sharing" and promoting illegal tax deductions. ...

You initiated a totally unprovoked defamation campaign against me in January, and perpetuated it through mid-October with no end in sight. Most of your readers know the chronology so you have yet again proven your dishonesty to your Web site visitors, but your false accusations of not only defamation (lying about others—your character defect and not mine) but also being the initial aggressor (!) are nonetheless defamatory so you are on notice for this in accordance with FL Statute 770.01.

This is what your bankruptcy filing, a public record, says about Oxebridge:

19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture
☐ No
■ Yes. Give specific information about them..................

Official Form 106A/B            Schedule A/B: Property                                           page 3
Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Current value of the portion you own

Case 8:16-bk-03463-KRM   Doc 1   Filed 04/24/16   Page 13 of 46

Debtor 1   Christopher Mark Paris                              Case number (if known) _____
           Name of entity:                                     % of ownership:
           Oxebridge Quality Resources International, LLC      100%  %               $0.00

Page 1 of 7

With regard to illegal file sharing, also known as copyright piracy,
1. A posting on a quality discussion group (see image below) provided a link to your Web site where people could download ISO's copyrighted intellectual property without paying for it.
2. A screenshot you hosted on your Web site proves that you saw the copyrighted status of the intellectual property you gave away on your company Web site (page 3).
3. Unless Carter, Ledyard & Milburn LLC lied under penalty of perjury, you chose willfully to disregard this copyright statement, and not once but twice, to engage in illegal file sharing (page 3).
4. Carter, Ledyard & Milburn LLC's 2013 annual report said they stopped copyright and trademark infringement at Oxebridge.com (page 4).



The fact that you uploaded https://www.oxebridge.com/emma/wp-content/uploads/2013/07/1-660x300.png shows that you read the copyright notice you then violated intentionally:



You were not a participant in the ISO 9001:2015 development process, nor were the people who downloaded the copyrighted committee draft from your Web site. You didn't bother to request permission, obtain a licensing agreement, or pay royalties because Carter, Ledyard & Milburn LLC sent you the following, sworn under penalty of perjury:

> We were seriously concerned to learn of your intentional and willful infringement of our clients' intellectual property on your website http://www.oxebridge.com/ ("Website"). You are clearly well aware of our client's rights in the ISO Copyrights and ISO Marks as you were instructed on May 10, 2013 by Holger Gehring of ISO to take-down the following material from your Website, which you promptly did: http://www.oxebridge.com/downloads/ISO90012015CD.pdf ("Infringing Material"). However, to our client's surprise, after notice of your infringing activities, you have now re-posted our client's standards and continue to use ISO Marks throughout your website without permission. This letter shall serve as notice that you and your Website have been infringing our clients' copyrights and trademarks.

In addition, from Carter, Ledyard & Milburn LLC's 2013 annual report; "…we successfully stopped trademark and copyright infringement at oxebridge.com." They later removed this statement, possibly because ISO asked them to not draw further attention to Oxebridge.com, but you cannot blame me for relying on this credible statement along with the even stronger corroborating evidence shown above.

Page 3 of 7

> **Trademark, Certification Mark, Domain Name, and Copyright**
>
> For the Estate of Syd Solomon, we successfully required the take-down of unauthorized online postings of copyrighted works by a number of art galleries and auction houses. We assisted client Citadel Capital SAE in amicably resolving its dispute with Citadel LLC. On behalf of the International Organization for Standardization (ISO), we successfully stopped trademark and copyright infringement at oxebridge.com.



You also encouraged Brain Dump attendees to write off unrelated family travel and weekend lodging expenses as business costs:

> **LOCATION:** Hilton Cocoa Beach Oceanfront, Cocoa Beach FL. Literally a few seconds' walk to the gorgeous Atlantic Ocean, and just an hour away from Walt Disney World. Bring the family and write the entire weekend off as a business trip. Smack dab in on the Space Coast, visit the Kennedy Visitor Center and Cape Canaveral.

The bottom line is that I said nothing about you that is not true (as courts of law define truth, in contrast to the half-truths you tell) so you are on notice pursuant to FL Statute 770.01 for your statement that I defamed (lied about) you.

**You published:**

> Levinson circulated dozens of emails to between 30-40 Oxebridge clients...

If you publish defamatory material about me, I have the right to tell my side of the story—a side that must by necessity expose you as a liar—to everybody to whom you have told your side of

the story. When you make it your business as to whether I speak at a conference, write for a trade journal, or work with Compliance4All, your relationship with any O-Fans who might act to support that agenda becomes my business.

