UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER MARK PARIS, and,
OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC

    Plaintiffs,

vs.

Case No. 8:19-cv-00423

WILLIAM LEVINSON,
LEVINSON PRODUCTIVITY
SYSTEM, PC, a Pennsylvania
Corporation, MARC TIMOTHY
SMITH, individually, and d/b/a
CAYMAN BUSINESS SYSTEMS,
GUBERMAN PMC, a Connecticut
Corporation, DARYL GUBERMAN,
an individual, DONAL LABELLE, an
individual

    Defendants.

---

### DEFENDANT, LEVINSON PRODUCTIVITY SYSTEMS, PC, MOTION REQUESTING LEAVE TO FILE A REPLY AND MEMORANDUM IN OPPOSITION TO THE TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

COMES NOW, Defendant, LEVINSON PRODUCTIVITY SYSTEMS, PC, (hereinafter LPS) a Pennsylvania business entity, by and through its undersigned counsel, and pursuant to Rule 3.01(c) and (d), *Local Rules, USDC - Middle District of Florida,* respectfully requests leave to file a Reply to Plaintiff's Response to Levinson's Motion to Dismiss for Lack of Personal Jurisdiction, and in support thereof states as follows:

1. On February 18, 2019, Plaintiffs, Christopher Mark Paris and Oxebridge Quality Resources International, LLC ("Plaintiffs") filed a Complaint raising causes of action against Levinson and his company, Levinson Productivity Systems, a foreign corporation.

2. On April 12, 2019, and April 18, 2019, Levinson and LPS, respectively, filed separate Motions to Dismiss for Lack of Personal Jurisdiction supported by a properly executed Affidavit attesting as to Levinson's and LPS' lack of minimum contacts with the State of Florida.

3. After the filing of Levinson's and LPS' respective Motions to Dismiss, on or around April 25, 2019, Plaintiffs attempted to make a purchase from LPS' website. Plaintiffs' order was immediately rejected and fully refunded.

4. On May 10, 2019, Plaintiffs filed the Response and Memorandum in Opposition to the Motions to Dismiss filed by Levinson and LPS jointly, wherein Plaintiffs allege that LPS is merely an alter ego of Levinson and treated the person and the entity interchangeably despite having named the person and the entity separately in this action. By treating Levinson and LPS interchangeably in their Response, Plaintiffs have muddled and co-mingled the allegations which purport to establish personal jurisdiction over either Levinson or LPS, when they are demonstrably two separate legal entities with separate activities, conduct and agenda.

5. In the Response, Plaintiffs contend that Levinson/LPS sell products in Florida and shipped products to Plaintiffs' office in Tampa. Plaintiffs specifically relied upon, and in fact highlighted, the attempted transactions in an effort to argue a basis for jurisdiction over both Levinson and LPS, inviting this Honorable Court to inaccurately conclude that the order was fulfilled, without disclosing to this Court that the order was in fact rejected, and delivery of products or services was not made by either Levinson or LPS to Florida.

6. Plaintiffs omit that neither of them had ever attempted to engage in business with, nor purchase products from, Levinson or LPS at any point in the past, and that this recent

conduct followed on the heels of a similar effort by another Florida business entity, believed to be associated with the Plaintiffs, which was equally declined by Levinson and LPS.

7. As Plaintiffs' effort to manufacture contact with the State of Florida did not occur until after the Motion to Dismiss for Lack of Personal Jurisdiction was filed, LPS is left in a position where it had no reasonable basis to anticipate such conduct by the Plaintiff, while effectively being impeded from means to address same before this Honorable Court.

8. LPS has never conducted material business in Florida, nor does it have contacts with the State of Florida that would satisfy the constitutional requirement for personal jurisdiction in relation to the allegations brought by Plaintiffs before this Honorable Court.

9. LPS should be granted leave to file a Reply, ten (10) pages or less, to Plaintiffs' Response in order to address Plaintiffs' inaccurate and misleading allegations to this Court and ensure that the record is a complete and accurate reflection of all the facts in this case.

WHEREFORE, Defendant, LEVINSON PRODUCTIVITY SYSTEMS, P.C., hereby requests this honorable Court enter an Order granting LPS leave to file a reply to Plaintiffs' Response to Levinson's Motion to Dismiss for Lack of Personal Jurisdiction, and any other relief this court deems just and proper.

> Mark Tischhauser, Esq,
> For the Tischhauser Law Group
> Attorneys for Defendant,
> *Levinson Productivity Systems, P.C*
> 6301 Memorial Hwy
> Suite 203
> Tampa, FL  33615
> (813) 243-9233 phone
> (813) 24-9234 fax
> E-mail: Service@tischhauserlaw.com
>
> BY:  /s/ *Mark Tischhauser*
> Mark Tischhauser, Esq.
> FLA BAR NO.: 870676

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 23th day of May 2019, a true and correct copy of the foregoing was served via electronic mail pursuant to Florida Rule of Judicial Administration 2.516 using Florida Court's E-Filing Portal, or by U.S. Mail for those parties not subject to e-mail or electronic service to: **Glen H. Shrayer, Esq.**, Shrayer Law Firm, LLC, *Counsel for Plaintiffs*, ghs@shrayerlaw.com; and **Matthew D. Miller, Esq.** at mmiller@baumanlegal.com **and Amara B. Rodriguez, Esq.** Bauman, Gant, Keeley, P.A.; **Daryl Guberman**, 1538 West Broad Street, Stratford, CT 06615, and **Donald LaBelle**, 44 Howarth Road, Oxford, MA 01540.

> Mark Tischhauser, Esq,
> For the Tischhauser Law Group
> Attorneys for Defendant,
> *Levinson Productivity Systems, P.C*
> 6301 Memorial Hwy
> Suite 203
> Tampa, FL 33615
> (813) 243-9233 phone
> (813) 24-9234 fax
> E-mail: Service@tischhauserlaw.com
>
> BY: /s/ *Mark Tischhauser*
> Mark Tischhauser, Esq.
> FLA BAR NO.: 870676