UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER MARK PARIS, and,
OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC

    Plaintiffs,

vs.

Case No. 8:19-cv-00423

WILLIAM LEVINSON,
LEVINSON PRODUCTIVITY
SYSTEM, PC, a Pennsylvania
Corporation, MARC TIMOTHY
SMITH, individually, and d/b/a
CAYMAN BUSINESS SYSTEMS,
GUBERMAN PMC, a Connecticut
Corporation, DARYL GUBERMAN,
an individual, DONAL LABELLE, an
individual

    Defendants.
_____

**DEFENDANT, WILLIAM LEVINSON'S, MOTION REQUESTING LEAVE TO FILE A REPLY AND MEMORANDUM IN OPPOSITION TO THE TO PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

COMES NOW, Defendant, WILLIAM LEVINSON, a Pennsylvania Resident, ("Levinson") by and through his undersigned counsel, and pursuant to Rule 3.01(c) and (d), *Local Rules, USDC - Middle District of Florida,* respectfully requests leave to file a Reply to Plaintiff's Response to Levinson's Motion to Dismiss for Lack of Personal Jurisdiction, and in support thereof states as follows:

1. On February 18, 2019, Plaintiffs, Christopher Mark Paris and Oxebridge Quality Resources International, LLC ("Plaintiffs") filed a Complaint raising causes of action against Levinson and his company, Levinson Productivity Systems, a foreign corporation, (hereinafter "LPS").

2. On April 12, 2019, and April 18, 2019, Levinson and LPS, respectively, filed Motions to Dismiss for Lack of Personal Jurisdiction supported by a properly executed Affidavit attesting as to Levinson's lack of minimum contacts with the State of Florida.

3. After the filing of Levinson's and LPS' respective Motions to Dismiss, on or around April 25, 2019, Plaintiffs attempted to make a purchase from LPS' website. Plaintiffs' order was immediately rejected and fully refunded.

4. On May 10, 2019, Plaintiffs filed the Response and Memorandum in Opposition to the Motions to Dismiss filed by Levinson and LPS jointly, wherein Plaintiffs allege that LPS is merely an alter ego of Levinson and treated the person and the entity interchangeably despite having named the person and the entity separately in this action.

5. In the Response, Plaintiffs contend that Levinson/LPS sell products in Florida and shipped products to Plaintiffs' office in Tampa. Plaintiffs specifically relied upon, and in fact highlighted, the attempted transactions in an effort to argue a basis for jurisdiction over both Levinson and LPS, inviting this Honorable Court to inaccurately conclude that the order was fulfilled, without disclosing to this Court that the order was in fact rejected, and delivery of products or services was not made by either Levinson or LPS to Florida.

6. Plaintiffs omit that neither of them had ever attempted to engage in business with, nor purchase products from, Levinson or LPS at any point in the past, and that this recent conduct followed on the heels of a similar effort by another Florida business entity, believed to be associated with the Plaintiffs, which was equally declined by Levinson and LPS.

7. As Plaintiffs' effort to manufacture contact with the State of Florida did not occur until after the Motion to Dismiss for Lack of Personal Jurisdiction was filed, Levinson is left in a position where he had no reasonable basis to anticipate such conduct by the Plaintiff, while effectively being impeded from means to address same before this Honorable Court.

8. Levinson has never conducted material business in Florida, nor does he have contacts with the State of Florida that would satisfy the constitutional requirement for personal jurisdiction in relation to the allegations brought by Plaintiffs before this Honorable Court.

9. Further, by treating Levinson and LPS interchangeably in their Response, Plaintiffs have muddled and co-mingled the allegations which purport to establish personal jurisdiction over either Levinson or LPS, when they are demonstrably two separate legal entities with separate activities, conduct and agenda.

10. Levinson should be granted leave to file a Reply, ten (10) pages or less, to Plaintiffs' Response in order to address Plaintiffs' inaccurate and misleading allegations to this Court and ensure that the record is a complete and accurate reflection of all the facts in this case.

WHEREFORE, Defendant, WILLIAM LEVINSON, hereby requests this honorable Court enter an Order granting Levinson leave to file a Reply to Plaintiffs' Response to Levinson's Motion to Dismiss for Lack of Personal Jurisdiction, and any other relief this court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed using the Florida Middle District CM/ECF filing portal to Glen H. Shrayer, Esq., Shrayer Law Firm, LLC, ghs@shrayerlaw.com; Mark Tischhauser, Esq., Tischhauser Law Group, service@tischhauserlaw.com; Daryl Guberman, 1538 West Broad St., Stratford, CT 06615, and Donal Labelle, 44 Howarth Road, Oxford, MA 01540, on this 23rd day of May, 2019.

> BAUMANN, GANT & KEELEY, P.A.
> Attorneys for Defendant,
> *William Levinson*
> 1000 N. Ashley Drive, Suite 270
> Tampa, FL  33602
> (813) 252-5353 phone
> (813) 252-6097 fax
>
> BY:   /s/ *Amara B. Rodriguez*
>       MATTHEW D. MILLER
>       FLA BAR NO.: 177547
>       AMARA B. RODRIGUEZ
>       FLA BAR NO.: 1011232