**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

CHRISTOPHER MARK PARIS, and,
OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC

    Plaintiffs,                                              Case No. 8:19-cv-00423

vs.

WILLIAM LEVINSON,
LEVINSON PRODUCTIVITY
SYSTEM, PC, a Pennsylvania
Corporation, MARC TIMOTHY
SMITH, individually, and d/b/a
CAYMAN BUSINESS SYSTEMS,
GUBERMAN PMC, a Connecticut
Corporation, DARYL GUBERMAN,
an individual, DONAL LABELLE, an
individual

    Defendants.

_____

**DEFENDANT, WILLIAM LEVINSON'S, REPLY TO PLAINTIFFS' RESPONSE AND MEMORANDUM IN OPPOSITION TO THE MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

COMES NOW, Defendant, WILLIAM LEVINSON, a Pennsylvania resident (hereinafter "LEVINSON") by and through his undersigned counsel, and pursuant to pursuant to Rule 3.01(c) and (d), *Local Rules, USDC - Middle District of Florida*, and this court's Order granting leave to file, hereby files his Reply to Plaintiffs, Christopher Mark Paris and Oxebridge Quality Resources International, LLC ("PLAINTIFFS"), Response and Memorandum of law in Opposition to the Motion to Dismiss for Lack of Personal Jurisdiction, and in support thereof states as follows:

**STATEMENT OF FACTS**

On February 18, 2019, PLAINTIFFS filed a Complaint raising several causes of action against LEVINSON and his company, Levinson Productivity Systems ("LPS"), a foreign corporation.

1. On April 12, 2019 and April 18, 2019, LEVINSON and LPS, respectively, filed Motions to Dismiss for Lack of Personal Jurisdiction supported by a properly executed Affidavit attesting as to LEVINSON's lack of minimum contacts with the State of Florida.

2. After the filing of Levinson's and LPS' respective Motions to Dismiss, on or around April 25, 2019, PLAINTIFFS attempted to make a purchase from LPS' website. PLAINTIFFS' order was immediately rejected and fully refunded by LEVINSON. *See copy of Paypal Transaction Details for April 25, 2019, attached hereto as* **Composite Exhibit A, Levinson's Affidavit in Support of Reply.**

3. On May 10, 2019, PLAINTIFFS filed the Response and Memorandum in Opposition to the Motions to Dismiss filed by LEVINSON and LPS jointly, wherein PLAINTIFFS allege that LPS is merely an alter ego of LEVINSON and treated the person and the entity interchangeably despite having named the person and the entity separately in this action.

4. PLAINTIFFS contend that LEVINSON/LPS sell products in Florida and shipped products to PLAINTIFFS' office in Tampa. PLAINTIFFS specifically relied upon, and in fact highlighted, the attempted transactions in an effort to argue a basis for jurisdiction over both LEVINSON and LPS, inviting this Honorable Court to inaccurately conclude that the order was fulfilled, without disclosing to this Court that the order was in fact rejected, and delivery of products or services was not made by either LEVINSON or LPS to Florida.

## MEMORANDUM IN REPLY

PLAINTIFFS' contention that LEVINSON sells products to Florida is a false and misleading allegation that PLAINTIFFS are attempting to impose upon LEVINSON by forcibly manufacturing contacts with the State of Florida. By way of context, on April 25, 2019, after LEVINSON filed his Motion to Dismiss for Lack of Personal Jurisdiction, and after what appears to be a failed attempt by a business affiliate of the PLAINTIFFS to dupe LEVINSON into a feigned

transaction with the Florida business, PLAINTIFFS attempted to make a purchase from LPS' website. In their Response, PLAINTIFFS cite this single transaction as the basis to support the contention that LEVINSON sells products in Florida, has minimum contacts with the state and has purposefully availed himself of the State of Florida.

First and foremost, to establish specific jurisdiction pursuant to minimum contacts there must be a showing of a causal connection between the defendant's activities in Florida and plaintiff's cause of action, known as "connexity". *Wendt v. Horowitz*, 822 So.2d 1252, 1260 (Fla 2002). Specifically, Plaintiff's cause of action must arise from or be related to the defendant's contacts with the state. In the present case, PLAINTIFFS alleged evidence of LEVINSON's sale into the State of Florida occurred after PLAINTIFFS filed their Complaint and after LEVINSON filed his Motion to Dismiss. As such, this alleged contact could not have given rise to PLAINTIFFS' causes of action. Further, PLAINTIFFS' causes of action pertain to allegations of defamation, tortious interference, and cybersquatting, they are not related to the sale or purchase of products or services between the parties. In fact, PLAINTIFFS had never attempted to engage in business with, nor purchase products from LEVINSON or LPS before April 25, 2019. As such, this alleged contact is not related to PLAINTIFFS' causes of action.

More importantly, PLAINTIFFS conveniently failed to disclose to this Court that PLAINTIFFS attempted purchase was rejected, immediately refunded, and no delivery was ever made by LEVINSON to the State of Florida. *See copy of Paypal Transaction Details for April 25, 2019, attached hereto as* **Composite Exhibit A, Levinson's Affidavit in Support of Reply.** PLAINTIFFS then have the audacity to accuse LEVINSON of lacking candor and respect for the judicial process while in desperation they set about a scheme to manufacture circumstances to cloud the clear facts in this case, presumably with the hope that this Honorable Court will overlook such conduct and be deceived into finding personal jurisdiction where non legitimately exists. As

contained in LEVINSON's Affidavit, LEVINSON has not, and does not, offer products or services via websites targeting potential customers in Florida, does not target advertisements in Florida, and does not perform consulting services or sell products in Florida.

Contrary to PLAINTIFFS contentions that the statements contained in LEVINSON's Affidavit are conclusory, LEVINSON has filed a legally sufficient Affidavit that fully disputes the jurisdictional allegations contained in the Complaint with clear statements of fact based on personal knowledge. Further, PLAINTIFFS have not, cannot and will not be able to produce evidence of LEVINSON ever selling products or services in the State of Florida before PLAINTIFFS filed their Complaint.

It is evident from the facts of this case that PLAINTIFFS' allegations in opposition to LEVINSON's legitimate jurisdictional argument is poorly supported, thus reducing PLAINTIFFS to a position where they must attempt to manufacture LEVINSON's contacts with the State of Florida where none legitimately existed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed using the Florida Middle District CM/ECF filing portal to Glen H. Shrayer, Esq., Shrayer Law Firm, LLC, ghs@shrayerlaw.com; Mark Tischhauser, Esq., Tischhauser Law Group, service@tischhauserlaw.com; Daryl Guberman, 1538 West Broad St., Stratford, CT 06615, and Donald Labelle, 44 Howarth Road, Oxford, MA 01540, on this 24th day of May, 2019.

BAUMANN, GANT & KEELEY, P.A.
Attorneys for Defendant, *William Levinson*
1000 N. Ashley Drive, Suite 270
Tampa, FL  33602
(813) 252-5353 phone
(813) 252-6097 fax

BY:    /s/ *Amara B. Rodriguez*
MATTHEW D. MILLER
FLA BAR NO.: 177547
AMARA B. RODRIGUEZ
FLA BAR NO.: 1011232