## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## (TAMPA DIVISION)

FILED
2019 JUN 20 AM 11:12
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

CHRISTOPHER MARK PARIS, and
OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC

Plaintiffs,

Case No. 8:19-cv-00423

vs.

WILLIAM LEVINSON,
LEVINSON PRODUCTIVITY
SYSTEM, PC, a Pennsylvania
Corporation

_____/

## THE DEFENDANT'S ANSWER
## TO ENDORSED ORDER

STATE OF FLORIDA              /

COUNTY OF HILLSBOROUGH   /

I, DARYL GUBERMAN, as the sole owner and operator of Guberman-PMC, LLC hereby state the following reasons for not obtaining legal counsel to date:

1. Guberman-PMC, LLC was improperly served with two different "Summons" for the same case delivered to me by the Petitioner. The first "Summons" was improperly served because it lacked a complaint and Clerk signature and/or Seal. It also lacked an attorney's signature. Therefore, in order for me to obtain legal counsel, I reserve my due process rights for Guberman-PMC to be properly served before obtaining legal counsel.

2. The second "Summons" from the Petitioner also lacked a signature from an attorney and included a complaint consisting of over five-hundred (500) pages of unnecessary files, confusing charts, exhibits and other data unrelated to Guberman-PMC. Such a lengthy complaint is against the rules for a short plain statement of the claim. Further, before, obtaining legal counsel, Guberman-PMC needs to know which of the two Summons is the real one. The first? Or second?

3. The allegations in the complaint are directed toward multiple defendants consisting of several individuals and companies unknown to me. The complaint is confusing, unclear, and unnecessarily difficult to discover which of the allegations are relevant to Guberman-PMC because of the multiple defendants integrated into the complaint. Therefore, it's difficult to obtain legal counsel without knowing all of the allegations directed specifically toward Guberman-PMC, LLC and separate of the other parties.

4. Since Daryl Guberman, the Individual, and Guberman-PMC, LLC, the company are both named in the lawsuit. The allegations from the Plaintiff need to be specific for both entities, and separate from one another. I'm unable to obtain legal counsel for Guberman-PMC until I understand the specific allegations in the complaint made against Guberman-PMC, LLC, and independent of Daryl Guberman.

5. Another individual by the name of Donald LaBelle is also named as a defendant in the lawsuit and incorrectly indicated in the Complaint to be a "business partner" and/or co-owner of Guberman-PMC, LLC. Since LaBelle has no ownership, no managerial or decision-making authority with Guberman-PMC, LLC, the complaint cannot "lump" the allegations together since LaBelle and Guberman-PMC are separate entities. I'm not able to obtain counsel for Guberman-PMC until I have a full understanding of the separate allegations between LaBelle and Guberman-PMC.

6. The Complaint falsely alleges Guberman-PMC has a business "partnership" or shared interests with other entities known as "IndustrialPR" and "Manufacturing Partners." Guberman-PMC, LLC has no involvement with either IndustrialPR or Manufacturing Partners. Therefore, before I'm able to obtain legal counsel the Complaint must separate the allegations made toward IndustrialPR, Manufacturing Partners and Guberman-PMC, LLC since they are all individual entities.

7. As the sole-owner and operator of Guberman-PMC, LLC, I ask the courts to represent Guberman-PMC, LLC as pro se while waiting the court's decision on my Motion to Dismiss for Lack of Personal Jurisdiction.

8. If my request is denied to represent Guberman-PMC, LLC as pro se during preliminary proceedings, I ask the courts for 21 days to obtain legal counsel for Guberman-PMC, LLC when the matter of personal jurisdiction is satisfied, and after the LLC is properly served by the Plaintiff with a short plain statement of the claim with allegations separate from the numerous individuals and entities named as defendants in which I have no partnership agreement (written or verbal), no

financial interests, no percentage of ownership, and no personal involvement in a managerial, employment or decision-making capacity, directly or indirectly.

9. If my answer(s) and request(s) herein is denied, and the courts consider a default, I respectfully ask the courts for Guberman-PMC, LLC to have an "opportunity to be heard" as per the Rules of Civil Procedure. It is a basic tenet of jurisprudence that the law abhors a default when I have in good faith made effort to respond to this order on record.

WHEREFORE, Guberman-PMC, LLC prays that the Court accepts this response and orders the Plaintiff to answer the Affidavit on record (Dkt. 47) challenging personal jurisdiction. The affidavit was filed by the Defendant with the courts on May 28, 2019 and delivered the same day by certified mail to the Plaintiff's counsel for a response. Since the Plaintiff has failed to respond in a timely manner, the Defendant moves the court to compel the Plaintiff to respond to the affidavit to assist the court in resolving the matter of personal jurisdiction.

Dated at Stratford, Connecticut this 19th day of June, 2019.

_____
Daryl Guberman
Guberman-PMC, LLC

Notary:

Name: Steven Buczek

Signature: Ste Bu

Date: June 19th 2019

Notary seal or signature

STEVEN BUCZEK
Notary Public
Connecticut
My Commission Expires Dec 31, 2023