UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER MARK PARIS, and,
OXEBRIDGE QUALITY RESOURCES     Case No. 8:19-cv-00423-WFJ-SPF
INTERNATIONAL, LLC

    Plaintiffs,

          v.

WILLIAM LEVINSON,
LEVINSON PRODUCTIVITY
SYSTEM, PC, a Pennsylvania
Corporation, MARC TIMOTHY
SMITH, individually, and d/b/a
CAYMAN BUSINESS SYSTEMS
GUBERMAN PMC, a Connecticut
Corporation, DARYL GUBERMAN,
an individual, DONALD LABELLE, an
individual

    Defendants.
_____/

**CASE MANAGEMENT REPORT**

1. <u>Meeting of Parties</u>: Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on **Wednesday, July 3, 2019** at **12:30pm** by **telephone** and was attended by:

| | |
|---|---|
| **Glen Shrayer** | **Counsel for Plaintiffs** |
| **Amara Rodriguez** | **Counsel for W. Levinson** |
| **Mark Tischhauser** | **Counsel for LPS, PC** |
| **Daryl Guberman** | **Unrepresented party** |
| **Guberman, PMC** | **Unrepresented at this time** |
| **Donald Labelle** | **Unrepresented party** |

2. <u>Initial Disclosures</u>:

Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)€, or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all

documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).

The parties

__X__   have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before **thirty (30) days from the date of the Court's Order on the pending Motions to Dismiss for Lack of Personal Jurisdiction.**

**Defendant, Donald LaBelle, does not agree to exchange information. Please see below.**

_____   Stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:

__X__   have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D). **Donald LaBelle** objects to disclosure of such information for the specific reason(s) that: **I do not understand the requirement.**

3.   Discovery Plan – Plaintiff:  The parties jointly propose the following Plaintiff's discovery plan:

a   Plaintiff's Planned Discovery: A description of every discovery effort Plaintiff plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1)   Requests for Admission:

**Subject Matter:** source and authors of various websites posting statements; who is records; domain records; registrar information; financials of defendant corporations

**Time**: to be pursued within 120 days of the court entering an Order on the pending Motions to Dismiss for Lack of Personal Jurisdiction

(2)   Written Interrogatories:

**Subject Matter:** source and authors of various websites posting statements; who is records; domain records; registrar information; financials of defendant

        corporations

        **Time**: to be pursued within 120 days of the court entering an Order on the pending Motions to Dismiss for Lack of Personal Jurisdiction

(3)    Requests for Production or Inspection:

        **Subject Matter:** source and authors of various websites posting statements; who is records; domain records; registrar information; financials of defendant corporations**;** correspondence between Defendants; corporation records

        **Time**: to be pursued within 120 days of the court entering an Order on the pending Motions to Dismiss for Lack of Personal Jurisdiction

(4)    Oral Depositions:

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals: **None at this time.**

| Name | Proposed Length of Deposition | Grounds |
| --- | --- | --- |
| **William Levinson** | 3 Days | **Nature of defamation; quantity of documents and information anticipated to be received in discovery.** |
| **Daryl Guberman** | 2 Days | **Nature of defamation; quantity of documents and information anticipated to be received in discovery.** |
| **Donald LaBelle** | 2 Days | **Nature of defamation; quantity of documents and information anticipated to be received in discovery.** |

b.    Disclosure of Expert Testimony: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**February 18, 2020**

c. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26€ will be provided at the following times:

**Within 30 days of discovery of material information.**

d. <u>Completion of Discovery</u>: Plaintiff will commence all discovery in time for it to be completed on or before:

**April 18, 2020**

4. <u>Discovery Plan – Defendant</u>: The parties jointly propose the following Defendant's discovery plan:

   a. <u>Defendant's Planned Discovery</u>: A description of every discovery effort Defendant plans to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

   (1) <u>Requests for Admission:</u>
   **William Levinson / LPS :**
   **Subject Matter**: Plaintiff's publications; Plaintiff's website; Plaintiff's relationship / employment with SpaceX; Plaintiff's relationship / employment with Pulse Medical; Plaintiff's offered services; any other material reasonably related to lead to the discovery of relevant evidence. Discovery relevant to any new facts of issues that arise from Plaintiff's responses to discovery.

   **Daryl Guberman / Guberman PMC**
   Plaintiff's allegations pertaining to ownership of Guberman, PMC; Plaintiff's allegations of relationships with different Florida corporations and entities;

   **Donald Labelle**

   **Time**: to be pursued within 120 days of the court entering an Order on the pending Motions to Dismiss for Lack of Personal Jurisdiction

   (2) <u>Written Interrogatories:</u>

   **William Levinson / LPS:**
   **Subject Matter**: Plaintiff's employment history; Plaintiff's known names and aliases; Plaintiff's criminal history; certifications and credentials; clients and speaking engagements; contracts for business; FBI communications pertaining to safety; any other material reasonably related to lead to the discovery of relevant evidence. Discovery relevant to any new facts of issues that arise from Plaintiff's responses to discovery.

