UNITED STATES DISTRICT COURT
MIDDLE DISRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER MARK PARIS and
OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC,
Plaintiffs,

v.                                            CASE 8:19-cv-00423-WFS-SPF

WILLIAM LEVINSON and LEVINSON
PRODUCTIVITY SYSTEM, PC, a
Pennsylvania Corporation; MARK
TIMOTHY SMITH, individually, and
d/b/a CAYMAN BUSINESS SYSTEMS;
GUBERMAN PMC, a Connecticut
LLC; Daryl Guberman, individually;
DONALD LABELLE, individually,
Defendants.

**DEFENDANT GUBERMAN PMC, LLC'S**
**MOTION TO SET ASIDE CLERK'S DEFAULT**

Corporate Defendant Guberman PMC, LLC, appearing through its undersigned counsel hereby respectfully files this motion to set aside the Clerk's Default entered on July 11, 2019 (Doc. 58) pursuant to Fed.R.Civ.P. 55(a) and as ordered by this Honorable Court on June 20, 2019 (Doc. 51).   As good and sufficient grounds for the relief requested, Defendant Guberman PMC, LLC (hereafter Guberman PMC) offers the following facts:

1. This action was filed on February 18, 2019 by Plaintiff Christopher Mark Paris his limited liability company Oxebridge Quality Resources International, LLC. against some six (6) individual and corporate defendant competitors who compete with plaintiffs for business. *See* Verified Complaint filed February 18, 2019 (Doc. 1).

2. Corporate Defendant Guberman PMC, LLC is owned and operated by Defendant Daryl Guberman, a resident of Connecticut. Being completely unfamiliar with the Federal Rules

of Procedure, on April 4, 2019 Mr. Guberman attempted to file a voluminous motion to dismiss and motion for leave to file under seal on his own behalf as well as on behalf of his limited liability company, Guberman PMC (Doc. 8).

3. By Order entered April 4, 2019 the Court struck both motions as to Defendant Guberman PMC and instructed Mr. Guberman to obtain counsel for Defendant Guberman PMC (Doc. 10).

4. Twenty-eight days later, on May 2, 2019, Plaintiffs filed a response to Defendant PMC's motions to dismiss and for leave to file documents under seal (Doc. 32).

5. On May 6, 2019 the Court rescheduled the motion hearing previously set for May 13, 2019 to May 31, 2019 (Doc. 33).

6. On May 15, 2019 attorney Mark Tischhauser entered his notice of appearance on behalf of another corporate defendant, Levinson Productivity Systems, P.C.

7. On May 28, 2019 pro se Defendant Daryl Guberman filed an Affidavit in Support of Defendant's Motion to Dismiss (with additional attachments) (Doc. 47).

8. On May 31, this Court held the motion hearing on all pending motions (Doc. 48).

9. On June 14, 2019 this Court ordered Defendants Daryl Guberman and Guberman PMC to show cause within ten days why Defendant Guberman PMC should not be defaulted for failure to appear with counsel.

10. On June 20, 2019 Defendant Daryl Guberman filed his response to the Order to show cause (Doc. 50).

11. On June 20, 2019 this Court entered an Order explaining that the Defendant Guberman PMC cannot appear in this court unrepresented by an attorney and instructing the Clerk to

enter a Clerk's Default against Guberman PMC on July 1, 2019 unless legal counsel has appeared for Guberman PMC (Doc. 51).

12. On June 25, 2019 this Court instructed counsel and any unrepresented party to meet within 10 days for the purpose of preparing and filing a Case Management Report (Doc. 53).

13. On July 2, 2019 Defendant Daryl Guberman filed a response to the Order to Show Cause notifying the Court that undersigned counsel Bruce Alexander Minnick had been retained to represent Guberman PMC and was in the process of gaining re-admission to the Bar of this Court (Doc. 54).

14. On July 3, 2019 Counsel for all parties and the two unrepresented individuals (LaBelle and Guberman) conducted a telephonic Case Management Meeting and submitted their Case Management Report as ordered (Doc. 55).

15. On July 8, 2019 this Court took up the Case Management Report and entered the case Management Scheduling Order (Doc.56).

16. On July 9, 2019 this Court entered its Oder denying all pending motions (Doc.57).

17. On July 11, 2019 the Clerk of this Court entered a Clerk's Default as to Defendant Guberman PMC (Doc. 58).

18. Meantime, undersigned counsel for Defendant Guberman PMC obtained all required supporting documents and completed his application for re-admission to the Bar of this Court in time for the telephonic swearing-in ceremony conducted on July 31, 2019.

