```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION


CHRISTOPHER PARIS, ET AT.,  )
                            )   8:19-cv-00423-WFJ-SPF
         PLAINTIFFS,        )   Tampa
                            )   September 11, 2019
         v.                 )   8:19 a.m.
                            )
WILLIAM LEVINSON, ET AL.,   )
                            )
         DEFENDANTS.        )




                  TRANSCRIPT OF MOTION HEARING
              BEFORE THE HONORABLE WILLIAM F. JUNG
                   UNITED STATES DISTRICT JUDGE








Court Reporter:         Tracey Aurelio, CRR, RMR, RDR
                        Federal Official Court Reporter
                        801 N. Florida Avenue, 2nd Floor
                        Tampa, Florida 33602
                        (813)301-5380

         Proceedings recorded by mechanical stenography,
transcript produced by computer.
```

```
 1  APPEARANCES:

 2  For the Plaintiffs:  (Appearing Telephonically)
        MR. GLEN H. SHRAYER
 3      Shrayer Law Firm, LLC
        912 S. Andrews Avenue
 4      Ft. Lauderdale, FL 33316-1036

 5  For Defendant William Levinson:  (Appearing Telephonically)
        MR. MATTHEW DANIEL MILLER
 6      Baumann Gant & Keeley, PA
        1000 N. Ashley Drive, Suite 27
 7      Tampa, FL 33602-3719

 8  For Defendant Levinson Productivity Systems, PC:  (Appearing
    Telephonically)
 9      MR. MARK TISCHHAUSER
        The Tischhauser Law Group
10      6301 memorial Highway, Suite 203
        Tampa, FL 33615-4573
11
    For Defendant Guberman PMC, LLC:  (Appearing Telephonically)
12      MR. BRUCE ALEXANDER MINNICK
        Bruce Alexander Minnick, Esq
13      Unit F607
        3810 Buck Lake Road
14      Tallahassee, FL 32317

15  Mr. Daryl Guberman, pro se  (Appearing Telephonically)

16

17

18

19

20

21

22

23

24

25
```

```
1  _____
2          (Proceedings commenced at 8:19 a.m.)
3              THE COURTROOM DEPUTY:  Counsel, we have a court
4  reporter present.  So if you will, please, for clarity of the
5  record, before you speak each time, let us know who you are.
6              Christopher Paris vs. William Levinson, Case
7  Number 8:19-cv-423.  Counsel, please state your appearances
8  starting with counsel for the Plaintiff.
9              MR. SHRAYER:  Hi.  Glen Shrayer on behalf of Chris
10 Paris and Oxebridge Quality Resources.
11             MR. MILLER:  Matthew Miller on behalf of William
12 Levinson.
13             MR. TISCHHAUSER:  Attorney Mark Tischhauser on behalf
14 of Levinson Productivity Systems, Defendant.
15             MR. MINNICK:  Bruce Minnick on behalf of
16 Guberman, LLC.
17             THE COURT:  Can everyone hear me?  This is Judge
18 Jung.
19             UNIDENTIFIED SPEAKER:  May it please the Court, I
20 believe Daryl Guberman is online.  He doesn't have counsel,
21 but he's here on the line.
22             DEFENDANT GUBERMAN:  Yes.  This is Daryl Guberman
23 representing myself.
24             THE COURT:  Okay.  Thank you.  Has everyone announced
25 their appearance?  This is Judge Jung.  Can everyone hear me?
```

1  Apparently no one.  Let me just pick up the phone.
2         Hi, it's Judge Jung.  Good morning.
3         We won't take long here.  Just very quickly, I wanted
4  to review briefly, primarily with Mr. Levinson's counsel and
5  the Plaintiff's counsel, this joint stipulation for dismissal
6  with prejudice.  I'm, of course, always in favor of that, very
7  fine with it.
8         I was just a little unsure about the order.  So maybe
9  I will direct these questions first to Plaintiffs' counsel.
10 I'm happy and delighted, of course, to enter an order that the
11 case is settled, dismissed with prejudice, with each party to
12 bear its own costs and attorney fees.
13        It was a little unclear to me whether -- you know,
14 there are these web entries on pages 1 through 3 that are to
15 be removed from the web.  I don't know that I have the power
16 to do that myself.  Were the parties going to make that
17 happen?  That's the first question.
18        MR. SHRAYER:  Your Honor, Glen Shrayer on behalf of
19 the Plaintiffs.  My understanding is that Google may require
20 the order to have specific language declaring these particular
21 links and websites unlawful and/or defamatory.  This was an
22 issue that we had with counsel for Mr. Levinson that we
23 essentially agreed that we would first try doing this without
24 that particular language in trying to reach a compromise.
25        However, we reserve the right to repetition the Court

