UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER MARK PARIS, and
OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC

Plaintiffs,                                    Case No. 8:19-cv-00423

vs.

WILLIAM LEVINSON,
LEVINSON PRODUCTIVITY
SYSTEM, PC, a Pennsylvania
Corporation

Defendants
_____/

## MOTION TO DISMISS FOR PLAINTIFF'S CLAIM LACKING FACTUAL INSUFFICIENCY AND FOR LACKING PERSONAL JURISDICTION AND MEMORANDUM OF LAW IN SUPPORT

### DECLARATION OF DONALD LABELLE

The undersigned, pro se defendant Donald LaBelle, a resident of Massachusetts, hereby swears and attests under penalty of perjury as follows on this day December 12, 2019. The plaintiff's complaint lacks both factual insufficiency and legal insufficiency. Further, the plaintiff failed to present the necessary facts and is unable to provide the necessary facts to support his claim.

### STATEMENT OF FACTS REGARDING THE PLAINTIFF'S CLAIM LACKING FACTUAL AND LEGAL INSUFFICIENCY

Under Florida law for libel or slander, the plaintiff must demonstrate that the defendant published or spoken a false statement. Further, the plaintiff must demonstrate the defendant published a false statement to a third party. The plaintiff failed to demonstrate specifically, the words and/or statements alleged to be either spoken or written in a defamatory manner. Under Florida and Federal law, the term defamation is often used to encompass both libel and slander. The statement(s) alleged to be defamatory must also

be a false statement of fact. That which is name-calling, hyperbole, or, however characterized, cannot be proven true or false, cannot be the subject of a libel or slander claim.

For eight years the plaintiff has been on a smear campaign against said defendant in effort to discredit defendant's name and business interests, mainly because defendant provides support services as an independent contractor to defendant *Daryl Guberman, a business competitor of the plaintiff*. The plaintiff sees defendant LaBelle and defendant Guberman as a "threat" to the ISO Industry in which plaintiff claims to be an "ISO defender" of some kind on the plaintiff's website Oxebridge.

All documents (over 500 pages) regarding the plaintiff's ongoing smear campaigns against defendants have been provided to the court. Defendant LaBelle asks the court to review those documents of the plaintiff's disparaging activities.

Defendant has reason to believe the plaintiff is attempting to weaponize the court to silence Labelle and Guberman from reporting the facts about the ISO industry and accreditation schemes within the industry. Particularly the accreditation monopoly of the ANSI-ANAB National Accreditation Board and its China-led sister operation known as the International Accreditation Forum (IAF). By silencing competitors (myself and Guberman), it will allow the plaintiff to continue his smear campaigns against defendants, both of whom are critics of ANAB and IAF's anti-American business practices. The International Accreditation Forum (IAF) is under the leadership of Chinese National Mr. Xiao Jianhua in Beijing, China and is over-seeing numerous American corporations

### PLAINTIFF FAILED TO SPECIFY ALLEGED DEFAMATION FROM DEFEDANT

The plaintiff has systematically failed to show specifically what alleged defamation was spoken or written by my persons (LaBelle) that would be considered by the courts as defamatory or slander. The plaintiff failed to show what defamatory and/or slander acts took place, when it took place, and what specifically was written or said, and by which individual. Further, the plaintiff failed to show any alleged defamatory material was distributed by me or any any other person(s) and by means of such distribution.

### THE PLAINTIFF'S LENGHTLY CLAIM SHOWS THE ALLEGATIONS ARE FRIVOLOUS AND LACKS MERIT

Courts have concluded that claims are frivolous or in bad faith in several situations:

1. Where the plaintiff filed a claim based on false allegations. See Murphy v. Board

of Educ. of Rochester City School Dist., 420 F. Supp. 2d 131, 135 (W.D.N.Y. 2006) (awarding attorney's fees to defendant and finding that the "plaintiff brought and pursued this litigation in bad faith, for the improper purpose of attacking the District and school administrators about matters that had nothing to do with the original basis for this lawsuit, i.e., plaintiff's transfer from one school to another without loss of pay or benefits").

