UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER MARK PARIS, and        Case No. 8:19-cv-00423
OXEBRIDGE QUALITY RESOURCES
   INTERNATIONAL, LLC                          Judge William F. Jung
                                             Magistrate Judge Sean P. Flynn

   Plaintiffs

v.

GUBERMAN PMC, a Connecticut
Corporation, DARYL GUBERMAN,
an Individual, DONALD LABELLE,
an Individual

   Defendants

_____/

**MOTION FOR CONTEMPT AND ORDER TO SHOW CAUSE AGAINST
GUBERMAN PMC, DARYL GUBERMAN, AND DONALD LABELLE**

Plaintiffs, Christopher Mark Paris and Oxebridge Quality Resources International,

LLC, through undersigned counsel, hereby files this MOTION FOR CONTEMPT AND

ORDER TO SHOW CAUSE ("hereinafter "Motion") AGAINST GUBERMAN PMC, a

Connecticut Corporation, DARYL GUBERMAN ("Guberman"), an Individual, and

DONALD LABELLE ("Labelle"), an Individual, (collectively, "The Defendants") for

not complying with the endorsed order clarifying dates of mediator selection and

requiring that a notice of mediator selection be filed by December 31, 2019, with the

mediation to occur no later than January 31, 2020 (doc. 76).

The undersigned emailed Labelle and Guberman on several occasions to the email

service addresses listed on Pacer/CM ECF, and to email addresses which the undersigned

counsel has previously received correspondence from Guberman and Labelle, in an

attempt to coordinate both mediation and deposition dates. Guberman and Labelle never responded to any such requests, it is clear that they have no intention to follow the Case Management and Scheduling Order (doc. 56). Guberman PMC, despite diligent attempts by counsel, has also refused to provide any available dates for mediation and deposition. This motion was not filed timely on December 31, 2019, as a gesture of good faith to allow all the Defendants time, due to the holidays, to respond to numerous emails concerning their availability for mediation and deposition. It is clear now that the Defendants have no intention to comply with the Court Orders and have consciously chosen to ignore the jurisdiction of the Court.

The Defendants posted a plethora of defamatory material, inclusive to but not limited to unlawful recordings of Plaintiffs, which remain posted all over the Internet, damaging the business reputation of the Plaintiffs. It is hereby requested that each respective Defendant is fined in the amount of $500 a day until they come into compliance with the Court Orders (doc. 56, doc. 76), an amount which can be purged with compliance herein, and that reasonable attorney fees are awarded the Plaintiffs.

## I.  ARGUMENT & AUTHORITIES

### A.  Legal Standard

**To prevail on a motion for civil contempt, the movant must show, by clear and convincing evidence (1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order.** *FDIC v. LeGrand*, **43 F.3d 163, 170 (5th Cir. 1995)(citing** *Martin v. Trinity Indus., Inc.*, **959 F.2d 45, 47 (5th Cir. 1992)).** "A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular

act or acts with knowledge of the court's order." *SEC v. First Fin. Group*, 659 F.2d 660, 669 (5th Cir. 1981). A finding of contempt is not predicated on the willfulness of the contemnor's actions. *See Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir.2000). Rather, the court must examine whether the contemnor actually failed to comply with the court's order. *Id.* In the contempt context, "clear and convincing evidence" is that "weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to truth of the allegations sought to be established, evidence so clear, direct, weighty and convincing as to enable fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir.1995) (internal quotation marks omitted).

"Upon a finding of contempt, the district court has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 582 (5th Cir. 2005) (citing *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000)). In civil contempt cases, sanctions may be imposed to coerce compliance with the court's order, compensate for losses sustained as a result of the non-compliance, or both. *Am. Airlines, Inc.*, 228 F.3d at 585, citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303 (1947). Civil contempt sanctions may include a fine (coercive, conditional or compensatory), imprisonment, a combination of a fine and imprisonment, and attorneys' fees incurred in obtaining the finding of contempt. *See S.E.C. v. Amerifirst Funding, Inc.*, 3:09-CV-601-D, 2006 WL 522124, *17 (N.D. Tex. Feb. 1, 2008), aff'd in part and vacated in part, *Whitcraft v. Brown,* 570 F.3d 268 (5th Cir. 2009); *U.S. v. Scott*, 4:03-CV-1410-A, 2004 WL 1068118, *3 (N.D. Tex. Apr. 5, 2004), citing *United Mine Workers v. Bagwell*, 512 U.S. 821, 827-29 (1994).

### A.    <u>Fine and Imprisonment</u>

The primary purpose of a contempt sanction determines whether it is civil or criminal in nature. *Lamar Fin. Corp. v. Adams,* 918 F.2d 564, 566 (5th Cir.1990)). An order is viewed as criminal if intended to punish the contemnor and vindicate the authority of the court, and civil if intended to coerce the contemnor into compliance with a court order. *Id.* Although appropriate for either civil or criminal contempt, imprisonment is civil in nature if conditional and coercive, and criminal in nature if it is backward-looking and unconditional. *Id.* If an order is partly coercive and partly punitive, "the criminal feature of the order is dominant." *Port v. Heard,* 764 F.2d 423, 426 (5th Cir.1985).

### B.    <u>Attorneys' Fees</u>

As noted, courts have "discretion to award reasonable attorney's fees and other expenses necessary to make an innocent party whole" in a civil contempt proceeding. *Dow Chemical Co. v. Chemical Cleaning, Inc.*, 434 F.2d 1212, 1215 (5th Cir. 1970).

In support of this motion, we rely on the declaration of the undersigned counsel. A proposed show cause order is hereby submitted herewith.

<u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and complete copy of this document was electronically filed with the clerk of courts in Broward County, Florida on the 1st day of January 2020.

Respectfully submitted,

Shrayer Law Firm, LLC.
912 South Andrews Avenue
Fort Lauderdale, FL 33316
Tel.   (954) 601-3732
Email: ghs@shrayerlaw.com

**/s/Glen H. Shrayer**

Glen H. Shrayer, Esq.
Fl Bar No. 57253

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER MARK PARIS, and                    Case No. 8:19-cv-00423
OXEBRIDGE QUALITY RESOURCES
  INTERNATIONAL, LLC                            Judge William F. Jung
                                               Magistrate Judge Sean P. Flynn
  Plaintiffs

  v.

GUBERMAN PMC, a Connecticut
Corporation, DARYL GUBERMAN,
an Individual, DONALD LABELLE,
an Individual

  Defendants

_____/

**ORDER TO SHOW CAUSE**

     Upon consideration of the MOTION FOR CONTEMPT AND ORDER TO SHOW

CAUSE, the Declarations of Glen Shrayer, Esq., it is hereby

     Ordered that the Defendants, GUBERMAN PMC, DARYL GUBERMAN and,

DONALD LABELLE appear before the Court on _____ day of _____ 2020, at

_____ o'clock ____m., to show cause why they should not be held in

contempt for violating the **Case Management and Scheduling Order (doc. 56) and the**

**endorsed order clarifying the dates in the Case Management and Scheduling Order**

**(doc. 76).**

     Dated this _____ day of _____ 2020.