UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER MARK PARIS
and OXEBRIDGE QUALITY
RESOURCES INTERNATIONAL, LLC,

      Plaintiffs,

v.                                      Case No: 8:19-cv-00423-T-02SPF

WILLIAM LEVINSON, LEVINSON
PRODUCTIVITY SYSTEMS, PC,
a Pennsylvania corporation, GUBERMAN PMC,
a Connecticut corporation, DARYL GUBERMAN,
and DONALD LABELLE,

      Defendants.

_____/

## ORDER TO SHOW CAUSE

On January 3, 2020, the Court entered an order (Doc. 88) setting a hearing on Plaintiffs' Motion for Contempt and Order to Show Cause Against Guberman PMC, Daryl Guberman, and Donald LaBelle ("Motion") (Doc. 87).  The Court ordered that "[c]ounsel and *pro se* parties shall appear telephonically at the hearing."  (Doc. 88). Counsel for Plaintiffs and counsel for Guberman PMC appeared at the hearing as directed. Despite acknowledging receipt of the order, defendants Daryl Guberman and Donald LaBelle failed to appear.

Plaintiff's Motion alleges that the defendants failed to comply with the Court's order (Doc. 79) requiring that a notice of mediator selection be filed by December 31, 2019.  Prior to the hearing, Guberman and LaBelle each emailed a brief to chambers

indicating that "personal jurisdiction has been challenged and must be proven before I can proceed."[1]   Questions regarding jurisdiction, however, have been resolved by the Court. On July 9, 2019, the Court entered an order denying Guberman and Labelle's motions to dismiss Plaintiffs' Complaint for lack of personal and subject matter jurisdiction (Doc. 57). The Court held that Plaintiff established personal jurisdiction over all defendants under Section 48.193(1)(a)(2) of the Florida Statutes (Florida's long-arm statute) and the exercise of jurisdiction by the Court did not violate due process.   Additionally, the Court held that Guberman and Labelle provided no legal basis to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction (Doc. 57 at 14–15).

Jurisdiction having been established, Defendants are not free to disregard this Court's orders without peril.   Indeed, a "district court has broad discretion in fashioning civil contempt sanctions."   *In re Managed Care*, 756 F.3d 1222, 1240 (11th Cir. 2014) (internal quotation omitted).   The Court's options include: "a coercive daily fine, a compensatory fine, attorney's fees and expenses . . . *and coercive incarceration.*"   *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991) (emphasis added). Defendants are specifically cautioned that they must comply with the Court's order (Doc. 92) scheduling mediation. *See Abele v. Hernando Cty.*, 161 F. App'x 809, 813 (11th Cir. 2005) (finding that the district court has the discretion to compel mediation).

---

[1] The emails were rejected by the Court.  Local Rule 3.01(f) provides that: "[a]ll pleadings and papers to be filed shall be filed with the Clerk of the Court and not with the judge thereof."

Accordingly, it is hereby ORDERED:

1.  Plaintiffs' Motion for Contempt and Order to Show Cause Against Guberman PMC, Daryl Guberman, and Donald LaBelle (Doc. 87) is GRANTED as follows.

2.  Defendants Daryl Guberman and Donald LaBelle shall appear before the Court in person on **January 28, 2020, at 10:00 a.m., in Courtroom 11B, Sam Gibbons United States Courthouse, 801 N. Florida Avenue, Tampa, FL 33602**, to SHOW CAUSE why they should not be held in contempt for failure to comply with the Court's orders (Docs. 79 and 88).  Defendant Guberman PMC shall appear through counsel to SHOW CAUSE why it should not be held in contempt for its failure to comply with the Court's order (Doc. 79).

3.  In addition, any party who fails to attend the January 27, 2020 mediation, shall appear at the hearing on January 28, 2020 to SHOW CAUSE why he or it should not be held in contempt for its failure to comply with the Court's order (Doc. 92).

ORDERED in Tampa, Florida, on January 7, 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE