UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER MARK PARIS, and
OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC

Plaintiffs,                                          Case No. 8:19-cv-00423

vs.

WILLIAM LEVINSON,
LEVINSON PRODUCTIVITY
SYSTEM, PC, a Pennsylvania
Corporation

Defendants
_____/

## ANSWER FOR NOT ENGAGING IN MEDIATION, AND REQUEST FOR JURISDICTION TO BE PROVEN

I, Pro se defendant Daryl Guberman, in representation of my persons hereby submits my findings and answer to Order (Document# 88 Order Setting Hearing) to show cause for not engaging in mediation against my will, and as per following reasons:

First, we shall address the plaintiff's untruthfulness or at least proof of lacking knowledge in his claim in which he (the plaintiff) alleges with certainty that defendant LaBelle and Guberman engaged in "initially" posting defamatory material on the ripoff report website. It was later discovered the plaintiff's allegation was false as per negotiating settlements between defendant Levinson and the plaintiff in which Levinson accepted responsibility of being the "author" of the material and responsibility of removing the material. Therefore, a successful and fair mediation is neither practical or possible when the plaintiff himself submitted false information.

Further, in order for any possibility of a successful mediation, all parties *must be willing* to engage in mediation. Since I, defendant Guberman neither wishes to engage in mediation based on a merit-less claim of false and misleading allegations, any form of 'coercing' my persons into such settlement negotiations would force me into defending a claim in which the plaintiff has failed to show damages, failed to demonstrate

jurisdiction, and failed to specify defendant(s) as individuals, but rather as "groups" (i.e., Guberman and LaBelle, Guberman, Levinson and LaBelle, and so on throughout the entire claim).

## ADDITIONAL ARGUMENTS IN SUPPORT TO SHOW CAUSE FOR NOT ENGAGING IN MEDIATION

Without an understanding and/or proof of my person being under Florida jurisdiction, or any other jurisdiction for that matter, I cannot mediate in a venue in which I'm subject to laws and statues unknown to my person.

As for mediation in a venue under the plaintiff's jurisdiction, there are two issues that need to be addressed. First, the relationship must arise out of contacts that the 'defendant himself' creates with the forum State. Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties.

Second, as per 'minimum contacts' analysis needs to focus on the defendant's contacts or lack thereof with the forum State itself, not the defendant's contacts with persons who reside there. The plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him, and for mediation to have 'fair play' from the onset. These same principles apply when intentional torts are involved as alleged (maliciously so) by the plaintiff. Further, a forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum." Walden v. Fiore, 134 S.Ct. at 1122-1123. In this case, the plaintiff failed twofold, (a) He not only failed to demonstrate a legitimate tort; (b) he also failed to show intent on behalf of defendant.

The question whether harming a plaintiff in the forum state creates sufficient minimum contacts is more complex. Compare Wallace v. Herron, ("We do not believe that the Supreme Court, in Calder, was saying that any plaintiff may hale any defendant into court in the plaintiff's home state, where the defendant has no contacts, merely by asserting that the defendant has committed an intentional tort against the plaintiff.") with Janmark, Inc. v. Reidy (finding that "there can be no serious doubt after Calder [ ] that the state in which the victim of a tort suffers the injury may entertain a suit against the accused tortfeasor"). Although those two cases may be in some tension with one another, after Walden there can be no doubt that 'the plaintiff cannot be the only link between the defendant and the forum.' Any decision that implies otherwise can no longer be considered authoritative."

As for mediation, it thus becomes apparent that when presented with a claim as a "means to mediate" stemming from an intentional tort in federal court, particularly where there is no readily apparent nexus between a defendant and the forum state, it is imperative to parse through the facts of the case to assess whether personal jurisdiction exists. If not, the grounds are fertile for an immediate Rule 12(b)(2) motion to dismiss. Remember, such a motion must be filed prior to any other responsive pleads else the defense is waived. In this case, motion to dismiss for lack of jurisdiction was filed from the beginning (approximately over ten months ago) in timely response of the summons.

