# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**FILED**

JAN 24 2020
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CHRISTOPHER MARK PARIS, and
OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC

Plaintiffs,

Case No. 8:19-cv-00423

vs.

WILLIAM LEVINSON,
LEVINSON PRODUCTIVITY
SYSTEM, PC, a Pennsylvania
Corporation

Defendants

_____/

## MOTION TO COMPEL DISCOVERY
## AND DEMAND TO
## ORDER PROOF OF JURISDICTION

TO ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE THAT A DEMAND has been requested by the Accused citizen (Donald LaBelle) for this Court and Plaintiff to demonstrate proof of jurisdiction beyond STATUTORY JURISDICTION as noted in Article 93.

1. This motion is to resolve specific conclusions of law, particularly Statutory Jurisdiction which are in controversy. This demand for clarification constitutes a direct challenge to the Court's jurisdiction by requesting evidence from the Plaintiff in the instant matter at bar. The accused Massachusetts citizen (LABELLE) challenges being coerced to participate in mediation in a Florida court over 1,300 miles from his residence and 'Show Cause" the following day for his decision to not mediate under the threat of fines and plaintiff attorney fees, and threat of incarceration, should he decide not to appear against his will and mediate a claim that is false and misleading.

2. This is not a demand for proof of subject matter jurisdiction and should not be confused as such. Rather, because the matter is civil in nature and alleges an unknown tortious act and the plaintiff's malicious claim of the accused having "substantial contacts" in Florida, the Accused herewith challenges the PERSONAM jurisdiction of this Court. The Accused does so with right to have the BURDEN OF PROOF placed on the plaintiff. In civil law cases, the "burden of proof" requires the plaintiff to convince the trier of fact (whether judge or jury) of the plaintiff's entitlement to the relief sought. This means that the plaintiff must prove each element of the claim, or cause of action, in order to recover. Further, the Plaintiff has failed to provide any form of supportive material beyond his claim which lacked witnesses and supportive affidavits, failed to demonstrate damages, and lacked specific clarification of the alleged defamation.

3. The Accused does so on the ground that the Plaintiff has failed to provide an offer of any form of proof that the Accused is subject to the legislative equity jurisdiction in which this Court intends to sit to hear and determine only the facts of this matter, and not the law, arising from a claim that fails to demonstrate legal and factual sufficiency.

4. The Accused reserves the right to challenge jurisdiction and ask for proof any time as an issue of law because, absent jurisdiction, all acts undertaken under the color of statute or under the color of ordinance are null and void ab initio (from their inception).

5. The Motion is SPECIAL and not general in nature, because the Accused party was compelled, under threat of fines and attorney fees, and incarceration, including the time and expense of traveling 1,300 miles to a Florida court, away from his livelihood and abilities to support his family to be coerced into mediation across country to enter this Court to demand relief.

6. The argument which follows sets forth the nature of the controversy "At Law". This Court is bound by its oath of office to sit on the Law side of its jurisdiction to hear the controversy in a neutral capacity and to make a fair and impartial determination, and ensure 'fair play' in all matters in these proceedings.

7. This document, and the argument contained herein, is intended to be the basis for further action on appeal, should this Court fail to afford a complete demand on the law of the matter at the noticed request of the Accused. Additionally, a failure of this Court to seat on the Law side of its jurisdiction to determine this timely question will give the Accused cause to file for a Writ of Prohibition in a higher Court, he United States Court of Appeals for the Eleventh Circuit.

## ARGUMENT

1. The Constitution of the United States of America is the supreme Law of the Land. The Constitution of State of Florida must be construed in harmony with the supreme Law of the Land; otherwise, the State of Florida has violated its solemn contract with the Union of States known as the United States of America, and the question raised herein becomes one which is a proper original action before the Supreme Court of the United States, sitting in an Article 3 capacity.

2. A Florida resident has submitted allegations in what amounts to be a malicious claim alleging that I, [LABELLE] defamed him in some way without specifically identifying the words spoken or written that was alleged to be defamatory, and without showing any proof of the Accused being the source of alleged the defamation. The court itself ruled the claim to have confusing allegations and citations.

