UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER MARK PARIS, and
OXEBRIDGE QUALITY RESOURCES
 INTERNATIONAL, LLC

    Plaintiffs

v.

GUBERMAN PMC, a Connecticut
Corporation, DARYL GUBERMAN,
an Individual, DONALD LABELLE,
an Individual

    Defendants

_____/

Case No. 8:19-cv-00423

Judge William F. Jung
Magistrate Judge Sean P. Flynn

## MOTION IN SUPPORT OF CONTEMPT AGAINST GUBERMAN PMC, DARYL GUBERMAN, AND DONALD LABELLE

Plaintiffs, Christopher Mark Paris and Oxebridge Quality Resources International, LLC, through undersigned counsel, hereby files this MOTION IN SUPPORT OF CONTEMPT ("hereinafter "Motion") AGAINST GUBERMAN PMC, a Connecticut Corporation, DARYL GUBERMAN ("Guberman"), an Individual, and DONALD LABELLE ("Labelle"), an Individual, (collectively, "The Defendants") for not complying with the endorsed order requiring that a notice of mediator selection be filed by December 31, 2019 (doc. 76), not attending mediation the subsequent telephonic hearing on January 3, 2020, not attending the mediation that occurred on January 27, 2020, and failing to attend the Order to Show Cause Hearing on January 28, 2020.

### CASE HISTORY

The Court denied all the Motions to dismiss filed by Labelle and Guberman on

July 9, 2019, finding that the Plaintiffs had established both personal and subject matter jurisdiction (Doc. 57) over the Defendants. On July 11, 2019, the Court entered a default against Guberman, PMC for failing to obtain counsel. Subsequently, Bruce Minnick filed an appearance and that default was vacated. Since that time the Defendants have acted with utter disdain to the Court and have made a mockery of the judicial proceedings. In addition, Guberman and Labelle have filed several additional motions to dismiss after the Court ruled (Doc. 57). The Order to Show Cause filed by the Plaintiffs on January 1, 2020 resulted in a telephonic hearing scheduled on January 3, 2020. The Defendants failed to attend that hearing. Counsel for Guberman PMC failed to call in to the hearing and only attended because the Court called his office directly.

During that hearing the Court was very clear that all parties would be required to attend mediation and an order to show cause hearing was set. Subsequently, without obtaining permission of the Court Guberman, Labelle, and counsel for Guberman PMC, Bruce Minnick, all failed to attend in person both the mediation and the Order to Show Cause Hearing. Upon information and belief, the Defendants failed to even telephone in for the Show Cause Hearing on January 28, 2020. Accordingly, it is hereby requested that all parties, including counsel for Guberman PMC, are sanctioned. Simply put, the Defendants in asserting themselves as sovereign citizens do not believe they are subject to the jurisdiction of the federal court.

On January 19, 2020, Guberman posted a video on his YouTube channel entitled "Crooked Lawyers & Judges: Americans Must Fight Today's Corrupt Legal System," https://www.youtube.com/watch?v=FWtkuprq79U. In the video he references the corrupt legal system in Florida. This is one of several videos in which he criticizes the

legal system in the USA. Also, rather, than appearing at the court ordered mediation on January 27, 2020, Guberman instead published fifteen Youtube videos. Instead of appearing at the Order to Show Cause Hearing the following day, Guberman posted an additional three Youtube videos on his channel. This is a blatant act of defiance.

It is hereby requested that each respective Defendant is fined in the amount of $500 a day until they come into compliance with the Court Orders, an amount which can be purged with compliance herein, that reasonable attorney fees and costs are awarded the Plaintiffs, that the Defendants pleadings are stricken and defaults are entered against them, and that bench warrants are issued for both Guberman and Labelle.

## I. ARGUMENT & AUTHORITIES

### A. Legal Standard

**To prevail on a motion for civil contempt, the movant must show, by clear and convincing evidence (1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order.** *FDIC v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995)(citing *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992)). "A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular or acts with knowledge of the court's order." *SEC v. First Fin. Group*, 659 F.2d 660, 669 (5th Cir. 1981). A finding of contempt is not predicated on the willfulness of the contemnor's actions. *See Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir.2000). Rather, the court must examine whether the contemnor actually failed to comply with the court's order. *Id.* In the contempt context, "clear and convincing evidence" is that "weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to truth of the allegations sought to be established, evidence so clear, direct, weighty and

3

convincing as to enable fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir.1995) (internal quotation marks omitted).

"Upon a finding of contempt, the district court has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 582 (5th Cir. 2005) (citing *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000)). In civil contempt cases, sanctions may be imposed to coerce compliance with the court's order, compensate for losses sustained as a result of the non-compliance, or both. *Am. Airlines, Inc.*, 228 F.3d at 585, citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303 (1947). Civil contempt sanctions may include a fine (coercive, conditional or compensatory), imprisonment, a combination of a fine and imprisonment, and attorneys' fees incurred in obtaining the finding of contempt. *See S.E.C. v. Amerifirst Funding, Inc.*, 3:09-CV-601-D, 2006 WL 522124, *17 (N.D. Tex. Feb. 1, 2008), aff'd in part and vacated in part, *Whitcraft v. Brown,* 570 F.3d 268 (5th Cir. 2009); *U.S. v. Scott*, 4:03-CV-1410-A, 2004 WL 1068118, *3 (N.D. Tex. Apr. 5, 2004), citing *United Mine Workers v. Bagwell*, 512 U.S. 821, 827-29 (1994).

    A.    **<u>Fine and Imprisonment</u>**

The primary purpose of a contempt sanction determines whether it is civil or criminal in nature. *Lamar Fin. Corp. v. Adams,* 918 F.2d 564, 566 (5th Cir.1990)). An order is viewed as criminal if intended to punish the contemnor and vindicate the authority of the court, and civil if intended to coerce the contemnor into compliance with a court order. *Id.* Although appropriate for either civil or criminal contempt, imprisonment is civil in nature if conditional and coercive, and criminal in nature if it is backward-looking and unconditional. *Id.* If an order is partly coercive and partly

punitive, "the criminal feature of the order is dominant." *Port v. Heard,* 764 F.2d 423, 426 (5th Cir.1985).

**B.      Attorneys' Fees**

As noted, courts have "discretion to award reasonable attorney's fees and other expenses necessary to make an innocent party whole" in a civil contempt proceeding. *Dow Chemical Co. v. Chemical Cleaning, Inc.*, 434 F.2d 1212, 1215 (5th Cir. 1970). In support of this motion, we rely on the declaration of the undersigned counsel (Exhibit "A").

WHEREFORE it is requested that the Defendants are fined a coercive daily fine in the amount $500 a day, which can be purged, that all Defendants are fined for their noncompliance with the court orders, that attorneys' fees, mediation costs, and other costs are awarded to the Plaintiffs to be split jointly and severally by the Defendants, that the Defendants pleadings are stricken and defaults are entered, and that bench warrants are issued for Guberman and Labelle and that they are extradited to Florida, with the Defendants bearing all associated costs.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and complete copy of this document was electronically filed with the clerk of courts in Broward County, Florida on the 28th day of January 2020.

Respectfully submitted,

Shrayer Law Firm, LLC.
912 South Andrews Avenue
Fort Lauderdale, FL 33316
Tel.   (954) 601-3732
Email: ghs@shrayerlaw.com

**/s/Glen H. Shrayer**

Glen H. Shrayer, Esq.
Fl Bar No. 57253