UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER MARK PARIS
and OXEBRIDGE QUALITY
RESOURCES INTERNATIONAL, LLC,

       Plaintiffs,

v.                                   Case No: 8:19-cv-00423-T-02SPF

WILLIAM LEVINSON, LEVINSON
PRODUCTIVITY SYSTEMS, PC,
a Pennsylvania corporation, GUBERMAN PMC,
a Connecticut corporation, DARYL GUBERMAN,
and DONALD LABELLE,

       Defendants.
_____/

## CERTIFICATION OF FACTS DEMONSTRATING CONTEMPT

Upon the commission of any act that constitutes civil contempt in a civil case over which a district judge presides:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii); *see also Melikhov v. Drab*, No. 2:19-CV-248-FtM-38MRM, 2019 WL 4635548, at *3 (M.D. Fla. Sept. 24, 2019). "The duty of the magistrate [judge] under this subsection is simply to investigate whether further contempt proceedings are

warranted, not to issue a contempt order." *Lapinski v. St. Croix Condo. Ass'n., Inc.*, No. 6:16-CV-1418-Orl-40GJK, 2018 WL 4381168, at *2 (M.D. Fla. Aug. 1, 2018). Rather, the "determination of whether a litigant's actions warrant the issuance of contempt sanctions is ultimately left to the discretion of the district court." *Id*.

As set forth below, Defendants Daryl Guberman ("Guberman"), Donald LaBelle ("LaBelle"), and Guberman PMC ("Defendants") committed acts of civil contempt by violating four valid, lawful, clear, and unambiguous orders (Docs. 76, 88, 92, and 93), despite having the ability to comply. *See McGregor v. Chierico,* 206 F.3d 1378, 1383 (11th Cir. 2000) (civil contempt must be shown by clear and convincing proof demonstrating that "1) the allegedly violated order was valid and lawful; 2) the order was clear, definite and unambiguous; and 3) the alleged violator had the ability to comply with the order.").

## CERTIFIED FACTS

1. On July 9, 2019, the Court determined that it had personal jurisdiction over Guberman and LaBelle. The Court found "that jurisdiction exists under the state long-arm statute and that exercise of jurisdiction would not violate due process." (Doc. 57 at 4).

2. On December 23, 2019, the Court denied motions filed by Guberman and LaBelle challenging the Court's jurisdiction. (Docs. 84, 85, 86).

**Contempt No. 1**

3. On July 8, 2019, the Court entered the Case Management and Scheduling Order, which provided: "Mediator Selection/Scheduling due by December 31, 2020." (Doc. 56).

4. On December 4, 2019, the Court entered an order clarifying the dates in the Case Management and Scheduling Order. (Doc. 76). It was clearly and unambiguously stated that "[t]he remaining parties shall take notice that a Notice of Mediator Selection and Scheduling of Mediation shall be filed on or before December 31, 2019, and the mediation must be conducted no later than January 31, 2020." (*Id.*).

5. In violation of the Court's December 4, 2019 Order (Doc. 76), Guberman, LaBelle, and Guberman PMC, did not file a Notice of Mediator Selection and Scheduling of Mediation.

6. On January 1, 2020, Plaintiffs filed a "Motion for Contempt and Order to Show Cause Against Guberman PMC, Daryl Guberman, and Donald LaBelle" (Doc. 87). Plaintiffs assert that their counsel "emailed Labelle and Guberman on several occasions to the email service addresses listed on Pacer/CM ECF, and to email addresses which [their] counsel has previously received correspondence from Guberman and Labelle, in an attempt to coordinate both mediation and deposition dates. Guberman and Labelle never responded to any such requests. . ." (Doc. 87). Neither Guberman nor LaBelle has refuted Plaintiffs' assertions.

**Contempt No. 2**

7. On January 3, 2020, the Court entered an order setting a telephonic hearing for January 7, 2020. The order clearly and unambiguously stated: "The parties are hereby ordered to appear for a telephonic hearing scheduled on the date and time set forth below [January 7, 2020 at 10:00 a.m.]." (Doc. 88).

