## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## (TAMPA DIVISION)

CHRISTOPHER MARK PARIS, and
OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC

Plaintiffs,                                    Case No. 8:19-cv-00423

vs.

WILLIAM LEVINSON,
LEVINSON PRODUCTIVITY
SYSTEM, PC, a Pennsylvania
Corporation

_____/

STATE OF FLORIDA                 /

COUNTY OF HILLSBOROUGH   /

### ANSWER TO SHOW CAUSE
### AND CHALLENGE TO
### FLORIDA'S LONG ARM STATUE

COMES NOW, pro se defendant Daryl Guberman's ANSWER to Show Cause per
Document 104 ordered by Judge William Jung on January 30, 2020.

Defendant will first address the matter of receiving confusing and conflicting
information from his counsel Bruce Minnick. In an a email (Exhibit A) dated 12/27/19,
defendant's counsel informed Guberman there was 'no law for attending the court-order
mediation. Counsel's email to defendant stated: *"This is America Daryl. For the most
part, all the laws of this country--and those of most states--PROHIBIT people from
doing something--as opposed to forcing them to do something they do not want to do. So
no; I am not aware of any law forcing you to attend the court-ordered mediation--nor to
do anything else Daryl--except perhaps the IRS Code?"*

Therefore, as result of counsel's answer about attending the court-ordered meditation,
defendant found no reason to attend since no law is on record that requires a person to
be coerced into mediation without proof of jurisdiction. Moreover, all parties, including
the plaintiff's counsel and the Florida Mediator (Christopher Barker, Tampa, FL) was all

informed beforehand by certified mail of the defendant NOT attending the mediation without PROOF of jurisdiction. Despite the notification, the meeting took place without defendant being present, even though all parties were aware (including the Court) of defendants' decision not to attend without jurisdiction being PROVEN ON RECORD. It's further noted, the mediator (Christopher Barker) was selected by the plaintiff's attorney and approved by the Court, without approval of the defendant, clearly demonstrating lack of fair play. An important requirement or standard of fairness of a court's assertion of personal jurisdiction over a nonresident defendant is fair play to ensure defendant's right to due process. In *International Shoe Co. v. Washington*, the Supreme Court held that in order for a state court to exercise jurisdiction over a defendant whose residence is elsewhere, the court must establish and PROVE that the defendant has such minimum contacts with the state to exercise jurisdiction over the defendant so it does not offend traditional notions of fair play and substantial justice.

Further, defendant's counsel (Bruce Minnick) informed defendant by e-mail (Exhibit A) dated 1/16/20 the following: "*Nearly everything you see when litigating in any court-federal or state-is an illusion, in the political world we call all of it "blue smoke and mirrors."* The explanation from defendant's counsel in regards of 'litigation' further convinced Guberman not to engage in the court-order mediation proceedings. The confusing and often conflicting advice from defendant's counsel alone shows enough cause for defendant not engaging in the process. Additionally, the fact remains the claim is lacking in factual and legal sufficiency and contains false and misleading allegations. Further, the court has failed to show PROOF of jurisdiction when challenged, and rather, is relying primarily on the plaintiff's allegations which defendant has proven to be factually insufficient, while ignoring defendant's motion and affidavit for plaintiff to show proof of jurisdiction with supporting documents showing minimum contacts. Moreover, the plaintiff failed to demonstrate the source of alleged damages.

## PLAINTIFF'S CLAIM HAS BEEN PROVEN TO LACK FACTUAL SUFFICIENCY

This court has cited Florida's Long-Arm Statue as the means for personal jurisdiction without performing its due diligence to have the plaintiff properly demonstrate if defendant has 'minimum contacts' within Florida as alleged, or if defendant committed a tortious act within Florida. Further, the Court failed to place that burden on the plaintiff and ignored an uncontested Affidavit submitted by the defendant which would of clarified the allegations in controversy, specifically the defendant's lack of contacts in Florida, and the plaintiff's bogus accusation of a tortious act.

