# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CHRISTOPHER MARK PARIS
and OXEBRIDGE QUALITY
RESOURCES INTERNATIONAL, LLC,

    Plaintiff,

v.                                      CASE NO. 8:19-cv-423-T-02SPF

GUBERMAN PMC, LLC,
DARYL GUBERMAN,
and DONALD LABELLE,

    Defendants.

_____/

## **ORDER**

Before the Court is Plaintiffs' Motion for Entry of Final Judgment (Dkt. 110), filed in accord with this Court's order of February 21, 2020 (Dkt. 109). In that order, Defendants Daryl Guberman, Guberman PMC, LLC, and Donald LaBelle were found in contempt of court, and a default was entered as the sanction against them. Dkt. 109. Their pleadings and defenses were stricken. *Id*. The Court notes that it finds default and these three Defendant's defalcations by clear and convincing evidence. Default was the appropriate sanction; Defendants presented no other alternative. After careful consideration of the motion, the affidavit of Christopher Paris with attachments (Dkt 110-2), the verified complaint (Dkt. 1), and the entire court file, the Court grants the motion for final judgment.

Plaintiffs Mr. Paris and his company Oxebridge Quality Resources International, LLC ("Oxebridge") serve the aerospace industry "to help organizations ensure that they meet the needs of customers and other stakeholders while meeting statutory and regulatory requirements." Dkt. 110 at 1–2. Oxebridge makes obtaining important certification levels quicker, which in turn leads to lucrative contracts for the companies. Plaintiffs developed their business using a vast knowledge of the ISO 9000 family of quality management systems standards, while Defendants competed by providing similar certifications not based on ISO 9000.

Eventually, Defendants posted defamatory content about Mr. Paris and Oxebridge on various websites. Defendants also illegally intercepted and disclosed private communications between Plaintiffs and Defendants. Plaintiffs then filed this lawsuit for defamation, tortious interference with business relationships, misrepresentation of copyright claims, abuse of process, illegal wiretapping and disclosure of intercepted communications, and other claims.

Plaintiffs were damaged by the defamatory postings on the websites listed at docket 110-1. They lost existing contracts, many bids, and their good professional reputation. The exhibits attached to the affidavit list the lost business bids for the years 2018 and 2019, which totals $1,614,350.00. Dkt. 110-2.

In addition to compensatory damages, Plaintiffs sought in the complaint both punitive damages and injunctive relief under the Florida and United States wiretap statutes.[1] Dkt. 1 at 59–61 (Counts VIII, IX, X). Plaintiffs now seek $500,000.00 in punitive damages and an injunction barring any additional interceptions and ordering Defendants to remove from the world wide web a taped recording of the June 22, 2017 telephone call between the Mr. Paris and Mr. Guberman.

The Court finds the amount of compensatory damages for the lost bids is a sum certain and therefore a hearing is not necessary. Punitive damages, however, require a hearing. *See, e.g.*, *Jenkins v. Clerk of Court, U.S. Dist. Ct., So. Dist. of Fla.*, 105 F. App'x 988, 989–90 (11th Cir. 2005) ("Punitive damages are not a certain or ascertainable sum, and cannot be entered without a hearing."); *Johnson v. New Destiny Christian Ctr. Church, Inc.*, 324 F.R.D. 404 (M.D. Fla. Jan. 2, 2018) (imposing sanction of default for defendants' refusal to comply with discovery orders; set trial on punitive damages). Additionally, punitive damages are discretionary under both the federal and Florida wiretap statutes. *See Vista Marketing, LLC v. Burkett*, 812 F. 3d 954 (11th Cir. 2016) (noting 1986 amendment to wiretap statute made award of damages discretionary by changing "shall" to "may" and citing *Direct TV, Inc. v. Brown*, 371 F.3d 814, 817–18 (11th Cir. 2004)). Apart from the malicious and wanton defamatory acts both alleged

---

[1] Fla. Stat. § 934.10; 18 U.S.C. §§ 2511(1)(A) & (C).

and averred, neither the complaint nor the affidavit establishes the wiretap violation of the 2017 telephone call mandates punitive damages.

It is therefore **ORDERED AND ADJUDGED**:

1) Defendants shall remove any recording of the intercepted communication of June 22, 2017 from the world wide web.

2) Defendants shall remove the defaming posts listed at docket 110-1 and attached as an appendix to this Order.

3) The Clerk is directed to enter final default judgment in favor of Plaintiffs and against Defendants Daryl Guberman, Guberman PMC, LLC, and Donald LaBelle in the amount of $1,614,350.00 as compensatory damages, together with post-judgment interest.

4) The Clerk is directed to close the case.

**DONE AND ORDERED** at Tampa, Florida, on May 18, 2020.

WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE