UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER MARK PARIS, and
OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC

  Plaintiffs

v.

GUBERMAN PMC, a Connecticut
Corporation, DARYL GUBERMAN,
an Individual, DONALD LABELLE,
an Individual

  Defendants

_____/

Case No. 8:19-cv-00423

Judge William F. Jung
Magistrate Judge Sean P. Flynn

**PLAINTIFFS' EMERGENCY MOTION FOR CLARIFICATION OF ENTRY OF FINAL ORDER, AND MOTION FOR CONTEMPT, AGAINST DEFENDANTS DARYL GUBERMAN, GUBERMAN PMC, LLC, AND DONALD LABELLE**

Plaintiff, Christopher Mark Paris ("Paris") hereby moves the Court, pursuant to Pursuant to Federal Rule of Civil Procedure 7(b)(1) and 60(a), which states that a court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record, to clarify its Order on Motion for Entry of Final Judgment (Doc. 111) against Defendants GUBERMAN PMC, a Connecticut Corporation, DARYL GUBERMAN ("Guberman"), an Individual, DONALD LABELLE ("Labelle"), an Individual (hereinafter "Defendants"), to include that the Defendants have 45 days to fill out a fact information sheet, that the Court retains jurisdiction to enforce the terms of Doc. 111, and holding Defendants LaBelle, Guberman and Guberman PMC in contempt for not complying with the injunctive relief specified the Order on Motion for Entry of Final Judgment (Doc. 111), and states in support as follows:

1

## FACTUAL BACKGROUND

1. On May 18, 2020, the Honorable Court entered an Order on the Plaintiff's Motion for Final Default Judgment against the Defendants (Doc. 111).

2. On May 19, 2020, Clerk Elizabeth Warren entered the final default judgment into the record and closed the case (Doc. 112).

3. Subsequently, rather than complying with the terms of the Final Judgment, the Defendants have unleashed new defamatory material that insults the Plaintiffs' business and openly calls into question the integrity of the Court.

4. In addition, the Guberman posted Plaintiffs' trade secrets, publishing Oxebridge's pricing information.

5. Florida courts have acknowledged that circumstances in which an offending party poses an interference with another's business provides an exception to the general rule against injunctive relief and a prior restraint on speech.

6. It is hereby requested that the Honorable Court clarifies the terms of the Order on the Plaintiff's Motion for Final Default Judgment against the Defendants, specifically that

   A) This court retains jurisdiction to enforce the injunction specified in the entry of the final order (Doc. 111);

   B) That Labelle, Guberman, and Guberman PMC be held in contempt for failing to comply with the terms of The Order on Motion for Entry of Final Judgment (Doc. 111);

   C) That Defendant Daryl Guberman, Guberman PMC, and Donald Labelle are ordered to fill out a fact information sheet within 45 days pursuant to Fla. R. Civ. P. 1.560(b);

   D) That Defendants are hereby ordered to stop to defaming and disparaging Plaintiffs business.

## PROCEDURAL HISTORY

7.     The Defendants have made a mockery of the judicial process throughout these proceedings blatantly ignoring the rulings of this Court in numerous instances, which was chronicled in the original Motion for Entry of Final Judgment (Doc. 110) and the Certification of Facts Demonstrating Contempt (Doc. 103).

8.     Subsequently, after an order on the Plaintiff's Motion for Final Default Judgment against the Defendants (Doc. 111) was entered, counsel for Guberman PMC, Bruce Minnick, was noticed of Daryl Guberman and Guberman PMC's non-compliance with the Order on Motion for Entry of Final Judgment on June 10, 2020.

9.     However, rather, than comply with the Court Order, the Defendants have openly mocked and defied the Court. Defendant Guberman and Guberman PMC has gone on rants on Youtube in which he defames Honorable Judge William Jung and the Plaintiffs.

