UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER MARK PARIS, and
OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC

   Plaintiffs

v.

GUBERMAN PMC, a Connecticut
Corporation, DARYL GUBERMAN,
an Individual, DONALD LABELLE,
an Individual

   Defendants

_____/

Case No. 8:19-cv-00423

Judge William F. Jung
Magistrate Judge Sean P. Flynn

**PLAINTIFFS MOTION TO REOPEN CASE AND HOLD DEFENDANTS
DARYL GUBERMAN, GUBERMAN PMC, LLC, AND DONALD LABELLE IN
CONTEMPT OF COURT**

Plaintiff, Christopher Mark Paris ("Paris") hereby moves the Court, pursuant to Federal Rule of Civil Procedure 70(e) and reopens the case against Daryl Guberman, Guberman PMC, and Donald Labelle to enforce the terms of the permanent injunction (Doc. 111), and states in support as follows:

**FACTUAL BACKGROUND**

1.    On May 18, 2020, the Honorable Court entered an Order on the Plaintiff's Motion for Final Default Judgment against the Defendants (Doc. 111).

2.    On May 19, 2020, Clerk Elizabeth Warren entered the final default judgment into the record and closed the case (Doc. 112).

3.    Subsequently, rather than complying with the terms of the permanent injunction, the Defendants have unleashed new defamatory material and posted Plaintiffs' trade secrets.

4. The Defendants have made a mockery of the judicial process throughout these proceedings blatantly ignoring the rulings of this Court in numerous instances, which was chronicled in the original Motion for Entry of Final Judgment (Doc. 110) and the Certification of Facts Demonstrating Contempt (Doc. 103).

5. It is hereby requested that the Honorable Court reopens the case to enforce the terms of the permanent injunction and holds the Defendants in contempt.

## ARGUMENTS AND AUTHORITIES

### A. Legal Standard

**To prevail on a motion for civil contempt, the movant must show, by clear and convincing evidence (1) that a court order was in effect, (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order.** *FDIC v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995)(citing *Martin v. Trinity Indus., Inc.*, 959 F.2d 45, 47 (5th Cir. 1992)).

**The Court has inherent power to reopen a case in order to enforce a permanent injunction that was issued.** *Tracfone Wireless Inc. v. Technopark Co. Ltd*, 313 F.R.D. 680 (S.D. Fla. 2016). "Injunctions are enforced through the district court's civil contempt power." Thomas v. Blue Cross & Blue Shield Ass'n, 594 F.3d 823, 829 (11th Cir.2010) (citing Alabama v. U.S. Army Corps of Eng'rs, 424 F.3d 1117, 1134 n. 23 (11th Cir.2005)); see also Belize Telecom Ltd. v. Gov't of Belize, 2005 WL 7858276, at *4 (S.D.Fla. Apr. 13, 2005) ("Federal courts have the power to enforce an injunction, if necessary, through contempt proceedings.").

"A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *SEC v. First Fin. Group*, 659 F.2d 660, 669 (5th Cir. 1981). A finding of contempt is not predicated on the willfulness of the contemnor's actions. *See Am. Airlines, Inc. v. Allied*

*Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir.2000). Rather, the court must examine whether the contemnor actually failed to comply with the court's order. *Id.* In the contempt context, "clear and convincing evidence" is that "weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to truth of the allegations sought to be established, evidence so clear, direct, weighty and convincing as to enable fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir.1995) (internal quotation marks omitted).