1. I asked your references—not ordered or threatened them the way you threatened AQI, ASQ, QD's advertisers, Elsmar's advertisers, Manhattanville College, and various ISO certification bodies—to ask you to desist from your attacks on me and preferably others as a condition of remaining your references.
2. You incited your O-Fans to propagate your defamatory communications about me to AQI and ASQ, so I needed you to have fewer O-Fans. This was achieved largely by making them aware of your dishonesty but, in one case (a participant in one of your LinkedIn discussions about me), I showed him/her what you said about him/her on your Web site.

These defensive countermeasures were taken only after you wrecked my speaking engagement, announced openly your intention to cause me more damage, and did your best to cause the damage in question. The bottom line is however that you have falsely and publicly accused me of contacting your clients for no reason whatsoever, again as if I was somehow the perpetrator and initial aggressor, for which you are now on notice in accordance with FL Statute 770.01.

**You published:**

> …He then attempted to create two entire anonymous websites dedicated to defaming Oxebridge, although accidentally registered them under his name. Before Oxebridge could launch its Federal defamation suit against him, Levinson filed a defamation suit in the State of Florida.

I am not going to confirm or deny outside of legal discovery whether I had control of Oxebridge.biz, Osteinfo.com, or any similar Web site. Suppose for the sake of argument, though, that I controlled them all. Why do you think you have the right to use the Internet to harm others, but others don't have the right to use the Internet to defend themselves against you?[1] I saw nothing on any of these sites that defamed you, although Osteinfo.com hosted material that defamed me because it came from your LinkedIn account. You are on notice pursuant to FL Statute 770.01 regarding the above accusation that I defamed (lied about) you.

**You published:**

---

[1] You also think you have the right to complain when, after Daryl Guberman catches you threatening his client on the phone, he posts a recording (made in CT, not FL) for all your O-Fans and prospective clients to hear. Had you not threatened his client, that recording would not be online.

Page **5** of 7

Levinson claim that Paris' position that <u>Levinson's political articles — some of which appeared on the KKK website The Daily Stormer — were racist was somehow defamatory</u>, and that Paris' review of Levinson's book on risk-based thinking was "malicious."

I did an extensive Google search for my name on both of these Web sites, and did not find myself mentioned on The Daily Stormer. Stormfront re-published, without permission, my American Thinker article that condemned the 2008 Obama campaign's Web site for welcoming "hate speech <u>even worse than what one might find at the Stormfront White Nationalist Community</u>" (including depiction of African-American Hillary Clinton supporters as "house n*****s" and the anti-Semitic dog whistle "Israel lobby"—that last one from a moderator). I not only did not express racist views, I condemned unequivocally the racist and anti-Semitic views expressed by Obama campaign supporters and Stormfront. Your statement that the racist material was mine is therefore libelous, and you are on notice pursuant to FL Statute 770.01.[2]

You not only wrote a malicious review of my book with reckless disregard for its actual contact, you threw in material unrelated to the book including allegations that I was under police investigation. That material is in your own court filing.

**You published**:

> The case is still working its way through the Florida court, and Oxebridge has not yet filed its Federal case against Levinson. Both ASQ and Quality Digest have thrown their tacit support behind Levinson.

Truth is an absolute defense against any kind of defamation complaint. To recap:

1. Your bankruptcy filing, including the statement that Oxebridge had zero value, is a <u>public record</u> for which you cannot sue for defamation.
2. It is a <u>fact</u> that you engaged in illegal file sharing, aka copyright piracy.
3. It is a <u>fact</u> that you encouraged Brain Dump attendees to write off unrelated family and weekend lodging expenses as business expenses.

<u>In addition, almost all the harm to your reputation is self-inflicted</u> noting that you propagated all these allegations to a far wider, and targeted (i.e. your Web site visitors), audience than I or any of your other victims have ever done. You and not I keep reminding your audience that you filed

---

[2] A Google search on Stormfront and the Daily Stormer shows however that Mark Spittle's "queer" and "faggot" are very popular on both sites, so it appears that your views rather than mine align with those of Nazis and Klansmen. You therefore accuse me falsely yet again (<u>projection</u>) of what you do yourself.

Page **6** of 7

bankruptcy, stole ISO's copyrighted intellectual property, and promoted illegal tax deductions. Your "Elsmar hacked my Web site and helps murder police officers" tirade destroyed your reputation on LinkedIn noting that, while it got about 7500 views, nothing you've published since has more than 200.

To recap, I did everything possible to de-escalate this situation and seek a mediated settlement with which we both could live. You repaid my restraint by attacking me on LinkedIn and your Web site while tweeting repeatedly to ASQ, QD, and UCI about me. I have accordingly sent my attorney everything he needs to answer your protective order and anti-SLAPP motions, along with material for more than a dozen additional claims, and I have made arrangements to participate in the scheduled December 7 hearing by teleconference if necessary.

William A. Levinson, and Levinson Productivity Systems PC by

*William A. Levinson*