**Daryl Guberman / Guberman, PMC**
Plaintiff's allegations pertaining to ownership of Guberman, PMC; Plaintiff's allegations of relationships with different Florida corporations and entities

**Donald Labelle:**
Basis for Plaintiff's allegations of defamation; Plaintiff's physical address

**Time**: to be pursued within 120 days of the court entering an Order on the pending Motions to Dismiss for Lack of Personal Jurisdiction

(3) <u>Requests for Production or Inspection:</u>

**William Levinson / LPS:**
**Subject Matter**: Plaintiff's correspondence with SpaceX pertaining to loss of relationship; Plaintiff's correspondence with Pulse Medical pertaining to loss of relationship; Plaintiff's correspondence with any other party alleged to have ended a professional relationship pursuant to William Levinson's actions; Plaintiff's postings' pertaining to and/or discussing William Levinson; Plaintiff's correspondence with American Quality Institute pertaining to and/or discussing William Levinson; any other material reasonably related to lead to the discovery of relevant evidence.

**Guberman / Guberman, PMC**
Evidence of the corporation's direct involvement in Plaintiff's allegations; discovery relevant to any new facts of issues that arise from Plaintiff's responses to discovery; evidence of fraudulent DCMAs;

**Time**: to be pursued within 120 days of the court entering an Order on the pending Motions to Dismiss for Lack of Personal Jurisdiction

(4) <u>Oral Depositions:</u>

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition: Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed Length of Deposition | Grounds |
|---|---|---|
| **Christopher Mark Paris** | **5 Days** | **Nature of defamation; quantity of documents and information anticipated to be** |

|  |  | **received in discovery; number of issues that have to be addressed pursuant to Plaintiff's complaint** |
|---|---|---|

    b. <u>Disclosure of Expert Testimony</u>: Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

        **March 18, 2020**

    c. <u>Supplementation of Disclosures and Responses</u>: Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26€ will be provided at the following times:

        **Within 30 days of discovery of material information**

    d. <u>Completion of Discovery</u>: Defendant will commence all discovery in time for it to be completed on or before:

        **April 18, 2020**

    e. <u>Dispositive Motion Cutoff Date:</u>

        **May 18, 2020**

5. <u>Joint Discovery Plan – Other Matters</u>: Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

    **None at this time.**

6. <u>Disagreement or Unresolved Issues Concerning Discovery Matters</u>: Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:

- **Inclusion of Bruce A. Minnick in the Case Management Conference and Report representing Guberman, PMC, notwithstanding the Court Order to enter a Clerk's Default against Guberman, PMC and the Response to the Court's Order to show cause indicating Mr. Minnick will be appearing as counsel for Guberman, PMC. Plaintiff's position is that Mr. Minnick has not made an appearance, the Clerk has been instructed to enter a default against Guberman, PMC and Mr. Minnick is not admitted to practice in the Middle District of Florida**

- **Daryl Guberman would like to have all of the documents and information he discloses to be deemed confidential.**

7. <u>Third Party Claims, Joinder of Parties, Potentially Dispositive Motions</u>: Parties agree that the final date for filing motions for leave to file third party claims, motions to join parties should

be:

**November 3, 2019**

8. Settlement and Alternative Dispute Resolution: Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

   Parties agree that settlement is

   _____likely
   **X**\_\_\_unlikely.

   Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b):
   _____Yes          **X**\_\_\_No          _____likely to agree in future

   If binding arbitration is not agreed to, the court may order non-binding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

9. The parties agree mediation will be completed by **January 31, 2020.**

10. Consent to Magistrate Judge Jurisdiction: The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial. See 28 U.S.C. § 636. Should parties agree to proceed before the Magistrate Judge the attached form must be completed and filed with the case management report.

    _____Yes          **X**\_\_\_No          _____likely to agree in future

11. Preliminary Pretrial Conference:
    Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

    Track Two Cases: Parties
    _____request (check one)
    **X**\_\_do not request
    a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

12. Final Pretrial Conference and Trial: Parties agree that they will be ready for a final pretrial conference on or after **June 18, 2020** and for trial on or after **July 15, 2020**. This **Jury** trial is expected to take approximately **5** day(s).

13. Pretrial Disclosures and Final Pretrial Procedures: Parties acknowledge that they are aware of and will comply with pretrial disclosures requirements in Fed. R. Civ. P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

14. Other Matters:

**None at this time.**

Date:  July 3, 2019

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties

　　　　　　　　*/s/Glen Shrayer*
　　　　　　　　Glen Shrayer

　　　　　　　　*/s/Amara  B. Rodriguez*
　　　　　　　　Amara Rodriguez

　　　　　　　　*/s/ Mark Tischhauser*
　　　　　　　　Mark Tischhauser

　　　　　　　　*/s/ Daryl Guberman*
　　　　　　　　Daryl Guberman

　　　　　　　　*/s/ Donald LaBelle*
　　　　　　　　Donald Labelle

　　　　　　　　*/s/ Bruce A. Minnick*
　　　　　　　　Bruce A. Minnick