19. On August 2, 2019 undersigned counsel filed his Notice of Appearance on behalf of Defendant Guberman PMC (Doc. 61).

20. On August 3, 2019 undersigned counsel for Guberman PMC completed and filed an Answer and Affirmative Defenses on behalf of Defendant Guberman PMC (Doc. 62).

21. Accordingly, this Motion to Set Aside the Clerk's Default is being submitted so that the corporate Defendant Guberman PMC may now resume defending itself by and through its undersigned counsel as envisioned by this Court.

REASONS TO GRANT THE RELIEF REQUESTED

As shown by the chronological facts set forth above, the corporate Defendant Guberman PMC has participated in all required initial proceedings by and through its owner, Defendant Daryl Guberman. Upon receipt of the Order to Show Cause (Doc. 51) Defendant Guberman immediately sought out experienced counsel to represent his limited liability company.

Living and working in Connecticut made Mr. Guberman's difficult task even harder than it would have been had Plaintiffs brought this action in a federal district court in Connecticut. Nevertheless, Defendant Guberman was able to find experienced counsel living and working in Tallahassee, Florida, retained him at the end of June and was happy to be able to file his notice to that effect on July 2, 2019 (Doc. 54).

Undersigned counsel for Defendant Guberman PMC went to work immediately, reading the voluminous Verified Complaint, studying the docket sheet and reading many case documents as well as discussing the important pending issues (the motions to dismiss for lack of personal jurisdiction were pending) with Defendant Guberman. Undersigned counsel also attended the required case management conference on July 3, 2019 and participated in the discussions and decisions leading to the submission of the Case Management Report (Doc. 55).

Accordingly, granting the relief requested in this motion will not adversely affect any party or cause any other problems. More importantly, granting this motion will serve the interests of Justice by allowing the corporate Defendant Guberman PMC to defend itself adequately in this very important litigation.

## **MEMORANDUM OF LAW**

The entry of a Clerk's Default is a very serious judicial action handed out only after much consideration of all the facts leading up to it. In most instances the entry of a Clerk's Default is exercised because a litigant has failed to participate in discovery or failed to attend required conferences or failed to file a responsive pleading within the time allowed under the rules. None of those reasons occurred here.

The entry of a Clerk's Default is a wake-up call to lawyers and their clients because (1) until the Clerk's Default is lifted or set aside, they may not file any more pleadings or otherwise continue defending themselves; and (2) because the Clerk's Default may lead to entry of a default judgment upon motion of the other side. *See.* Holland v. Florida, 560 U.S. 631, 130 S.Ct. 2549, 130, 177 L.Ed.2d 130. (2010) (Attorney misconduct case in which the Supreme Court said: "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." 560 U.S. 631 at 655.

"When a defendant has failed to plead or defend, a district court may enter judgment by default (rule citation omitted). Because of our 'strong policy of determining cases on the merits, however, default judgments are generally disfavored." Surtain v. Hamilin Terrace Foundation, d.b.a. Hamlin Place of Boynton Beach, 789 Fed.3d 1259, at 1244, 1245 (11th Cir. 2015).

The corporate Defendant Guberman PMC did not intentionally attempt to appear without counsel by its own hand. Corporations cannot do anything by themselves. Defendant Guberman PMC did not retain independent counsel because its owner, Defendant Daryl Guberman, did not understand the legal requirement for counsel-nor the gravity of failing to abide by it. He does now.

Punishing the corporate Defendant Guberman PMC by not allowing it to file an answer and affirmative defenses or otherwise participate in this very important litigation will do nothing in the interest of Justice. The lesson taught has been learned well. Accordingly, this Honorable Court should exercise its sound discretion and grant this motion to lift the Clerk's Default.

Respectfully submitted,

*/s/ Bruce Alexander Minnick*

Bruce Alexander Minnick, Esq.

Fla. Bar No.: 250295
3810 Buck Lake Road, F-607
Tallahassee, Florida 32308
Telephone (850) 893 6091
E-mail bammab1@gmail.com
Counsel for Defendant Guberman PMC, LLC.

CERTIFICATE OF SERVICE

I HERBY CERTIFY that a true and correct copy of the foregoing document and all attachments, if any, was served via electronic service to Glen H. Shrayer, Esq., Shrayer Law Firm LLC, counsel for plaintiffs, ghs@shrayer.com and to all counsel for other parties-defendant via electronic mail pursuant to Florida Rule of Judicial Administration 2.516; and by U.S. Mail to the unrepresented parties including Mr. Daryl Guberman, 1538 West Broad Street, Stratford, CT 06615 and Mr. Donald LaBelle, 44 Howarth Road, Oxford MA 01540 on August 4, 2019.

*/s/ Bruce Alexander Minnick*