1 with the requisite language if Google refused to remove this
2 content, ripoff report, which many of these links appear.
3 They essentially charge you money to get control of content
4 and remove it.  It is essentially a fraudulent scam website.
5 But Google -- we are uncertain whether this will be removed
6 the way it's currently written.
7           We do anticipate there's a good chance we would have
8 to come back to Your Honor asking you to sign an order with
9 more specific language so that the content is actually
10 removed.
11           THE COURT:  All right.  I mean, you understand I'm
12 going to be very reluctant to order a nonparty to do anything.
13 You know, if you want me to order the Google company to remove
14 the following X, Y, and Z, we are going to have -- Google will
15 have a right to be heard.  I mean, do you understand that I
16 can't tell somebody to do something -- I can't enter a
17 compulsory order requiring conduct by a party unless they are
18 given a chance to be heard.
19           I mean, I can't guarantee you that it's going to
20 work.  And I don't think I would order anybody to do anything
21 that's an order of my court without them being heard.  So as
22 long as you understand that, I'm okay with this.
23           MR. SHRAYER:  Your Honor, Glen Shrayer again on
24 behalf the Plaintiffs.  Google does have specific procedures
25 to remove material, whether it's infringing a copyright or

1  whether it's defamatory.  Our concern is the specific language
2  of the order.
3         I don't -- my understanding is that Google wouldn't
4  need to be heard on this matter.  I understand, Your Honor,
5  that they are a third party.  But since they are such a
6  powerful company, they do have a separate mechanism set up to
7  remove content that does defame or hurt an individual.  I
8  mean, their policies are very clear, Your Honor.
9         THE COURT:  All right.  I just want everybody to
10 understand that if you present me an order requiring the
11 Google company to do X or to do Y, I'm going to give them a
12 chance to appear.  Before I order anybody to do anything, they
13 have to have a chance to be heard.  I mean, I'm fine with that
14 as long as everyone understands that.  Does the Plaintiff and
15 the Defendants that are settling here understand that?
16        MR. MILLER:  I understand that.  I think that that is
17 reasonable to have them have an opportunity to be heard.  But,
18 however, Your Honor, is there some kind of trigger language
19 that we can use that if they waive that right that they must
20 take this down?
21        THE COURT:  Well, I don't know of any trigger
22 language.  I have never seen an order like this before.
23 That's why we're having this hearing.
24        Okay.  So as long as you understand that if you come
25 in here and say we want you to order Google to do something,

1  I'm going to give them, you know, 21 days to reply if they
2  care to.
3          The second point, it says, "Ordered and adjudged" --
4  I'm on page 3 -- "that the confidential settlement agreement
5  between the settling parties is adopted and incorporated
6  herein by reference for purposes of enforcement."  I've never
7  seen that.  I'm a little hesitant to adopt something and
8  enforce it or whatever that I haven't seen.  Have you provided
9  that to me?
10         MR. SHRAYER:  No, Your Honor.  You haven't been
11 provided a copy of it.  We can either -- in the spirit of
12 compromise, we could present you a copy of it, email your
13 chambers.  And if you're okay with that, Your honor, we could
14 proceed.
15         If you actually require a copy of it being filed and
16 then sealed, I know Defense counsel is worried about the
17 procedures.  It is a little bit extensive.  However, if you
18 will agree that we send a copy to chambers, and if you are
19 okay with -- we just want to make sure that the settlement
20 agreement is enforceable, Your Honor.  That's why we want to
21 have the specific language in any order.
22         THE COURT:  If you want that language in the order, I
23 just can't look at something and then set it aside.  If you
24 want that paragraph in the order, then submit the confidential
25 settlement agreement to my chambers and I will place it under