2. Where plaintiff failed to allege facts sufficient to support their claim. See Seils v. Rochester City School District, 192 F. Supp. 2d 100, 105 (W.D.N.Y. 2002) ("This is not the first time that I have admonished plaintiffs' counsel in this case for her failure to specify the relevance of materials on which she has sought to rely. . . . While, as a general proposition, it is important to submit the necessary evidence, in this case, much of what has been submitted is either redundant, irrelevant, speculative, conclusory, or all of the above.").

3. Where plaintiff knew facts that would defeat the claim at the time of filing. See Fleming v. MaxMara USA, Inc., 644 F. Supp. 2d 247, 261–62 (E.D.N.Y. 2009), aff'd 371 Fed. Appx. 115 (2d Cir. 2010) (granting summary judgment for defendant employer where plaintiff was aware prior to filing that she had been replaced by a member of her protected class and alleged no other facts to establish a prima facie case of discrimination under Title VII). In this case, the plaintiff (Christopher Mark Paris) knowingly lacked jurisdiction and therefore falsely alleged defendant has "substantial contacts" in Florida while knowing the claim is false. The plaintiff has failed to show otherwise in discovery and/or by supporting affidavits of the defendant having any contacts in Florida.

## PLAINTIFF CONTINUES PERSONAL ATTACKS DURING THESE PROCEEDINGS

During these proceedings in November, 2019 the plaintiff submitted a bogus complaint to the Federal Election Commission (FEC) to up the ante on his personal attacks against defendants LaBelle and Guberman. The plaintiff falsely claimed the defendants involvement in a political campaign that does not exist. The plaintiff misled the Commission by alleging "illegal" collections of political donations for an alleged campaign for U.S. Senate despite no evidence of such and no actual campaign existing, past or present. The motive of the plaintiff's false complaint to the FEC is to further burden defendants during these proceedings. It has long been the modus operandi of the plaintiff to submit false and misleading complaints to State and Federal agencies targeting defendants LaBelle and Guberman, and proof has been provided to the court.

The plaintiff's false FEC complaint is listed as document MUR 7655 and is available from FEC staff member Christal Dennis at:

FEDERAL ELECTION COMMISSION
OFFICE of COMPLAINTS EXAMINATION
and LEGAL ADMINISTRATION

Att: Christal Dennis, Paralegal (CELA@fec.gov)
1050 First Street, NE
Washington, DC 20463

## LACK OF PERSONAL JURISDICTION & FALSE CLAIM OF DEFENDANT'S ACTIVITIES IN FLORIDA

The plaintiff falsely claimed defendant has "substantial contacts" in Florida without any evidence of such and without providing necessary discovery or supporting affidavits. The Plaintiff has failed to demonstrate a single business transaction taking place between myself and the alleged "Florida contacts" submitted to this court by the plaintiff in effort to gain jurisdiction over defendant that does not exist.

Fla. Stat. § 48.193(1)(a). Second, section 48.193(2) states a defendant must engage in "substantial and not isolated" activities within Florida to be subject to general personal jurisdiction. As per Fla. Stat. § 48.193(2). Florida courts have held that "substantial and not isolated" means "continuous and systematic general business contact." The plaintiff not only failed to show continuous and systematic general business contact in Florida. He failed to identify a single business contact, property ownership, or my persons activity of and kind within the state of Florida, whether it be business, personal, or otherwise. Therefore, Florida's long-arm statute does not imply because defendant has no contacts in Florida and per Florida law, and defendant has not committed a tortious act in Florida at anytime in history. Further, if the court pursues Florida's long-arm statute by subjecting me to personal jurisdiction in Florida, it would violate my rights of federal due process. As part of my motion herein, this is a filing of declaration detailing my lack of contacts with Florida.

As a resident of Massachusetts with no contacts or property in Florida, the plaintiff lacks jurisdiction because I'm not a Florida corporation, nor is Florida my principal or even partial place of business. As per Achievers Unlimited, Inc. v. Nutri Herb, Inc., 710 So. 2d 716, 720 (Fla. 4th DCA 1998), a corporation (entity) has continuous and systematic general business contact with Florida if it is incorporated in Florida or if it has its principal place of business in Florida.