## PLAINTIFF DID NOT ATTEMPT TO MEDIATE BEFORE THE LAWSUIT AS PER MY KNOWLEDGE

The plaintiff failed to attempt mediation (and/or I have no recollection whether verbal or in writing of the plaintiff attempting to mediate) before filing the lawsuit. In Heston v. GB Capital, LLC, 16cv912 (S.D.Cal. 2016), a contract provided that disputes must first be submitted to non-binding mediation, and then arbitration. When the plaintiff filed a lawsuit in court without first mediating or arbitrating, the defendant sought to compel both mediation and arbitration under the Federal Arbitration Act, 9 U.S.C. §4. The court ordered arbitration, but refused to order the parties to mediation. The denial was based on a prior district court decision (Trujillo v Gomez, Case No. 14cv2483 BTM, 2015 WL 1757870 (S.D. Cal. 2015)), which in turn based its holding on the Eleventh Circuit's decision in Trujillo, Advanced Bodycare Solutions, LLC v. Thione Int'l, Inc., 524 F.3d 1235 (11th Cir. 2008).

## MEDIATION WITHOUT AN UNDERSTANDING OF THE JURISDICTION IN WHICH IT IS SUBJECT IS UNFAIR TO DEFENDANT

Mediation is, by definition, voluntary. If I, defendant Guberman do not want to settle a Claim without merit, then I should not be forced or punished through sanctions to avoid engaging in discussion of any form of settlement based on a claim shown to contain "confusing citations and allegations' as ruled by the court.

Before mediation can be considered, defendant requires the claim to be factual and legally sufficient, and corrected as followed: (a) the plaintiff willingly admitting he falsified the statement of my alleged 'business partnership(s)' and/or mutual interest with defendant LaBelle's entities, specifically IndustrialPR and Manufacturing Partners; (b) the plaintiff admits he falsified my alleged involvement or interests of any kind in "operating" IndustrialPR and its alleged contacts in Florida; (c) the plaintiff admits to filing Chapter 7 Bankruptcy (Case No. 8:16-bk-03463) under his persons Christopher Mark Paris and indicated on bankruptcy forms his company (Oxebridge Quality Resources International) to have a net worth/value of a $0 (zero) balance. (Note: The

plaintiff's allegation of defamation is widely based on his bankruptcy filing); and (d) The plaintiff admits he has no evidence of any contacts of mine in Florida and is utilizing my association with defendant LaBelle as a means of "contacts" in Florida that do not exist as alleged by the plaintiff.

Without proof of jurisdiction, defendant would be unable to find and/or agree on a mediator that has a full understanding of the laws and statutes (local, state and federal) within the jurisdiction in which the mediation proceedings are ordered to take place. Therefore, finding and/or an agreement between all parties on a qualified mediator that understands local laws and statutes is not possible if defendant is not provided with proof of jurisdiction.

In order for I, pro se defendant Guberman to engage in mediation, I reserve the right to; (a) be provided proof of the personal jurisdiction in which the mediation is to be held under; (b) have proof of jurisdiction provided on court record; (c) confirm the qualifications of the mediator as per subject to the mediator's experiences related to this case, particularly in the field of quality management, more specifically, the mediator's knowledge in ISO standards (The International Organization for Standardization); (d) an affidavit from the mediator that he/she is not associated with the ANSI-ANAB Accreditation Board (ANAB) and its accreditation schemes (this is due to the plaintiff having direct ties with ANAB management, including the plaintiff's record of speaking engagements with ANAB's sister operation American Society of Quality, also known as ASQ; (e) the total cost of the mediation and if such expenses/hours have limitations and under which statue it follows; and (f) an understanding as provided by the court of state/federal laws (if so exists) in which I'm obligated to pay for a mediator.