3. By falsely claiming the Accused has contacts and "substantial business" in Florida, and relying on Florida's 'Long Arm Statue' which is being presented by the plaintiff as "jurisdiction," the claim fails in merit. Further, the statutes cited in the claim are not laws in which the Accused is of subject; they are administrative regulations which are civil in nature, even when they carry sanctions of a criminal nature, unless there is an injured party who is brought forward as a corpus delicti demonstrating SUFFICIENLY the facts and circumstances constituting a breach of a law. The plaintiff failed on all accounts to demonstrate any form of damages beyond his misleading, false and confusing allegations.

4. Thus, because of this unsupported conclusion of law, the Accused Citizen holds that a contrary conclusion of law exists to challenge the jurisdiction of this Court. Therefore, this Court must now sit in a neutral position, on the Law side of its jurisdiction, to hear and resolve the question of controversial positions of law as they affect its jurisdiction or lack of jurisdiction In Personam.

5. This argument is intended to serve as both a defense "At Law" in this Court, and as the basis of future actions, should it become necessary to appeal the question presented to a higher Judicial authority, which the Accused is prepared to compel with supportive affidavits and documentation to ensure justice.

6. If the Accused Citizen is correct, and if this Court is sitting to hear the violation of a regulatory statute, then it is possible that the judges of this Court, in hearing this matter, are acting in an administrative capacity rather than a judicial capacity. This issue is discussed in detail in the argument which follows.

7. This Court is placed on NOTICE that, if it fails to sit and hear this issue "At Law" upon a timely request, then you may have violated your oath of office to uphold and defend the Constitution of the United States of America and the State of Florida. Such an act will serve to place you outside the realm of judicial immunity and be subject to future action by this Accused Massachusetts citizen with no activities, no property, no contacts (customers), and no tort committed within Florida, making all claims of statutory jurisdiction completely null to the fullest extent and an overreach of authority.

## JURISDICTION

1. Article 3 of the Constitution of the United States of America gives "judicial" power to the various courts, among them the District Courts. What is not generally recognized is that the District Courts may seat in different jurisdictions. Judges may wear different hats, so to speak, depending on the nature of the case brought before them.

2. This Court may sit "At Law" to hear crimes and civil complaints involving a damage or injury; or it may seat in equity to determine specific performance(s) to a contract in equity. Alternatively, as a creation of the foreign Corporate State, this Court may seat administratively in a fiction which may be termed "legislative equity", under authority to regulate activities not of common right, such as commerce for profit and gain, or other privileged activities.

3. Both civil and criminal matters "At Law" require that the complaining party be a victim of some recognizable damage. The "Law" cannot recognize a "crime" whether civil or criminal in nature unless there is a victim who PROPERLY and SUFFICIENCLY claims to have been damaged or injured, and demonstrates those damages with supportive documents and/or witnesses. In this matter the plaintiff failed to show damages of any kind beyond his allegations. Further, the claim itself alleges that 'damages do not need to be proven' which shows the plaintiff is either unwilling or unable to demonstrate any form of damages.

4. Regulatory statutes, on the other hand, are enacted under the police power of State and Federal Governments to regulate activities not of common right. All statute law is inferior to, and bound by, the restrictions of the Constitution. These "regulatory" statutes operate as "law" on the subjects of those statutes, and violations may carry sanctions of a criminal nature, even in the absence of a victim or injury.

5. A self-evident truth which distinguishes "crimes" under the Law, from "offenses of a criminal nature" under regulatory statutes, is the difference between Rights

afforded to a defendant in a criminal proceeding, and rights available to a defendant under "due process" in a statutory proceeding.

6. In the case of true crimes "At Law", the Accused herewith is entitled to all his fundamental rights as guaranteed by the State and Federal Constitutions, including both "substantive" and "procedural" due process. In contrast, when regulatory offenses "of a criminal nature" are involved, the statutory defendant cannot demand constitutional rights, since only certain "civil rights" have been granted in these actions, and only "procedural due process", consisting of the right to be heard and challenge the accusations on the facts alone, is allowed. Constitutional rights and substantive due process are noticeably absent. Therefore, the Court must be seated in some jurisdiction in which the Accused is subject to be under, other than "At Law", in order to hear an alleged violation of a regulatory statute.