8. Courtesy copies of the January 3, 2020 Order were emailed to Guberman and LaBelle. Both Guberman and LaBelle had actual knowledge of the hearing as evidenced by the reply emails sent to the Court.

9. Prior to the hearing, Guberman and LaBelle each emailed a brief to chambers indicating that "personal jurisdiction has been challenged and must be proven before I can proceed." The Court rejected the emails in accordance with Local Rule 3.01(f). Guberman subsequently filed his brief with the Clerk (Doc. 94, docketed Jan. 9, 2020).

10. On January 7, 2020, the Court held a telephonic hearing. Defendant Guberman PMC appeared at the hearing through counsel. Guberman and LaBelle did not appear in violation of the Court's January 3, 2020 Order (Doc. 88).

**Contempt No. 3**

11. On January 7, 2020, the Court entered the Order Appointing Mediator and Scheduling Mediation (Doc. 92). The order clearly and unambiguously scheduled the mediation for January 27, 2020 and stated that "said mediation shall not be canceled or continued without leave of Court." (*Id.*). The order was entered "in accordance with the rules governing mediation set forth in Chapter None of the Rules of the United States District Court for the Middle District of Florida." (*Id.*).

12. Local Rule 9.05(c) states: "Party Attendance Required: Unless otherwise excused by the presiding judge in writing, all parties, corporate representatives, and any other required claims professionals (insurance adjusters, etc.), shall be present at the Mediation Conference with full authority to negotiate a settlement. Failure to comply

with the attendance or settlement authority requirements may subject a party to sanctions by the Court." M.D. Fla. Loc. R. 9.05(c).

13. On January 7, 2020, the Court also entered an Order to Show Cause (Doc. 93), which stated: "Defendants are specifically cautioned that they must comply with the Court's order (Doc. 92) scheduling mediation. *See Abele v. Hernando Cty.*, 161 F. App'x 809, 813 (11th Cir. 2005) (finding that the district court has the discretion to compel mediation)." (Doc. 93 at 2).

14. Despite the Court's admonition, both Guberman and LaBelle failed to attend the mediation (Doc. 98 at 1).  Likewise, no corporate representative of Guberman PMC attended the mediation.  Guberman PMC's attorney, Bruce A. Minnick, did call into the mediation but advised the parties that he no settlement authority (Doc. 98-1).  As a result, Guberman, LaBelle, and Guberman PMC all violated the Court's Order Appointing Mediator and Scheduling Mediation (Doc. 92).

**Contempt No. 4.**

15. The January 7, 2020 Order to Show Cause (Doc. 93) also reminded Defendants that the Court had resolved all jurisdictional questions. (*Id.*).  Defendants were warned that with "[j]urisdiction having been established, Defendants are not free to disregard this Court's orders without peril." (*Id.*).  The order clearly and unambiguously stated:

   a. "Daryl Guberman and Donald LaBelle shall appear before the Court in person on **January 28, 2020, at 10:00 a.m., in Courtroom 11B, Sam Gibbons United States Courthouse, 801 N. Florida Avenue, Tampa, FL 33602**, to SHOW CAUSE why they should not be held in contempt for failure to comply with

the Court's orders (Docs. 79[1] and 88). Guberman PMC shall appear through counsel to SHOW CAUSE why it should not be held in contempt for its failure to comply with the Court's order (Doc. 7[6])"; and

b. "[A]ny any party who fails to attend the January 27, 2020 mediation, shall appear at the hearing on January 28, 2020 to SHOW CAUSE why he or it should not be held in contempt for its failure to comply with the Court's order (Doc. 92)."

(Doc. 93) (emphasis in original).

16. Guberman, LaBelle, and Guberman PMC all failed to appear at the show case hearing on January 28, 2020 in violation of the Court's Show Cause Order (Doc. 93).

**CERTIFIED**, in Tampa, Florida, on January 30, 2020.

_____
SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

---

[1] The correct docket entry number is 76.