The following Florida companies claimed by the plaintiff all be alleged customers and/or marketing contacts of the defendant has now been PROVEN TO BE FALSE as shown in Exhibit B. Therefore, the plaintiff knowingly misled the Court by falsely

naming these Florida companies as "customers" of the defendant(s) Collins Manufacturing (Apopka, FL), Florida Metal Craft (Winter Garden, FL), Innovative Products of Florida (St. Petersburg, FL), The Stimpson Company (Pompano Beach, FL), and UltraTech International (Jacksonville, FL).

Exhibit B are copies of e-mails/letters in response of a CERTIFIED LETTER sent by the defendant to the aforementioned Florida companies the plaintiff maliciously claimed to be "customers" of the defendant. This NOW debunks the plaintiff's claim of defendant having contacts in Florida, and demonstrates the claim to be FRIVILOUS. Note that every single Florida-based company alleged by the plaintiff to be a "customer" of defendant Guberman and/or other defendant(s), is NOW been proven to be FALSE.

## DEFENDANT IS NOT SUBJECT TO FLORIDA'S LONG ARM STATUE

1. Since it has now been established the defendant lacks "minimum contacts" in Florida this court is proceeding without jurisdiction. *Fla. Stat. § 48.193(1)(a). Second, section 48.193(2)* states a defendant must engage in "*substantial and not isolated" activities* within Florida to be subject to general personal jurisdiction. Further, Florida courts have held that "substantial and not isolated" means "*continuous and systematic general business contact.*" The plaintiff deceptively named the five Florida companies as "contacts" which the defendant has proven with documented evidence to be a phony claim. Therefore, the plaintiff has failed to properly demonstrate defendant having even a SINGLE business contact in Florida as per requirement of Statue 48.193 (1) (a) which states: "*Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.*"

2. The plaintiff also falsely claimed the defendant committed an alleged tort as per Florida Long-Arm Statue by citing a recorded phone call as a "tortious act." On June 21, 2017 the plaintiff called a Connecticut customer of the defendant and threatened the customer she will be subject to a federal lawsuit after she indicated Guberman helped her business achieve ISO certification. (Note: The plaintiff CHRISTOPHER MARK PARIS has called numerous customers of the defendant and threatened them with a "robust lawsuit" for doing business with Guberman). Furthermore, as per State and Federal law, the recorded phone call is NOT a 'tortious act' as alleged by the plaintiff and his attorney Glenn Shrayer who either lacks an understanding of laws as related to recorded phone calls, or purposely misled the court in attempt to gain jurisdiction by claiming a bogus tortious act.

3. The issue of a recorded phone call being subject to a tort was ruled on by the Second District Court of Appeal expressly receded from *Neely Kountze v.*

*Kountze, 996 So.2d 246 (Fla. 2d DCA 2008)*. In its unanimous decision, the Kountze court determined that a Florida statute creating a private cause of action for the non-consensual interception of a communication originating within Florida CANNOT BY LAW transform a defendant's out-of-state act of recording that communication, standing alone, into a tortious act within Florida for jurisdictional purposes. In reaching its conclusion, the Kountze court acknowledged that it was influenced by the fact that the act was neither illegal in the state where the defendant "actually committed it," nor under the federal law applicable to interstate telephone calls (Id. At 252). Therefore, it fails to meet the requirements for jurisdiction on a non-resident of Florida, whether it be Florida's Long-Arm Statue as well as Federal Law. The ruling clarifies the fact an individual may record a call without one's consent as long as he or she is one of the participants of the call. In this matter, Guberman was not only a participant in the call, but the primary subject matter of the conversation. The recording is submitted herein to the Court as evidence (Exhibit C) in both audio and transcript form.