10.    Guberman PMC and Daryl Guberman have posted numerous videos on his Youtube Channel stating that "Trump appointed Judge William Jung has declared himself King of the USA;" various videos can be found in the following link, which takes you to Guberman's YouTube Channel: https://www.youtube.com/channel/UC0ZYWA9cxqRglv2gq717OcA

11.    In a post from June 10, 2020, entitled "Defendant Trump-Appointed Judge William Jung America's First 'King' DEFs Prove NO DEF- Part-2' Plaintiff Lied", https://www.youtube.com/watch?v=IyUFBDelOKM, Defendant Guberman holds up the Court Order (Doc. 111) and openly refuses to comply with the terms therein. Defendant Guberman also in this video reads aloud a transcript of a video, which the Court deemed to be the result of an illegal wiretap that Guberman was ordered to remove from the Internet.

12.    As of this filing, Defendant Guberman has published a total of fourteen such videos. Each of these videos then goes on not only defame Judge Jung, but repeatedly refers to the Plaintiff

3

as "Anti-American" and makes numerous false and defamatory claims about the Plaintiff. The current videos may be found as follows:

- a) Did Trump-Appointed Judge William Jung Crown Himself 'King of USA?'- #1
https://youtu.be/Bse2JtC5XzQ
- b) Did Trump-Appointed Judge William Jung Crown Himself 'King of USA?'- #2
https://youtu.be/8R9j-YwAqW4
- c) Did Trump-Appointed Judge William Jung Crown Himself 'King of USA?'- #3
https://youtu.be/HkIem7pKsEI
- d) Did Trump-Appointed Judge William Jung Crown Himself 'King of USA?'- #4
https://youtu.be/A9t63rAq5Zg
- e) Did Trump-Appointed Judge William Jung Crown Himself 'King of USA?'- #5
https://youtu.be/KXnViuIDW9A (See attached Exhibit "A").
- f) Did Trump-Appointed Judge William Jung Crown Himself 'King of USA?'- #6
https://youtu.be/VTLY6SKRUIo
- g) Nazi-like Judge William Jung Orders Jew To Laborious Work Without Pay
https://youtu.be/EJ-7nnfso_M
- h) Trump-Appointed Judge William Jung America's First "King" DEF Atty States No Median-Court is CHARADE
https://youtu.be/zFrs1i7-ll c
- i) Trump-Appointed Judge William Jung America's First "King" "Defendants Prove NO Jurisdiction" https://youtu.be/OK6mc3H4pCE
- j) Congress Asked To Impeach Tyrant Judge William Jung For Unconstitutional Acts & Violations Of Oath
https://youtu.be/rVUSz0kWT2o
- k) Trump-Appointed Judge William Jung America's First "King" DEFs Prove NO DEF-Part-1" Plaintiff Lied
https://youtu.be/TOthN9CBhXI
- l) Trump-Appointed Judge William Jung America's First "King" DEFs Prove NO DEF-Part-2" Plaintiff Lied
https://youtu.be/IyUFBDelOKM
- m) Unconstitutional Ruling Forces Writ Mandamus On Trump Appointed "Federal Judge William Frederic Jung"
https://youtu.be/kvdhJtoM5kw
- n) Trump-Appointed Judge Reminded Of His Oath After Unconstitutional Bias Judgment
https://www.youtube.com/watch?v=LJMoa8McX_c

13.     In some of the videos, Defendant Guberman admits to having contacted "at least fifty" of the potential Oxebridge clients in an attempt to further defame and discredit the Plaintiffs since the Order on the Plaintiff's Motion for Final Default Judgment against the Defendants (Doc. 111)

4

and Final Judgement (Doc. 112) were issued. In the videos, Guberman openly discusses the clients he contacted, including Pinson Heat Treat and Strox Systems.

14. On May 15th 2020, Plaintiff Paris received a call from John Smith of JG Smith & Associates, asking why he was being contacted by Guberman. Mr. Smith revealed that Guberman had obtained his information from the exhibit provided in (Doc. 110) The Motion for Default Judgment.

15. In some of the videos, Defendant Guberman holds up confidential price proposals submitted to potential clients by Plaintiff Oxebridge, taken from the list of clients provided in the exhibit provided in Doc. 110. Motion for Default Judgment.