      To establish civil contempt, Plaintiffs are required to show, by clear and convincing evidence, that the underlying order was violated. See McGregor v. Chierico, 206 F.3d 1378, 1383 (11th Cir. 2000); Howard Johnson Co. v. Khimani, 892 F.2d 1512, 1516 (11th Cir. 1990). As the movant, TracFone must establish that: "(1) the allegedly violated order was valid and lawful; (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1296 (11th Cir. 2002) (citing McGregor, 206 F.3d at 1383 (11th Cir. 2000)). "The Supreme Court has made clear that the absence of willfulness is not a defense to a charge of civil contempt." F.T.C. v. Leshin, 618 F.3d 1221, 1232 (11th Cir. 2010) (citing McComb v. Jacksonville Paper Co., 336 U.S. 187, 191 (1949)). Moreover, as the order that Technopark has disobeyed is in connection with a judgment, "Federal Rule of Civil Procedure 70(e) . . . provides that when a party disobeys a lawful order, a district court may . . . hold the disobedient party in contempt." TracFone Wireless, Inc. v. Holden Prop. Servs., LLC, at *2 (S.D. Fla. May 8, 2015); Breen v. Tucker, 821 F. Supp. 2d 375, 383 (D. D.C. 2011); see also Rancheria v. Salazar, 2013 WL 6185450, at *2 (E.D. Cal. Nov. 23, 2013) ("Rule 70(e) contempt may issue where the court has required the party to perform any specific act, and the party fails to comply within the time specified.")

"Once a prima facie showing of a violation has been made, the burden of production shifts to the alleged contemnor, who may defend his failure on the grounds that he was unable to comply." Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc., 950 F.2d 1525, 1529 (11th Cir. 1992). However, a party can only demonstrate an inability to comply "by showing that they have made 'in good faith all reasonable efforts to comply.'" Citronelle-Mobile, 943 F.2d at 1301 (quoting United States v. Ryan, 402 U.S. 530, 534 (1971)). This can be accomplished only by producing "detailed evidence specifically explaining why he cannot comply." Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 740 (11th Cir. 2006).

"[A]n injunction often requires continuing supervision by the issuing court and always a continuing willingness to apply its powers and processes on behalf of the party who obtained that equitable relief." Sys. Fed'n No. 91, 364 U.S. at 647. 'In deciding whether an injunction has been violated it is proper to observe the objects for which the relief was granted and to find a breach of the decree in a violation of the spirit of the injunction, even though its strict letter may not have been disregarded.' " Inst. of Cetacean Research v. Sea Shepherd Conserv. Soc'y, 774 F.3d 935, 949 (9th Cir. 2014) (quoting John B. Stetson Co. v. Stephen L. Stetson Co., 128 F.2d 981, 983 (2d Cir. 1942)). A defendant cannot escape the district court's power to enforce its injunction through procedural mechanisms designed to insulate its actions from review. See, e.g., Nehmer v. U.S. Dep't of Veterans Affairs, 494 F.3d 846, 860 (9th Cir. 2007) ("[T]he VA cannot usurp the power of a district court to construe the provisions of an order it has issued or divest that court of its authority[.]"); Movers Conference of Am. v. United States, 251 F. Supp. 882, 885 (S.D. Cal. 1966) (holding that federal government should have sought modification of injunction rather than simply adopting revised policy that purported to address court's prior holding).

"Upon a finding of contempt, the district court has broad discretion in assessing sanctions to protect the sanctity of its decrees and the legal process." *Test Masters Educ. Servs., Inc. v. Singh*,

4

428 F.3d 559, 582 (5th Cir. 2005) (citing *Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 585 (5th Cir. 2000)). In civil contempt cases, sanctions may be imposed to coerce compliance with the court's order, compensate for losses sustained as a result of the non-compliance, or both. *Am. Airlines, Inc.*, 228 F.3d at 585, citing *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303 (1947). Civil contempt sanctions may include a fine (coercive, conditional or compensatory), imprisonment, a combination of a fine and imprisonment, and attorneys' fees incurred in obtaining the finding of contempt. See *S.E.C. v. Amerifirst Funding, Inc.*, 3:09-CV-601-D, 2006 WL 522124, *17 (N.D. Tex. Feb. 1, 2008), aff'd in part and vacated in part, *Whitcraft v. Brown,* 570 F.3d 268 (5th Cir. 2009); *U.S. v. Scott*, 4:03-CV-1410-A, 2004 WL 1068118, *3 (N.D. Tex. Apr. 5, 2004), citing *United Mine Workers v. Bagwell*, 512 U.S. 821, 827-29 (1994).