1  seal.  I will seal it.  But I can't just look at it and then
2  shred it.  So that's your choice.
3         Do you want to leave that language in where I'm
4  adopting it and incorporating by reference?  If so, then email
5  a motion, two-page motion to seal to me with the thing and
6  then I'm fine with it.  Okay?
7         MR. SHRAYER:  Glen Shrayer again, Your Honor.  Yes, I
8  agree to that.  I would like to hear Defense's position.
9         MR. MILLER:  Matt Miller on behalf of William
10 Levinson.  I fully agree with that.
11        THE COURT:  Okay.  So I will enter this order that
12 you -- the order dismissed with prejudice.  You provided me
13 with those two caveats.  Number 1, if I'm going to have to
14 order Yahoo to do something, I'm going to give them 21 days to
15 respond.
16        Secondly, I will seal the confident and not -- in
17 camera, all right, sealing, the other side.  No one else will
18 see it.  Confidential settlement agreement.  And then I will
19 enter this order, and we should be okay.
20        I appreciate you calling in.  Any other points on
21 this subject?
22        MR. SHRAYER:  Your Honor, Glen Shrayer again on
23 behalf of the Plaintiffs.  If we are going to allow Google the
24 opportunity to appear, is it possible that you could hold off
25 on filing or ordering the dismissal until we resolve this

1  matter, because the removal of these links is actually an
2  essential part, is an essential element of the settlement
3  agreement.  And if we are not able to do so, I mean, it would
4  frustrate the purpose of the settlement agreement.
5           THE COURT:  See, that's the point.
6           MR. TISCHHAUSER:  This is Mark Tischhauser on behalf
7  of Levinson Productivity Systems.  I think when you actually
8  review the settlement agreement, you will find that that's not
9  an accurate characterization, that that was supposed to have
10 occurred within a particular time frame.  So they are kind of
11 separate issues.
12          THE COURT:  Just so you understand, if you want me to
13 enter this, I will enter it.  The caveats are that if these
14 items are not removed on pages 2 and 3 and you need to come
15 back to me and say, Judge, we want an order to Google or Yahoo
16 or whoever, Bing, I will enter that order but give them a
17 chance to respond.  I can't order anybody do anything unless
18 they have appeared in front of me or had the opportunity to do
19 so.  That's one.
20          Two, if you want me to enter this order, then
21 Plaintiff needs to send me a two-page chambers email, a
22 two-page motion to seal, the thing that I'm adopting and
23 ratifying, which I have to see it before I adopt it and ratify
24 it.  I don't know what it says.  So if you get those things to
25 me this week, the second point.

1           The first point is understood that I will enter this
2  order.  So the ball is in y'all's court.  Okay?
3           MR. SHRAYER:  Yes, Your Honor.
4           THE COURT:  Anything else on this point?  This is all
5  we're talking about this morning.  I have a jury sitting
6  outside.
7           MR. SHRAYER:  Your Honor, Glen Shrayer again.  For
8  clarification, if Google doesn't remove the -- with the order
9  written the way it is, then Your Honor will give them 21 days
10 to appear, and we can find out their position.  And if we need
11 to have any language in order to have it removed and if they
12 object, we will also hear their position as to why they
13 object?  Is that stating your position clearly, Your Honor?
14          MR. TISCHHAUSER:  Your Honor, this is Attorney Mark
15 Tischhauser for Levinson Productivity Systems.
16          With regard to Mr. Shrayer's issue, he keeps
17 injecting this need to inject other language.  That's been
18 disputed and debated with the parties coming to the settlement
19 agreement.  That was part of the whole discussion that was not
20 agreed to.  You will see that in the terms and conditions.
21          I think what the Court was saying, to characterize it
22 accurately for everybody, was the first issue, you are going
23 to issue an order and dismiss it but give Google 21 days to
24 appear and make any objections they need to make to your
25 order.