I have no relationship, nor am I aware of the alleged Florida "customers" indicated by the plaintiff in his complaint. I have no knowledge of any form of any contact or communication of any nature with Collins Manufacturing (Apopka, FL), Florida Metal

Craft (Winter Garden, FL), Innovative Products of Florida (St. Petersburg, FL), The Stimpson Company (Pompano Beach, FL), and UltraTech International (Jacksonville, FL).

Further, the Plaintiff failed to show proof of such alleged business taking place. The plaintiff did not indicate a single date, did not verify the sum of the transaction, did not provide dates of any alleged transaction, and failed to provide a single *name of any person(s)* that allegedly purchased anything from defendant in Florida.

The plaintiff's claims that the aforementioned businesses are my "customers" is utterly false. The plaintiff knowingly misled the court under guidance of counsel. As per § 240.4 the Definition of customer (clients) is; (a) Any person who buys for resale directly from the seller, or the seller's agent or broker; (b) Any buyer of the seller's product for resale who purchases from or through a wholesaler or other intermediate reseller.

### 2018 FLORIDA STATUESAS PER 48.19
### ACTS SUBECTING PERSONAL JURISDICTION

As per 48.19 Acts subjecting person to jurisdiction of courts of state:

> (1)(a) A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:
> 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
> 2. Committing a tortious act within this state.
> 3. Owning, using, possessing, or holding a mortgage or other lien on any real property within this state.
> 4. Contracting to insure a person, property, or risk located within this state at the time of contracting.
> 5. With respect to a proceeding for alimony, child support, or division of property in connection with an action to dissolve a marriage or with respect to an independent action for support of dependents, maintaining a matrimonial domicile in this state at the time of the commencement of this action or, if the defendant resided in this state preceding the commencement of the action, whether cohabiting during that time or not. This paragraph does not change the residency requirement for filing an action for dissolution of marriage.
> 6. Causing injury to persons or property *within this state* arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, either:

   a. The defendant was engaged in solicitation or service activities *within* this state; or
   b. Products, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed *within this state* in the ordinary course of commerce, trade, or use.
7. Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.
8. With respect to a proceeding for paternity, engaging in the act of sexual intercourse within this state with respect to which a child may have been conceived.
9. Entering into a contract that complies with s. 685.102. (b) Notwithstanding any other provision of this subsection, an order issued, or a penalty or fine imposed, by an agency of another state is not enforceable against any person or entity incorporated or having its principal place of business in this state if the other state does not provide a mandatory right of review of the agency decision in a state court of competent jurisdiction. (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity. (3) Service of process upon any person who is subject to the jurisdiction of the courts of this state as provided in this section may be made by personally serving the process upon the defendant outside this state, as provided in s. 48.194. The service shall have the same effect as if it had been personally served within this state. (4) If a defendant in his or her pleadings demands affirmative relief on causes of action unrelated to the transaction forming the basis of the plaintiff's claim, the defendant shall thereafter in that action be subject to the jurisdiction of the court for any cause of action, regardless of its basis, which the plaintiff may by amendment assert against the defendant. (5) Nothing contained in this section limits or affects the right to serve any process in any other manner now or hereinafter provided by law.

## PLAINTIFF FAILED TO DEMONSTRATE PERSONAL JURISDICTION FOR THE FOLLOWING REASONS

1. I'm a Massachusetts resident and do not submit myself to Florida jurisdiction.

2. I do not operate, conduct, engage in, carrying on a business or business venture in the state of Florida, nor I do have an office, agency or property in Florida.

3. I have not committed a tortious act within the state of Florida. The Plaintiff's weak argument of a tortious act being the distribution of material alleged to be "illegal" is unfounded. First, the plaintiff failed to show who, when, where, and how such material was alleged to be distributed. Further, Florida Statute § 48.193