### **THERE IS NOTHING THE PLAINTIFF CAN OFFER IN MEDIATION THAT WOULD BE ACCEPTABLE, SHORT OF ADMITTING THE FALSE ALLEGATIONS**

Mediation would be useless to me because there is nothing I would seek or be willing to offer as means to settle a claim of factual and legal insufficiency, more specifically; (a) The claim consists of multiple false and misleading allegations, so it's impossible to come to any form of agreement, short of the plaintiff admitting the allegations are frivolous and maliciously executed, which he has failed to do thus far; (b) No amount of money (if so agreed to be exchanged between parties) nor any form of settlement in dollars offered or provided would be acceptable to defendant due to the claim's fraudulent nature; (c) Since the plaintiff has failed to demonstrate defamation in his claim, engaging in mediation would be a one-sided affair in favor of the plaintiff.

As a Jewish man, I have accepted the realization that in this world there are those who bear hatred toward me simply because of my Jewish faith. Judaism is the ethnic religion

of the Jewish people, comprising the collective religious, cultural, and legal tradition and civilization of the Jewish people. Judaism is held by religious Jews to be the expression of the Covenant that God established with the Children of Israel. Despite those that bear hatred toward me because of my Jewish heritage, I forgive them; I love them; and I have compassion for them. We are all children of God. My purpose in stating this to the court is because the plaintiff writes and has written of my religious beliefs and practices in a derogatory manner, and he has done so on his website (Oxebridge.com) for over seven years. Although, I support his right to do so since I am a defender of the First Amendment. Having said that, I reserve and expect the same freedom of speech rights and shall continue to investigate and report the truth on the accreditation and certification schemes of organizations in which the plaintiff has ties, ANSI-ANAB National Accreditation Board (ANAB), and International Accreditation Forum (IAF), which are anti-American organizations under the leadership of a Chinese national individual in Beijing, China. Therefore, there is no form of mediation with the plaintiff in which I am willing to surrender my rights, whether partially or completely. By this I mean specifically my rights to Freedom of Speech. As an American and a defender of Liberty, it is my conviction that good triumphs over evil, and the truth in this matter will prevail, whether in this court, or a higher court, for it always has, and it always will.

## JURISDICTION HAS BEEN CHALLENED AND MUST BE PROVEN BEFORE I CAN PROCEED WITH MEDIATION

Once jurisdiction is challenged, the court cannot proceed with proceedings when it clearly appears to lack jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action." Melo v. US, 505 F2d 1026.

"Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted." Latana v. Hopper, 102 F. 2d 188; Chicago v. New York, 37 F Supp. 150.

"A universal principle as old as the law is that proceedings of a court without jurisdiction are a nullity and its judgments therein without effect either on person or property." Norwood v. Renfield, 34 C 329; Ex parte Giambonini, 49 P. 732.

"A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid (or assume jurisdiction where it does not exist). It is clear and well established law that a void order can be challenged in any court". OLD WAYNE MUT. L. ASSOC. v. McDONOUGH, 204 U. S. 8, 27 S. Ct. 236 (1907).

"Once challenged, jurisdiction cannot be assumed, it must be proved to exist." Stuck v. Medical Examiners, 94 Ca 2d 751. 211 P2d 389.

"Jurisdiction is fundamental and a judgment rendered by a court that does not have

jurisdiction to hear is void ab initio (from the beginning)." In Re Application of Wyatt, 300 P. 132; Re Cavitt, 118 P2d 846.

"A court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance." Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409.

"Where a court failed to observe safeguards, it amounts to denial of due process of law, court is deprived of juris." Merritt v. Hunter, C.A. Kansas 170 F2d 739.

Respectfully submitted

Dated at Stratford, Connecticut this 3nd day of January 2020.

Daryl Guberman

Signature: *[signature]*

Notary: *[signature]*

STEVEN BUCZEK
Notary Public
Connecticut
My Commission Expires Dec 31, 2023

Name: Steven Buczek

Signature: *[signature]*

Date: January 3, 2020

Notary seal or signature

*[notary seal impression]*