7. The Accused hereby places all parties and the Court on NOTICE, that he is a citizen residing in the State of Massachusetts and is not subject to Florida jurisdiction in which he has no business contacts, property or activities of any nature. Moreover, the Accused Massachusetts citizen [LABELLE] hereby challenges the In Personam jurisdiction of the Court with this contrary conclusion of Florida statues. This Court is now mandated to seat on the Law side of its capacity to demand evidence of the claim and place that burden on the Plaintiff and Sanction the plaintiff accordingly for misleading the Court.

8. The Accused has reason to believe the plaintiff committed FRAUD ON THE COURT by knowingly presenting false information of the Accused having alleged contacts in Florida, and additionally, knowingly submitting a bogus claim of a tortious act alleged to have been committed by the Accused.

9. The Accused Massachusetts citizen [LABELLE] contends that the plaintiff made a false conclusion of law and allegations in an administrative capacity when he first brought this action before the Court, and in so doing failed to impart jurisdiction upon this Court to seat and hear this matter in a jurisdiction of legislative equity. As per Article III, section 2, clause 1: *a traditional limit on equity, incorporated into United States law, provided that federal courts would have equity jurisdiction only over cases in which no sufficient legal remedy existed. Section 25 of the act enabled the Supreme Court—under the same limited circumstances applying to cases in law—to review an equity decision made by the highest court of a state.*

10. The Accused now demands that the attorney (Glen Shrayer) for the Plaintiff in this matter step forward with an offer of SUFFICIENT proof that the Accused has either forfeited or lost his status as a citizen of the Massachusetts Republic, and

thereby demonstrate that the Accused is a "resident" of Florida subject to Florida jurisdiction, and/or provide evidence that the Accused can be compelled to perform to the letter of every civil statute by proving he is either an immigrant alien, a statutory resident (14th Amendment citizen), a juristic person (corporation), or an enfranchised person (i.e., one who has knowingly, willingly and voluntarily entered into an agreement for the exercise of a privilege or the receipt of a benefit and for the attendant considerations carried with the grant of that privilege or benefit). Additionally, the plaintiff's counsel must step forward with proof of the Accused being subject to statutory jurisdiction and therefore, provide proof of the Accused having "substantial contacts" in Florida and/or committed a tortious act *within* Florida with evidence of the alleged act itself being a tort under Florida and Federal law.

11. Once jurisdiction is challenged, this Court must sit on the Law side of its jurisdiction as a neutral arbitrator, before the allegations of statutory wrongdoing can proceed. Failure to do so may subject the Judge(s) of these proceedings in this Court to charges of perjury for violating the oath of office by refusing to uphold and protect the rights guaranteed and protected by the Constitution of the United States of America.

12. The Accused Massachusetts citizen requests that this Court take judicial notice that he is being compelled to mediate and hearings against his will to enter this Court in-person 1,300 miles from his home in which he is under no obligation to participate without PERSONAM jurisdiction being proven. The Accused hereby contends that the allegations are founded upon misleading information willingly brought forward by the plaintiff, and false conclusions of law by the plaintiff's attorney Glen Shrayer.

## DEMAND FOR PROOF OF JURISDICTION
## AND
## PROOF OF ALL ALLEGATIONS

The Accused reserves the right at anytime to challenge jurisdiction and ask for PROOF of jurisdiction as herein, which has yet to be properly presented. "Jurisdiction can be challenged at any time." Basso v. Utah Power & Light Co., 495 F 2nd 906 at 910.

"It is axiomatic that the moving party bringing the claim forward must always prove territorial jurisdiction over a crime in order to sustain a conviction. " U.S. v. Benson, 495 F.2d, at 481 (5th Cir., 1974). The plaintiff in this matter failed to prove jurisdiction over the Accused (LABELLE) beyond the allegations in his claim.