4. As per the issue of the alleged online defamation as per Florida's Long-Arm Statue being a so-called tortious act in the form of "downloaded communications (e-mails, videos, social media)." The Eleventh Circuit noted, however, that the Florida Supreme Court had not yet addressed whether postings to an out-of-state website about a company in Florida constituted "electronic communications into Florida" for purposes of satisfying the long-arm statute and certified that question to the Florida Supreme Court. Additionally, the Florida Supreme Court, however, expressly declined to address the due process implications of its ruling, leaving the right for defendants to challenge Florida's long-arm statute by raising Constitutional concerns, particularly the Fourteenth Amendment's due process requirements, as defendant now raises in this matter as followed.

## <u>VIOLATION OF DEFENDANTS'</u><br><u>FOURTEENTH AMENDDENT RIGHTS</u>

*International Shoe Co. v. Washington, 326 U.S. 310*, was a landmark decision of the Supreme Court of the United States in which the Court held that a party, particularly a corporation, may be subject to the jurisdiction of a State court if it has "minimum contacts" with that state. *In International Shoe*, the U.S. Supreme Court stated that if a court wants to assert personal jurisdiction over an out-of-state defendant, the defendant must have enough contact within the state so that it would be fair for the court to assert jurisdiction over the defendant. More specifically, the Court ruled that there must be enough contact such that jurisdiction would not violate the Due Process Clause of the 14th Amendment for lack of "minimum contacts." The ruling warns, *no state can assert personal jurisdiction if the defendant lacks minimum contacts – – if jurisdiction would violate due process*. Courts in one state cannot assert personal jurisdiction over

defendants beyond their borders in another state if it would violate due process or fair play.  Without minimum contacts, there can be no personal jurisdiction.

## SUBJECTING DEFENDANT TO ANY FURTHER PROCEEDINGS VIOLATES DUE PROCESS

This Court is now put on notice of any further Orders directed to defendant without dismissing this action is grounds for legal action in which defendant will hold all opposing parties liable for violating defendant's due process in this malicious claim that clearly lacks jurisdiction and filed by the Petitioner to burden and further harass the defendant(s) in his ongoing smear campaign of over eight years. Evidence has been provided to the Court of the plaintiff's smear campaign of 8-plus years of the defendant.

The plaintiff (CHRISTOPER MARK PARIS a/k/a Mark Erwin, Chris Erwin, Chris Paris) and the plaintiff's attorney (Glenn Shrayer) have made a mockery of this court by submitting a false and misleading complaint in which they knowingly lied about defendant having "substantial business" in Florida, and misled the court with an unproven defamation claim. Further this court has failed to properly show proof of jurisdiction when proof was merited and challenged by the defendant. The court relied primarily on the plaintiff's misleading allegations and cited Florida's Long Arm Statue which has now been clearly demonstrated to be irrelevant in this matter:

1. "A court may not render a judgment which transcends the limits of its authority, and a judgment is void if it is beyond the powers granted to the court by the law of its organization, even where the court has jurisdiction over the parties and the subject matter. Thus, if a court is authorized by statute to entertain jurisdiction in a particular case only, and undertakes to exercise the jurisdiction conferred in a case to which the statute has no application, the judgment rendered is void." *46 Am. Jur. 2d, Judgments § 25, pp. 388-89*

2. "The lack of statutory authority to make particular order or a judgment is akin to lack of subject matter jurisdiction and is subject to collateral attack." *46 Am. Jur. 2d, Judgments § 25, pp. 388-89*

3. "A void judgment is to be distinguished from an erroneous one, in that, the latter is subject only to direct attack. A void judgment is one which, from its inception, was a complete nullity and without legal effect." *Lubben v. Selective Service System, 453 F.2d 645, 649 (1st Cir. 1972).*

4. "A judgment rendered by a court without personal jurisdiction over the defendant is void. It is a nullity. [A judgment shown to be void for lack of personal service on the defendant is a nullity.]" *Sramek v. Sramek, 17 Kan. App.2d 573, 576-77, 840 P.2d 553 (1992), rev. denied 252 Kan. 1093 (1993).*

5. "Where there are no depositions, admissions, or affidavits the court has no facts to rely on for a summary determination." *Trinsey v. Pagliaro, D.C. Pa. 1964, 229*

*F.Supp. 647.* (Note: Defendant's two affidavits have been ignored by this Court and went deliberately unanswered. Whereas, the plaintiff has failed to provide an affidavit, failed to provide even a single witness, and failed to prove damages).