16. On the official Guberman PMC LLC website at http://dguberman.com/warning-about-oxebridge-quality-resources-and-its-owner-chris-paris/, Defendants Guberman and Guberman PMC LLC have updated their defamation page against Plaintiffs Paris and Oxebridge to add new and increasingly outrageous false and defamatory claims. These include false claims that Guberman "won" the current lawsuit and is expecting a "$2.1 million" award. The post then goes on to falsely claim that Oxebridge charges "overpriced fees," and that Defendant Guberman has already advanced the lawsuit to "the Supreme Court. The post also publishes the illegally intercepted phone call of Paris and without permission publishes images stolen from the Plaintiff's website.

17. Defendant LaBelle has likewise refused to remove defamatory posts as per the Order on the Plaintiff's Motion for Final Default Judgment against the Defendants (Doc. 111) and Final Judgement (Doc. 112).

18. On March 26 2020, a press release credited to Guberman PMC and ostensibly released by LaBelle's press release circulation company, Industrial PR, wrote, "China-led propagandist, well-known as American communist have long been attempting to silence Guberman" and then

linked to the Guberman PMC LLC page about Plaintiffs Paris and Oxebridge. See

https://menafn.com/1099919173/Coronavirus-Masks-Donation-Drive-Help-Hospitals-Get-Much-Needed-Masks-and-Save-lives .

## ARGUMENTS AND AUTHORITIES

A. Legal Standard

**To prevail on a motion for civil contempt, the movant must show, by clear and convincing evidence (1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order.** *FDIC v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995)(citing *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992)). "A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *SEC v. First Fin. Group*, 659 F.2d 660, 669 (5th Cir. 1981). A finding of contempt is not predicated on the willfulness of the contemnor's actions. *See Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir.2000). Rather, the court must examine whether the contemnor actually failed to comply with the court's order. *Id.* In the contempt context, "clear and convincing evidence" is that "weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to truth of the allegations sought to be established, evidence so clear, direct, weighty and convincing as to enable fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir.1995) (internal quotation marks omitted).

Under settled law, this Court's preliminary injunction remains in effect unless it is altered by this Court or an appellate court, or until a final judgment on the merits. ("[T]he very purpose of a preliminary injunction . . . is to preserve the status quo and the rights of the parties until a final judgment issues." (citing Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981))).

"The 'purpose of a preliminary injunction is to preserve the status quo ante litem pending a determination of the action on the merits.' " Boardman v. Pac. Seafood Grp., 822 F.3d 1011, 1024 (9th Cir. 2016) (quoting Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1023 (9th Cir. 2009)). " 'Status quo ante litem' refers to 'the last uncontested status which preceded the pending controversy.' " Boardman, 822 F.3d at 1024 (quoting GoTo.com, Inc. v. Walt Disney Co., 202 F.3d 1199, 1210 (9th Cir. 2000)). Until then, "neither the plaintiff nor the court should be subjected to the unnecessary burden of re-establishing what has once been decided." Sys. Fed'n No. 91, Ry. Emp. Dep't, AFL-CIO v. Wright, 364 U.S. 642, 647 (1961).

"Courts possess the inherent authority to enforce their own injunctive decrees." Waffenschmidt v. MacKay, 763 F.2d 711, 716 (5th Cir. 1985), cert. denied, 474 U.S. 1056 (1986) (citing United States v. Hall, 472 F.2d 261, 267 (5th Cir. 1972); Berry v. Midtown Serv. Corp., 104 F.2d 107, 110 (2d Cir. 1939)), cited in Reebok Int'l Ltd. v. McLaughlin, 49 F.3d 1387, 1391 (9th Cir. 1995). "[A]n injunction often requires continuing supervision by the issuing court and always a continuing willingness to apply its powers and processes on behalf of the party who obtained that equitable relief." Sys. Fed'n No. 91, 364 U.S. at 647. 'In deciding whether an injunction has been violated it is proper to observe the objects for which the relief was granted and to find a breach of the decree in a violation of the spirit of the injunction, even though its strict letter may not have been disregarded.' " Inst. of Cetacean Research v. Sea Shepherd Conserv. Soc'y, 774 F.3d 935, 949 (9th Cir. 2014) (quoting John B. Stetson Co. v. Stephen L. Stetson Co., 128 F.2d 981, 983 (2d Cir. 1942)). A defendant cannot escape the district court's power to enforce its injunction through procedural mechanisms designed to insulate its actions from review. See, e.g., Nehmer v. U.S. Dep't of Veterans Affairs, 494 F.3d 846, 860 (9th Cir. 2007) ("[T]he VA cannot usurp the power of a district court to construe the provisions of an order it has issued or divest that court of its authority[.]"); Movers Conference of Am. v. United States, 251 F. Supp. 882, 885 (S.D. Cal. 1966)

(holding that federal government should have sought modification of injunction rather than simply adopting revised policy that purported to address court's prior holding).