### B. <u>Defendants should be enjoined from Discussing Plaintiffs Online</u>

**Florida courts have acknowledged that circumstances in which an offending party poses an interference with another's business provides an exception to the general rule against injunctive relief and a prior restraint on speech. See Zimmerman v. D.C.A. at Welleby, Inc.,** 505 So.2d 1371 (Fla. 4th DCA 1987)(where there are independent grounds for invoking; see also Murtagh v. Hurley, 40 So.3d 62 (2nd DCA 2010).

### REMEDIES FOR CONTEMPT

#### A. <u>Fine and Imprisonment</u>

The primary purpose of a contempt sanction determines whether it is civil or criminal in nature. *Lamar Fin. Corp. v. Adams,* 918 F.2d 564, 566 (5th Cir.1990)). An order is viewed as criminal if intended to punish the contemnor and vindicate the authority of the court, and civil if intended to coerce the contemnor into compliance with a court order. *Id.* Although appropriate for either civil or criminal contempt, imprisonment is civil in nature if conditional and coercive, and criminal in nature if it is backward-looking and

unconditional. *Id.* If an order is partly coercive and partly punitive, "the criminal feature of the order is dominant." *Port v. Heard,* 764 F.2d 423, 426 (5th Cir.1985).

### B. Attorneys' Fees

As noted, courts have "discretion to award reasonable attorney's fees and other expenses necessary to make an innocent party whole" in a civil contempt proceeding. *Dow Chemical Co. v. Chemical Cleaning, Inc.*, 434 F.2d 1212, 1215 (5th Cir. 1970). Because the Defendant violated the injunction and Plaintiffs incurred attorneys' fees in obtaining the finding of contempt, it should be awarded its fees. *See Cook v. Ochsner Found. Hosp.*, 559 F.2d 270, 272 (5th Cir. 1977) ("Courts have, and must have, the inherent authority to enforce their judicial orders and decrees in cases of civil contempt. Discretion, including the discretion to award attorneys' fees, must be left to a court in the enforcement of its decrees.").

### C. Daryl Guberman, Donald Labelle and Guberman PMC Should be Held in Contempt

Donald Labelle, Daryl Guberman, and Guberman PMC's actions and statements clearly violate the Injunction (Doc. 111). Despite being noticed of the violation of the injunction, they clearly have no intention to obey the Court Order (See attached Exhibit "A").

### PRAYER

WHEREFORE, Plaintiffs respectfully requests:

1. That this case is reopened.

2. That LaBelle, Guberman and Guberman PMC be held in contempt of court, or in the alternative, ordered to appear and show cause why he should not be held in contempt of Court;

3. That an arrest warrant is issued for Daryl Guberman based on his

noncompliance with every single standing court order in this case;

4. That the Defendants are enjoined from disparaging and defaming Plaintiffs' business and from publishing confidential pricing information;

5. That the Defendants are ordered to stop harassing Plaintiffs' customers and potential clients;

6. The Defendants remove all material ordered to be removed in the links referenced in Doc. 111-1.

7. The Court shall retain jurisdiction to enforce the Final Judgment and Permanent Injunction.

## GOOD FAITH CERTIFICATE

Pursuant to Florida Middle District local rule 3.01(g), Plaintiffs assert that they conferred with counsel for Guberman PMC, Bruce Minnick, on June 10, 2020, regarding the matters in this Motion, and that attempts were made with Mr. Guberman and Mr. Labelle by the undersigned counsel on June 24, 2020 to resolve matters, but the undersigned was unable to resolve the issues in dispute thus necessitating the filing of this motion.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and complete copy of this document was electronically filed with the clerk of courts in Broward County, Florida on the 7th day of July 2020.

Respectfully submitted,

Shrayer Law Firm, LLC.
912 South Andrews Avenue
Fort Lauderdale, FL 33316
Tel.   (954) 601-3732
Email: ghs@shrayerlaw.com

**/s/Glen H. Shrayer**

Glen H. Shrayer, Esq.
Fl Bar No. 57253