1        And then the second component is we send you, through
2   Plaintiff's counsel, the motion to seal the actual agreement.
3   The Court will review that and then seal it.  That's what you
4   described.  Is that accurate, Your Honor?
5        THE COURT:  No.  All right.  If you want me to enter
6   the order of dismissal with prejudice, I will sign it and it
7   will be entered.  Okay?
8        UNIDENTIFIED SPEAKER:  We do.
9        THE COURT:  In order to make that happen, you need to
10  understand that if these items -- you are going to send this
11  to somewhere or whatever.  If these items are not removed and
12  you come back to me and ask me to compel Bing or Yahoo, I will
13  enter an order, but I will give them a chance to respond and
14  we will hear them out.
15       MR. SHRAYER:  Yes, Your Honor.
16       THE COURT:  In the meantime, your case is dismissed
17  with prejudice.
18       UNIDENTIFIED SPEAKER:  Yes, Your Honor.  That's the
19  intent.
20       THE COURT:  Secondly, to trigger this, you will need
21  to get me a two-page motion to seal and enclose with it for
22  chambers email only the confidential settlement agreement,
23  assuming you want me to adopt it and incorporate it for
24  purposes of enforcement.  Okay?
25       I think that's pretty clear.  I can't guarantee that

1  Google won't remove every one of these.  I have no idea.  But
2  if I'm going to compel them or seek to compel them and they
3  want to be heard, I just can't enter an order telling someone
4  to jump over a garden rake unless they come in here and they
5  have a chance to be heard.  Do you understand?
6          MR. SHRAYER:  Understood.
7          MR. MILLER:  Understood.
8          THE COURT:  I just want to make sure that both sides
9  understand that.
10         MR. SHRAYER:  We do.
11         MR. MILLER:  Matt Miller for William Levinson.  I
12 understand that.  I believe that I'm understanding that you
13 are signing this.  And if Google does not remove these, then
14 you will accept jurisdiction back allowing opportunity for
15 Google to be heard.  And through that hearing, an order will
16 be issued essentially compelling them to remove the items.
17         THE COURT:  Well, you just added something to what I
18 said, okay, didn't you?  That last phrase you just added.  I
19 can't tell you what I'm going to do with Google.  Maybe there
20 is a statute that prohibits me from doing this and Google is
21 going to show up with a New York lawyer and say, Judge, look
22 at this statute or this Eleventh Circuit case.
23         So that latter phrase, you are asking me to predict
24 what would happen if Yahoo showed up, Bing showed up and
25 Google showed up.  I'm unable to do that, gentlemen.  That's

```
 1  the whole purpose of this call.
 2          So if under the terms, as I think I have clearly
 3  stated, if you want this order of dismissal with prejudice
 4  entered, all you have to do is submit to the chambers email a
 5  two-page motion to seal and this confidential settlement
 6  agreement which I will seal.
 7          What happens in the future, I will enter the order.
 8  Probably Google will take it all down.  If they don't, then
 9  when you come in here, then we are going to have to hear what
10  they have to say.  Okay?  Am I clear?
11          MR. MILLER:  Yes, Your Honor.
12          THE COURT:  By the end of the week if you want this
13  entered, all you have to do is send an email with those two
14  items.
15          MR. SHRAYER:  Thank you very much, Your Honor.
16          THE COURT:  Thank you.  Goodbye.
17      (Proceedings concluded at 8:36 a.m.)
18
19
20
21
22
23
24
25
```

```
1  UNITED STATES DISTRICT COURT    )
                                   )
2  MIDDLE DISTRICT OF FLORIDA      )

3
                    **REPORTER TRANSCRIPT CERTIFICATE**
4
        I, Tracey Aurelio, Official Court Reporter for the United
5  States District Court, Middle District of Florida, certify,
   pursuant to *Section 753, Title 28, United States Code*, that
6  the foregoing is a true and correct transcription of the
   stenographic notes taken by the undersigned in the
7  above-entitled matter (Pages 1 through 14 inclusive) and that
   the transcript page format is in conformance with the
8  regulations of the Judicial Conference of the United States of
   America.
9

10                                   /s    *Tracey Aurelio*
                                   _____
11                                 Tracey Aurelio, RMR, RDR, CRR
                                   Official Court Reporter
12                                 United States District Court
                                   Middle District of Florida
13                                 Tampa Division
                                   Date:  September 12, 2019
14

15

16

17

18

19

20

21

22

23

24

25
```