enumerates several acts that grant Florida courts personal jurisdiction over nonresident defendants. Under Florida Statute § 48.193(1)(a)(2), nonresident defendants may become subject to personal jurisdiction in Florida by "*committing a tortious act within this state.*" The Florida district courts of appeal are split over the correct interpretation of this phrase. Along with the federal courts that sit in Florida, the state's First and Third District Courts of Appeal broadly interpret the phrase to reach nonresident defendants whose out-of-state acts *cause injury in Florida*. Further, the state's Second, Fourth, and Fifth District Courts of Appeal narrowly interpret the same language to exclude personal jurisdiction over nonresident defendants who cause injury in Florida by acting outside of the state. The Florida Supreme Court and the Florida Legislature have declined to resolve this split, providing the opportunity for forum shopping when it is *advantageous for plaintiffs to avoid the narrow interpretation by filing in federal court to abuse Florida's personal jurisdiction statutory scheme.* Additionally, under Florida Law the legal term of "tortious act" includes not only the act element of a tort but also the injury element. The plaintiff's tortious act claims failed twofold; a) The plaintiff (Paris) failed to show damages, and he failed to demonstrate when, where, who and how a tortious act was committed.

4. As per injury to persons or property within Florida arising out of an act or omission by the defendant outside this state, if, at or about the time of the injury, the Plaintiff failed to demonstrate when and how defendant allegedly engaged in solicitation or service activities within the state of Florida at or about the time of the alleged injury. Additionally, the Plaintiff did not indicate any dates, material, or methods of solicitation, whether in-person, telephone, electronic mail, or other means, nor shown the alleged solicitation came from defendant, specifically.

5. The Plaintiff failed to demonstrate *substantial and not isolated activity* within this state and named five Florida companies unknown to me as "customers". Florida courts have held that "substantial and not isolated" means "continuous and systematic general business contact." See Achievers Unlimited, Inc. v. Nutri Herb, Inc., 710 So. 2d 716, 720 (Fla. 4th DCA 1998). For example, a corporation has continuous and systematic general business contact with Florida if it is incorporated in Florida or if it has its principal place of business in Florida. See Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011).When a complaint fails to make sufficient allegations of jurisdiction the court must dismiss the complaint without requiring defendant to engage in further proceedings. See Russo, 87 So.3d at 819; PK Computers, 656 So.2d at 255.

### PERSONAL JURISDICTION HAS BEEN CHALLENGED AND MUST BE PROVEN BEFORE I CAN PROCEED

## JURISDICTION HAS BEEN CHALLENGED AND MUST BE PROVEN BEFORE DEFENDANT CAN PROCEED

Defendant motions the court of his liberty and right to hold pleas and as a natural living being adhering to natural law, defendant has no obligation to enter a "legal" court or be subject to further proceedings without proof of jurisdiction.

Defendant has reason to believe the plaintiff and the plaintiff's counsel has manipulated this court by falsifying allegations to gain jurisdiction that does not exist, and by submitting a claim that fails to identify the acts of any one *individual*. The claim itself consists of numerous allegations directed toward defendants LaBelle and Guberman as 'one person' rather than as as individuals to confuse and mislead the court. Therefore, as defendant Donald LaBelle, an individual, I expect the court to not fail me as an American citizen and take the proper measures to ensure my due process of law is not denied. My name is not 'LaBelle and Guberman." My name is Donald LaBelle.

As a citizen of the United States, I shall not waiver my rights to defend my persons and this great country, and defend the United States Constitution, and its citizens, and I intend to do so as my right as an American. I am not property of the state with no rights. I am a living being, the flesh lives and the blood flows though me.

The plaintiff has burdened and weaponized this court and abused the taxpayers of this State with a frivolous claim filed with the intention of harassing and burdening defendants with legal expenses and proceedings. I ask the court to impose sanctions on the moving party for bringing this bogus claim. I ask humbly for remedy, maintenance, and fairness, and as an American, I ask my Constitutional rights not to be denied.

We Americans are sovereign, and as a Christian, Jesus the almighty is my Saviour, nothing stands between myself and the divine. I ask for cure and recognition from the Court that I am a living being, a citizen of this great country created of American flesh and blood, and an understanding of the liberty that deeply flows through me.

From here on forward, personal jurisdiction has been challenged and must be proven before I can proceed, and shown on Court records.

WHEREFORE, I pray the Court accepts my plea for Motion to Dismiss with prejudice for lack of personal jurisdiction and lacking legal and factual insufficiency.

Respectfully submitted

*Donald LaBelle*