"The law provides that once State and Federal Jurisdiction has been challenged, it must

be proven." Main v. Thiboutot, 100 S. Ct. 2502 (1980). The Accused in this matter puts the Court on notice that he has challenged jurisdiction and DEMANDS proof of jurisdiction. "Where there is absence of PROOF of jurisdiction (as in this matter) all administrative and judicial proceedings are a nullity, and confer no right, offer no protection, and afford no justification, and may be rejected upon direct collateral attack." Thompson v Tolmie, 2 Pet. 157, 7 L. Ed. 381; and Griffith v. Frazier, 8 Cr. 9, 3 L. Ed. 471.

The Accused herewith reserves the right to have jurisdiction PROVEN, and if properly demonstrated, to have it presented on the record of the administrative agency and all administrative proceedings, which thus to the best of my knowlege does not appear to be shown. The law requires proof of jurisdiction to appear on the record of the administrative agency and ALL administrative proceedings. Hagans v. Lavine, 415 U. S. 533.

## FEDERAL COURT JURISDICTION

"The jurisdiction of a federal court must affirmatively and distinctly appear and cannot be helped by presumptions or by argumentive inferences drawn from the pleadings." Norton v. Larney, 266 U.S. 511, 515, 45 S. Ct. 145, 69 L.Ed. 413 (1925). Accord, Bender v. Williamsport Area Schools District, 475 U.S. 534, 106 S.Ct. 1326, 1334, 89 L.Ed.2d 501, rehearing denied, 106 S.Ct. 2003 (1986); Nor can a contester's allegations of jurisdiction be read in isolation from the Complaint's FACTUAL ALLEGATIONS, Schilling v. Rogers, 363 U.S. 666, 676, 80 S.Ct. 1288, 4 L.Ed.2d 1478 (1960), nor can jurisdiction be effectively established by OMITTING FACTS omitting which would establish that it does not exist. Lambert Run Coal Co. v. Baltimore & Ohio R. Co., 258 U.S. 377, 382, 42 S.Ct. 349, 66 L.Ed. 671 (1922). Nor can jurisdiction be "gleaned from the briefs and arguments" of the Plaintiff. Bender supra, 106 S.Ct. At1334.

In this matter, the PLAINTIFF has failed on all accounts to demonstrate proper jurisdiction, and this Court cannot base jurisdiction strictly on the plaintiff's claim without supportive documentation proving the source of defamation and proving jurisdiction. The Accused hereby DEMANDS the plaintiff provides PROOF of all 334 allegations, and PROOF of proper jurisdiction beyond statutory jurisdiction which the Accused is under no obligation as per Federal law and the United Sates Constitution.

This is a MOTION TO COMPEL DISCOVERY to gather evidence, which my rights under the United States Constitution allow me, to ask for and be provided the necessary evidence that can clarify and prove beyond a reasonable doubt all allegations in the

claim in controversy. The plaintiff's complaint contains multiple false and misleading allegations, and fails to clearly separate the Accused from other Defendants in this matter. Rather the allegations in his weak claim are directed toward groups rather than individuals such as "LaBelle and Guberman, "LaBelle, "Levinson and Guberman," and so on, clearly demonstrating the plaintiff's lack of knowledge in his own allegations. Therefore, the Accused DEMANDS proof with sufficient evidence of his alleged actions/motive as an INDIVIDUAL, including proof of *his* contacts in Florida, and proof of *his* alleged involvement in the "tort" claim brought forward by the plaintiff.

As the Accused, I'm under no legal obligation to prove I don't have business contacts in Florida. Additionally I'm under no obligation to prove I don't have "substantial business" in Florida as alleged by the plaintiff. Nor am I under any obligation to prove I've never committed a tortious act within Florida. The burden of proof is on the plaintiff and only the plaintiff. The claim is lacking in supportive affidavits, disregarded legal sufficiency, did not demonstrate any damages, and failed to show proper proof of jurisdiction. Therefore, the Plaintiff's claim fails to satisfy the laws of both Federal Jurisdiction and Florida Statutory Jurisdiction.

Respectfully submitted,

with explicit reservation of all my unalienable rights

and without prejudice to any of my unalienable rights,

Donald Labelle