6. "A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and well established law that a void order can be challenged in any court." *Old Wayne Mut. L. Assoc. v. Mcdonough, 204 U.S. 8, 27 S.Ct. 236 (1907).*

7. "The law is well-settled that a void order or judgment is void even before reversal." *Valley v. Northern Fire & Marine Ins. Co., 254 U.S. 348, 41 S.Ct. 116 (1920).*

8. "Courts are constituted by authority and they cannot go beyond that power delegated to them. If they act beyond that authority, and certainly in contravention of it, their judgments and orders are regarded as nullities; they are not voidable, but simply void, and this even prior to reversal." *Williamson v. Berry, 8 HOW. 945, 540 12 L.Ed. 1170, 1189 (1850).*

9. "Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but rather should dismiss the action." *Melo v. U.S., 505 F.2d 1026.* (In this case, jurisdiction has been challenged and NOT proven!).

10. "There is no discretion to ignore lack of jurisdiction." *Joyce v. U.S., 474 2D 215.*

11. "The burden shifts to the court to prove jurisdiction." *Rosemond v. Lambert, 469 F.2d 416.*

12. "Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted." *Latana v. Hopper, 102 F. 2d 188; Chicago v. New York, 37 F.Supp. 150.*

13. "The law provides that, once State and Federal Jurisdiction has been challenged, it must be proven." *Main v. Thibotout, 100 S.Ct. 2502 (1980).*

14. "Jurisdiction can be challenged at any time." *Basso v. Utah Power & Light Co., 495 F.2d 906, 910.*

15. "Defense of lack of jurisdiction over the subject matter may be raised at any time, even on appeal." *Hill Top Developers v. Holiday Pines Service Corp., 478 So.2d. 368 (Fla.2nd DCA 1985).*

16. "Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted." *Lantana v. Hopper, 102 F. 2d 188; Chicago v. New York, 37 F. Supp. 150.*

17. "Once challenged, jurisdiction cannot be assumed, it must be proved to exist." *Stuck v. Medical Examiners, 94 Ca.2d 751. 211 P.2d 389.*

18. "Jurisdiction, once challenged, cannot be assumed and must be decided." *Main v. Thibotout, 100 S.Ct. 2502 (1980).*

19. "The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings." *Hagans v Lavine, 415 U.S. 533.* (Note: This court has failed to show proof of jurisdiction on all administrative records despite repeated requests by multiple defendants).

20. "A judgment obtained without jurisdiction over the defendant is void." *Overby v. Overby, 457 S.W.2d 851 (Tenn. 1970), Volume 20; Corpus Juris, Sec. § 1785.*

21. "Challenge to court's jurisdiction is raised by motion to dismiss." *Criterion Co. v. State, 458 So.2d. 22 (Fla.1st DCA 1984).*

22. "Since jurisdiction is fundamental, and it is jurisdiction alone that gives a court power to hear, determine, and pronounce judgment on the issues before it, jurisdiction must be continuing in the court throughout the proceedings." *Re. Cavitt, 254, P.599*

23. "Since jurisdiction is fundamental to any valid judicial proceeding, the first question that must be determined by a trial court in any case is that of jurisdiction." *Dillon v. Dillon, 187, P.27.*

## THE U.S. CONSTITUTION
## OVER-RULES
## FLORIDA'S LONG-ARM STATUE

Statutes, acts, ordinances and codes ARE NOT laws, they are legislative "RULES" of a society. Legislative rules of a society are given force through law. Law proceed rules.

Maxim of law: Government can only control what it creates. (The power which is derived cannot be greater than that from which it is derived.) Therefore, defendant is not subject to Florida's Long-Arm Statue 48.193 because the U.S. Constitution is the law of the land, and defendant has proven on record the plaintiff's claim is false and misleading. The plaintiff is weaponizing this court to harass and burden defendant.