"Upon a finding of contempt, the district court has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 582 (5th Cir. 2005) (citing *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000)). In civil contempt cases, sanctions may be imposed to coerce compliance with the court's order, compensate for losses sustained as a result of the non-compliance, or both. *Am. Airlines, Inc.*, 228 F.3d at 585, citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303 (1947). Civil contempt sanctions may include a fine (coercive, conditional or compensatory), imprisonment, a combination of a fine and imprisonment, and attorneys' fees incurred in obtaining the finding of contempt. *See S.E.C. v. Amerifirst Funding, Inc.*, 3:09-CV-601-D, 2006 WL 522124, *17 (N.D. Tex. Feb. 1, 2008), aff'd in part and vacated in part, *Whitcraft v. Brown,* 570 F.3d 268 (5th Cir. 2009); *U.S. v. Scott*, 4:03-CV-1410-A, 2004 WL 1068118, *3 (N.D. Tex. Apr. 5, 2004), citing *United Mine Workers v. Bagwell*, 512 U.S. 821, 827-29 (1994).

Pursuant to Federal Rule of Civil Procedure 60(a), the court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record.

**B. Defendants should be enjoined from discussing plaintiffs**

Florida courts have acknowledged that circumstances in which an offending party poses an interference with another's business provides an exception to the general rule against injunctive relief and a prior restraint on speech. See Zimmerman v. D.C.A. at Welleby, Inc., 505 So.2d 1371 (Fla. 4th DCA 1987)(where there are independent grounds for invoking; see also Murtagh v. Hurley, 40 So.3d 62 (2nd DCA 2010).

8

## REMEDIES FOR CONTEMPT

**A.     <u>Fine and Imprisonment</u>**

The primary purpose of a contempt sanction determines whether it is civil or criminal in nature. *Lamar Fin. Corp. v. Adams,* 918 F.2d 564, 566 (5th Cir.1990)). An order is viewed as criminal if intended to punish the contemnor and vindicate the authority of the court, and civil if intended to coerce the contemnor into compliance with a court order. *Id.* Although appropriate for either civil or criminal contempt, imprisonment is civil in nature if conditional and coercive, and criminal in nature if it is backward-looking and unconditional. *Id.* If an order is partly coercive and partly punitive, "the criminal feature of the order is dominant." *Port v. Heard,* 764 F.2d 423, 426 (5th Cir.1985).

**B.     <u>Attorneys' Fees</u>**

As noted, courts have "discretion to award reasonable attorney's fees and other expenses necessary to make an innocent party whole" in a civil contempt proceeding. *Dow Chemical Co. v. Chemical Cleaning, Inc.*, 434 F.2d 1212, 1215 (5th Cir. 1970). Because the Defendant violated the injunction and Plaintiffs incurred attorneys' fees in obtaining the finding of contempt, it should be awarded its fees. *See Cook v. Ochsner Found. Hosp.*, 559 F.2d 270, 272 (5th Cir. 1977) ("Courts have, and must have, the inherent authority to enforce their judicial orders and decrees in cases of civil contempt. Discretion, including the discretion to award attorneys' fees, must be left to a court in the enforcement of its decrees.").