***U.S. Constitution, Article Six, Clause 2:*** (The Supremacy Clause of the U.S. Constitution) "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; *and Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding.*"

***Marbury v. Madison : 5 US 137 (1803):***
"No provision of the Constitution is designed to be without effect," "Anything that is in conflict is null and void of law", "Clearly, for a secondary law to come in conflict with the supreme Law was illogical, for certainly, the *supreme Law would prevail over all other laws and certainly our forefathers had intended that the supreme Law would be the bases of all law and for any law to come in conflict would be null and void of law,* it would bare no power to enforce, in would bare no obligation to obey, it would purport to settle as if it had never existed, for unconstitutionality would date from the enactment of such a law, not from the date so branded in an open court of law, no courts are bound to uphold it, and no Citizens are bound to obey it. It operates as a near nullity or a fiction of

law." *(If any statement, within any law, which is passed, is unconstitutional, the whole law is unconstitutional.)* In this matter, subjecting defendant to a Florida Statue without proof of defendant having "minimum contacts" in Florida violates his due process.

**U.S. v. Butler. 279 U.S. 116 (1929)**:
"The judicial branch has only one duty, to lay the *Article of the Constitution which is involved beside the statute* (rule or practice) which is challenged and to decide whether the latter squares with the former."

**Norton v. Shelby County 118 USR 425 (1886):**
"An unconstitutional act is not law. It confers no rights, it imposes no duties, it affords no protections, it creates no office. It is in legal contemplation as inoperative as though it has never been passed." Further, "The court follows the decision of the highest court of the state, in construing the constitution and the laws of the state unless they conflict with or impair the efficacy of some principle of the Federal Constitution or of the Federal Statutes or rule of the commercial or general law. The decision of the state court's in questions relating to the existence of its subordinate tribunals and eligibility in elections or appointment of their officers and the passage of its laws are conclusive upon Federal Courts. While acts of de facto incumbent of an office lawfully created by law. An existing or often held to be binding from reasons of public policy. The acts of the person assuming to fill and perform the duties of an office, which does not exist, can have no validity whatever in law."

**16Am Jur 2d., Const. Law Sec. 70**:
"No public policy of a state can be allowed to override the positive guarantees of the U.S. Constitution."

**16Am Jur 2d., Const. Law Sec. 155**:
"Since the constitution is intendant for the observance of the judiciary as well as other departments of government and the judges are sworn to support its provisions, the courts are not at liberty to overlook or disregard its commands or counteract evasions thereof, it is their duty in authorized proceedings to give full effect to the existing constitution and to obey all constitutional provisions irrespective of their opinion as to the wisdom or the desirability of such provisions and irrespective of the consequences, thus it is said that the courts should be in our alert to enforce the provisions of the United States Constitution and guard against their infringement by legislative fiat or otherwise in accordance with these basic principles, the rule is fixed that the duty in the proper case to declare a law unconstitutional cannot be declined and must be performed in accordance with the delivered judgment of the tribunal before which the validity of the enactment it is directly drawn into question. *If the Constitution prescribes one rule and the statute the another in a different rule, it is the duty of the courts to declare that the Constitution and not the statute governs in cases before them for judgment.*

*16Am Jur 2d., Const. Law Sec. 255*:
"In all instances, where the court exercise it's power to invalidate legislation on constitutional grounds, the conflict of the statute, with the constitution must be irreconcilable. Thus a statute is not to be declared unconstitutional unless so inconsistent with the constitution that it *cannot be enforced without a violation thereof.* A clear incompatibility between law and the constitution must exist before the judiciary is justified holding the law unconstitutional. This principle is of course in line with the rule that doubts as the constitutionality should be resolved in favor of the constitutionality and the beneficiary."