**C.     <u>Daryl Guberman, Donald Labelle and Guberman PMC Should be Held in Contempt</u>**

Donald Labelle, Daryl Guberman, and Guberman PMC's actions and statements clearly violate the Injunction (Doc. 111). Accordingly, LaBelle, Guberman and Guberman PMC should

9

be held in contempt of court. Should the Defendants fail to fill out fact information sheets within 45 days, remove all the links referenced in Doc. 111-1, and remove the additional links referencing the Plaintiffs at

- https://youtu.be/Bse2JtC5XzQ
- https://youtu.be/8R9j-YwAqW4
- https://youtu.be/HkIem7pKsEI
- https://youtu.be/A9t63rAq5Zg
- https://youtu.be/KXnViuIDW9A
- https://youtu.be/VTLY6SKRUIo
- https://youtu.be/EJ-7nnfso_M
- https://youtu.be/zFrs1i7-l1c
- https://youtu.be/OK6mc3H4pCE
- https://youtu.be/rVUSz0kWT2o
- https://youtu.be/TOthN9CBhXI
- https://youtu.be/IyUFBDelOKM
- https://youtu.be/kvdhJtoM5kw
- https://www.youtube.com/watch?v=LJMoa8McX_c
- https://menafn.com/1099919173/Coronavirus-Masks-Donation-Drive-Help-Hospitals-Get-Much-Needed-Masks-and-Save-lives
- https://www.marketwatch.com/press-release/coronavirus-masks-donation-drive-help-hospitals-get-much-needed-masks-and-save-lives-2020-03-26

and refrain from posting additional content disparaging the Plaintiffs business interests, then it is requested that a warrant is issued for Daryl Guberman's arrest.

### D. **Defendants Daryl Guberman, Guberman PMC, and Donald Labelle Should be ordered to fill out Fact Information Sheets**

Pursuant to Fla. R. Civ. P. 1.560(b), In addition to any discovery available to a judgment creditor under this rule, the court, at the request of the judgment creditor, shall order the judgment debtor or debtors to complete form 1.977, including all required attachments, within 45 days of the order or such other reasonable time as determined by the court. Failure to obey the order may be considered contempt of court.

## **PRAYER**

WHEREFORE, Plaintiffs respectfully requests:

1. That LaBelle, Guberman and Guberman PMC be held in contempt of court, or in the alternative, ordered to appear and show cause why he should not be held in contempt of Court;

2. That an arrest warrant is issued for Daryl Guberman based on his previous noncompliance with every single standing court order in this case;

3. That pursuant to Federal Rule of Civil Procedure 60(a), the court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record, and order that:

    a) That the Defendants have 45 days to fill out fact information sheets pursuant to Fla. R. Civ. P. 1.560(a);

    b) That the Defendants are enjoined from disparaging and defaming Plaintiffs' business and from publishing confidential pricing information;

    c) That Defendant Guberman and Guberman PMC are ordered to stop harassing Plaintiffs' customers and potential clients;

    d) The Defendants remove all material ordered to be removed in the links referenced in Doc. 111-1, and also all newly published material (See attached Exhibit "B").

    e) The Court shall retain jurisdiction to enforce the Final Judgment and Permanent Injunction. If the Defendants breach the terms of the Judgment and Permanent Injunction, Plaintiffs shall have the right to reopen this matter upon motion filed and heard on an expedited basis.

If this matter is so reopened, Plaintiff may pursue any and all remedies it may have against the Defendants, their successors in interest and assigns, and any persons or business entities working in concert with the Defendants GUBERMAN PMC, DARYL GUBERMAN, and, DONALD LABELLE, in addition to ordering whatever other or further relief that the Honorable Court deems just in this matter.

## GOOD FAITH CERTIFICATE

Pursuant to Florida Middle District local rule 3.01(g), Plaintiffs assert that they conferred with counsel for Guberman PMC, Bruce Minnick, on June 10, 2020, regarding the matters in this Motion, and that attempts were made with Mr. Guberman and Mr. Labelle by the undersigned counsel on June 24, 2020 to resolve matters, but the undersigned was unable to resolve the issues in dispute thus necessitating the filing of this motion (See attached Exhibit "C").

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and complete copy of this document was electronically filed with the clerk of courts in Broward County, Florida on the 25th day of June 2020.

Respectfully submitted,

Shrayer Law Firm, LLC.
912 South Andrews Avenue
Fort Lauderdale, FL 33316
Tel.   (954) 601-3732
Email: ghs@shrayerlaw.com


**/s/Glen H. Shrayer**

Glen H. Shrayer, Esq.
Fl Bar No. 57253