*16Am Jur 2d., Const. Law Sec. 257:*
"The actual existence of a statute prior to determination, that it is unconstitutional is an operative fact and may have consequences which can not justify being ignored, when a statute which has been in effect for some time is declared unconstitutional, questions of rights claimed to have become vested of status of prior determinations deemed to have finality an acted upon accordingly and of public policy in the light of the nature, both of the statute and of it's previous application demand examination.

*16Am Jur 2d., Const. Law Sec. 258:*
"On the other hand it is clear that Congress cannot by authorization or ratification give the slightest effect to a state law or constitution which is in conflict with the Constitution of the United States."

*16Am Jur 2d., Const. Law Sec. 260*:
"Although it is manifested that an unconstitutional provision in the statute is not cured because included in the same act with valid provisions and that there is no degrees of constitutionality."

*Owen v. Independence 100 Vol. Supreme Court Reports. 1398:(1982)*
*Main v. Thiboutot 100 Vol. Supreme Court Reports. 2502:(1982)*
"The right of action created by statute relating to deprivation under color of law, of a right secured by the constitution and the laws of the United States and comes claims which are based solely on statutory violations of Federal Law and applied to the claim that claimants had been deprived of their rights, in some capacity, to which they were entitled." "Officers of the court have no immunity when violating constitutional right, from liability" (When any public servant violates your rights they do so at their own peril.).

*Title 18 US Code Sec. 241 & Sec. 242*: It a crime for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States. If upon conviction, the public official and colluding subjects (prosecuter/attorney) are subject to a $10,000.00 fine, ten years in jail, or both.

## NOTICE OF DEFAULT FOR FAILURE TO
## ANSWER MOTION AND AFFIDAVIT

WHEREFORE, the court is NOW ON NOTICE, pro se defendant Daryl Guberman Motions the court to ANSWER the following three documents filed by defendant(s) which appear to be deliberately ignored and remains UNANSWERED:

1. Affidavit (Document 105) filed February 2, 2020 in effort to clarify the allegations in controversy, particularly plaintiff's claim of defendant having "contacts" in Florida, and plaintiff's alleged claim of a tortious act.
2. Document 94 (Filed January 9, 2020) *"Personal Jurisdiction Has Been Challenged And Must Be Proven Before I Can Proceed."*
3. Document 97 (Filed January 24, 2020) *"Motion To Compel Discovery and Demand To Order Proof of Jurisdiction."*

Defendant's affidavit STANDS AS FACT because this Court and Plaintiff did not rebut. The Accused reserves the right to have all motions/pleas and affidavits answered by this Court in a timely manner (10 days or less) with either a rebut or acquiesce. Affidavits are required to be answered, they cannot be deliberately ignored by this Court. If a filing from the defendant is declined for any reason, the defendant reserves the right to be provided an answer to allow him an opportunity to correct/challenge matters in question and/or provide additional Discovery to the Court, if merited.

## WRIT MANDAMUS
## UNITED STATES COURT OF APPEALS
## U.S. SUPREME COURT

If motions/affidavits remain unanswered, the defendant will bring this matter to the United States Court of Appeals and U.S. Supreme Court with a WRIT MANDAMUS to command an answer on all motions/affidavits from this Court. Therefore, the Judge will be put on notice to cease at once all further proceedings while defendant awaits action from a higher court to have his motion(s) and affidavit(s) answered with either a rebut or acquiesce as federal law requires. Otherwise, if proceedings continue without proof of jurisdiction, and without the aforementioned documents being answered, the Judge must dismiss this matter with prejudice on grounds of default.

Respectfully submitted,

Under penalty of perjury, the averments are true to the best of the affiant's knowledge.

Dated at Stratford, Connecticut this 12th day of February 2020.

Daryl Guberman

Signature:

Notary:

Name: Danny Casiano

Signature:

Date: February 12th , 2020

Notary seal or signature

DANNY CASIANO
Notary Public
Connecticut
My Commission Expires Nov 30, 2023

# EXHIBIT-A

# EXHIBIT-A

## From: Bruce Minnick <bammab1@gmail.com>

Date: 12/27/2019 1:22:46 PM

Subject: Re: Motion to remove judge Jung

To: Daryl Guberman-CEO <ceo@dguberman.com>

Hello?

1.  This is America Daryl.

2.  For the most part, all the laws of this country--and those of most states--PROHIBIT people from doing something--as opposed to forcing them to do something they do not want to do. .

So no; I am not aware of any law forcing you to attend the court-ordered mediation--nor to do anything else Daryl--except perhaps the IRS Code?

Thanks,

Bruce Alexander Minnick

Attorney at Law

# EXHIBIT-A

**From: Bruce Minnick <bammab1@gmail.com>**

**Date: 1/16/2020 5:35:30 PM**

Subject: Re: You said you would answer these questions

To: Daryl Guberman-CEO <ceo@dguberman.com>

17. I think very carefully before I say or do anything in the legal arena-not only because I represent other people and can make them look bad-but because I am a professional who understands how the world really works.

18. Nearly everything you see when litigating in any court-federal or state-is an illusion; in the political world we call all of it "**blue smoke and mirrors.**"

**Thanks,**

**Bruce Alexander Minnick**

**Attorney at Law**

**Definition from GOOGLE**

According to Cambridge dictionary, the definition of "smoke and mirrors" is "S*omething that is intended to make you believe that something is being done or is true, when it is not.* Merriam-Webster dictionary defines "smoke and mirrors" as "*something intended to disguise or draw attention away from an often embarrassing or unpleasant issue —usually hyphenated when used attributively.*"

# EXHIBIT-B

# EXHIBIT-B

## INNOVATIVE PRODUCTS OF FLORIDA, INC.
4651 37th STREET N.
UNIT B
ST. PETERSBURG, FL 33714
PH:   727-525-9673
FAX: 727-522-2491
EMAIL: iproducts@tampabay.rr.com

Feburary 10, 2020

Dear Mr. Guberman,

In response to your inquiry, to the best of our knowledge we have never done business with the following companies or individuals listed below.

Daryl Guberman
Guberman-PMC, LLC (Stratford, CT)
Donald LaBelle
IndustrialPR (IndustrialPR,net)
Manufacturing Partners (www.mfgpartners.net)

Sincerely,

Kevin Birnie-Visscher
(Owner)

# EXHIBIT-B

Collins Mfg., Inc
672 Johns Road
Apopka, Fl 32703



# COLLINS MANUFACTURING, INC.

*Innovative Ideas Quality & Precision*

To: Daryl Guberman                                    2/7/2020

Re: Federal Lawsuit Inquiry Letter dated 2/4/2020

Daryl:

I am writing to clarify in response to your letter of inquiry dated 2/4/2020.

According to our records and to the best of our knowledge, the following have not been customers of Collins nor has Collins had any dealings with.

**1. Daryl Guberman**
**2. Guberman-PMC, LLC (Stratford, CT)**
**3. Donald LaBelle**
**4. IndustrialPR (IndustrialPR.net)**
**5. Manufacturing Partners (www.mfgpartners.net)**

Thank you for your courtesy and cooperation.

Very truly yours,

Jim Whittaker
President
Collins Mfg., Inc.

*Innovative Ideas*
*Quality & Precision*

*(407) 889 - 9669    Fax (407) 884 - 9441*

Page 6

# EXHIBIT-B



**From:** Scott Thomas <scott_thomas@stimpson.com>
**Date:** February 7, 2020 at 2:42:04 PM EST
**To:** Daryl Guberman-CEO <ceo@dguberman.com>
**Subject: Re: Important Legal Matter**


Dear Mr. Guberman,

To clarify, in response to your correspondence dated February 4, 2020, according to our records and to the best of our knowledge, Stimpson has <u>not</u> been a customer of the following companies and/or individuals:

1. Daryl Guberman
2. Guberman-PMC, LLC (Stratford, CT)
3. Donald Labelle
4. IndustrialPR (IndustrialPR.net)
5. Manufacturing Partners (www.mfgpartners.net)

Sincerely,

**Scott Thomas**
**President**

**1515 SW 13th Court, Pompano Beach, FL 33069**
**(954) 946-3500 ext. 7224**
scott_thomas@stimpson.com

# EXHIBIT-B

# UltraTech International, Inc.

From: Harold S Lippes <hlippes@bellsouth.net>
Date: 2/11/2020 12:40:23 PM
Subject: Paris et al v. Levinson et al - Middle District of Florida Case No. 8:2019-cv-00423
To: ceo@dguberman.com
Cc: ghs@shrayerlaw.com, misaac@baumannlegal.com, mmiller@baumannlegal.com, service@tidchhauserlaw.com, bammab1@gmail.com, bammabl@gmail.com

Dear Mr. Guberman,

I represent UltraTech International, Inc. The letter you recently sent to UltraTech (copy attached) and the follow-up email you sent this morning (see below) have been referred to me for response. According to the docket in the referenced case, you are representing yourself in the litigation so I am responding directly to you. I am also sending a copy of this to the attorneys of record so all parties will be aware of UltraTech's response.

In your letter you state the Plaintiffs in the litigation have alleged that UltraTech International is a customer of the defendants named in paragraph 27 of the Complaint. I don't interpret the allegation the same way you do. The allegation states the Defendants have engaged with clients in the State of Florida, including UltraTech International. It does not look like the reference to "clients" refers to clients of the defendants. I could be wrong.

With that said, UltraTech has no record of, (i) any party to the litigation ever purchasing products from UltraTech, and (ii) UltraTech ever purchasing products or materials from any of the parties. I do not know if any of the parties has ever contacted UltraTech for some other purpose such as marketing goods or services.

Please respond by email if you have any questions.

Harold Lippes

Lippes & Bryan, P.A.

700 Ponte Vedra Lakes Blvd.

Ponte Vedra Beach, FL 32082 tel: 904.686.1500

# EXHIBIT-C

## Chris Paris Transcript    6-21-2017

## Phone Call

# EXHIBIT-C

# Chris Paris Transcript    6-21-2017

**Chris Paris:** A Pretty Robust defamation lawsuit, I want to make sure, I want to try to understand, what the relationship is with your company and Daryl Guberman. Once Again, your listed his board of advisors.

**Kelly Rak**: Uh yep, Daryl help get us ISO certified

**Chris Paris:** How does that make you on his board of advisors though

**Kelly Rak**: Oh we, we have been working for ah for the last four years and we've help each other in business.

**Chris Paris:** Ok, you understand though that any resulting lawsuit that that Guberman's Company may be involved in or any criminal investigations thereof your now going to brought into that as listed on his board of advisors.

**Daryl Guberman:**  Chris why are you doing this Chris, this is Daryl Guberman

# EXHIBIT-C

# Chris Paris Transcript    6-21-2017

**Chris Paris:** Hey Daryl, how are you?

**Daryl Guberman:**  Very good

**Chris Paris:** So to let you know --

**Daryl Guberman:**  Where are you getting the monies since your bankrupt

**Chris Paris:** Huh, a well I guess were going to have to let the adults do the talking Daryl

**Daryl Guberman:**  Alright go ahead I am adult go ahead

**Chris Paris:** No I mean the attorney's, The latest accusation you just made is that I am guilty of some sexual assault

**Daryl Guberman:**  What?

# EXHIBIT-C

# Chris Paris Transcript    6-21-2017

**Chris Paris:** And obviously

**Daryl Guberman:**   Sexual assault where?

**Chris Paris:** You know where, Daryl I wanted to have a conversation with and adult and not with you, so I am sorry, Ms. Rak I am sorry your involved in this but your going to be named in the lawsuit as well.

**Daryl Guberman:**   Well you know something you have been saying that for the last 5-6 years

**Chris Paris:** Hung up Phone