UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER MARK PARIS, and
OXEBRIDGE QUALITY RESOURCES
INTERNATIONAL, LLC

Plaintiffs,

Case No. 8:19-cv-00423

vs.

WILLIAM LEVINSON,
LEVINSON PRODUCTIVITY
SYSTEM, PC, a Pennsylvania
Corporation

Defendants
_____/

## MOTION TO VACATE FOR FAILURE TO PROVE JURISDICTION, FAILURE TO DEMONSTRAT DAMAGES, AND NEW DISCOVERY OF PLAINTIFF'S MOTIVE

On May 18, 2020 the above case was closed by Judge William Jung. However, on four separate occasions over the previous eight weeks the plaintiff attempted to re-open the case without providing new discovery as required. Therefore the court ruled the CASE CLOSED four times consecutively. The court is now to rule closure a 5th time despite no additional discovery. Not only is this clear violation of defendant(s) due process rights, it has become a mockery of the legal system.

It's now evident this court refuses to back ofF the defendants, even after ruling the case closed four (4) consecutive times without any new discovery. Therefore, this court is now on notice for the fifth time, it lacks jurisdiction over the defendants and any claims to have jurisdiction without proving jurisdiction is clearly unconstitutional. The defendant is left with no choice but to demand Judge Jung take mandatory judicial notice of the following cases and similar cases:

"When a judge knows that he lacks jurisdiction, or acts in the face of clearly valid statutes expressly depriving him of jurisdiction, judicial immunity is lost."
[Rankin v. Howard, (1980) 633 F.2d 844, cert. den. Zeller v. Rankin, 101 S.Ct. 2020,

451 U.S. 939, 68 L.Ed 2d 326]

"A judge must be acting within his jurisdiction as to subject matter and person, to be entitled to immunity from civil action for his acts." [Davis v. Burris, 51 Ariz. 220, 75 P.2d 689 (1938)]

"When a judicial officer acts entirely without jurisdiction or without compliance with jurisdiction requisites he may be held civilly liable for abuse of process even though his act involved a decision made in good faith, that he had jurisdiction."
[Little v. U.S. Fidelity & Guaranty Co., 217 Miss. 576, 64 So. 2d 697]

"No judicial process, whatever form it may assume, can have any lawful authority outside of the limits of the jurisdiction of the court or judge by whom it is issued; and an attempt to enforce it beyond these boundaries is nothing less than lawless violence." [Ableman v. Booth, 21 Howard 506 (1859)]

"We (judges) have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given. The one or the other would be treason to the Constitution." [Cohen v. Virginia, (1821), 6 Wheat. 264 and U.S. v. Will, 449 U.S. 200]

"Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action." Melo v. US, 505 F2d 1026.

"Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted." Latana v. Hopper, 102 F. 2d 188; Chicago v. New York, 37 F Supp. 150.

"The law provides that once State and Federal Jurisdiction has been challenged, it must be proven." Main v. Thiboutot, 100 S. Ct. 2502 (1980).

"Once challenged, jurisdiction cannot be assumed, it must be proved to exist." Stuck v. Medical Examiners, 94 Ca 2d 751. 211 P2d 389.

"There is no discretion to ignore that lack of jurisdiction." Joyce v. US, 474 F2d 215. "The burden shifts to the court to prove jurisdiction." Rosemond v. Lambert, 469 F2d 416.

Since this court continues to further burden the defendants by "closing" the case on four different occasions (and soon to be a fifth time), despite COMPLETELY lacking personal jurisdiction and refusal to PROVE JURISDICTION, it is the defendant's duty to inform this non-jurisdictional court of its unconstitutional acts, and to hold those involved accountable.

## NOTICE OF LIABILITY

Let it be known, on June 15, 2020 defendant served Judge Jung with a Notice of Liability (NOL) under witness testimony. The NOL is a legal binding contract between Daryl Guberman and William Jung, the man. Therefore, Judge William Jung either needs to recuse himself from this case due to conflict of interest, or provide the information he claims or assumes to posses based on his May 18, 2020 ruling, specifically proof of jurisdiction to order such a substantial monetary judgment, and proof of damages which was never presented to the defendant(s) outside a list of fictitious companies presented as "prospects" and "lost business" by the plaintiff.

The NOL demonstrates the court's May 18, 2020 ruling relied exclusively on a 'default judgment' due to the plaintiff's failure to prove any damages and failure to demonstrate defendant's involvement in the alleged defamation, whether it was allegedly spoken, written, or otherwise. Further, the default judgment of over $1.6 million is the result of a 'contempt of court' in which the defendant was penalized for not appearing in a court across the country 2,000 miles from his home to defend a frivolous claim in a court that lacks personal jurisdiction, and a court that never proved jurisdiction when challenged to do so.

## JURISDICION AS PER VENUE AND CONVENIENCE

Even where personal jurisdiction, subject matter jurisdiction, and venue all are proper, which is lacking in this matter, a court nevertheless may conclude, as a matter of law, or even of common sense, that a dispute should be litigated somewhere else. Thus, the non-local litigant shall be given the opportunity by the court to avoid litigation in an unfavorable non-local U.S. court by seeking to transfer the case from one federal district to another, or to have it dismissed in its entirety. This courtesy was never offered to the defendants at anytime in these proceedings. Rather, defendants were threatened by the moving party with imprisonment for not traveling from Connecticut to Florida and as result was placed in contempt of court. This concept—which arises primarily in the federal court system—is referred to as one of "proper venue" which this court failed to present or even consider. Moreover, when considering the proper venue of a lawsuit, courts generally look for a sensible relationship between the dispute and the forum. Thus, while the court may consider many factors in this analysis, the primary issue is whether the forum has some "connection" to the parties or the subject matter of the lawsuit. Where this link does not exist as in this matter, a court may transfer the case to another forum with a greater interest in the outcome of the dispute, or it should dismiss the case entirely (e.g., so that it may be brought in a more appropriate forum within or outside the U.S.) equally fair to all parties. A second alternative, which this court failed to address in its contempt of court ruling, is for the court to dismiss the case on what is called "forum non- conveniences" grounds. This may occur when the court determines that an adequate alternative forum exists to resolve the lawsuit such as an equal travel distance for all parties. In cross-border litigation, this issue commonly turns on questions

of the residences of the parties, employment, income, location of the evidence, location and availability of witnesses, respective burdens on the parties of proceeding in the initial forum, and the potential impact of the lawsuit on the relationship between the U.S. and a sovereign citizen or nation. Courts also consider whether or how bringing the suit in an alternate forum would impact the substantive rights of the parties—e.g., if one party stands to gain a material advantage in the alternate forum such as the plaintiff in the matter, the court may or at least should be more reluctant to dismiss the case. Finally, in this matter, the defendant was especially mindful of the timing of raising an objection in terms of venue, and objected to the distance and inconveniences it would cause in his first motion to dismiss. The objection was ignored by the court and never addressed.

## PLAINTIFF'S ALLEGATIONS HAS BEEN PROVEN NUMEROUS TIMES TO BE FALSE AND MALICIOUS

1. In his claim the petitioner/plaintiff (Christopher Paris, Oxebridge) knowingly falsified facts by claiming defendant posted defamatory articles on a website called Ripoffreport.com. However, a third defendant (William Levinson) took complete responsibility for posting the alleged defamatory articles on the Ripoffreport.com website. Jung ignored the matter. (See DOC 66 Page 2).

2. Plaintiff knowingly lied about five companies as being "Florida contacts" of defendant in attempt to gain jurisdiction failing to exist. However, all five companies confirmed in a letter they are neither customers of defendant nor have any relationship with the defendant. Therefore, this leaves the Plaintiff without demonstrating a single Florida contact of the defendant. (See Doc 107).

3. In summary judgment Paris falsely claimed $2.1 million (initially the claim was for $75,000) in "damages" as lost customers and proposals. However, the plaintiff failed to present a single business or proposal that was claimed to be "lost" due to alleged defamation. The plaintiff failed to present supporting affidavit(s) from third parties, failed to present the proposals he claimed to have submitted, and failed to demonstrate any form of lost business or revenues due to the alleged defamation. Further, the plaintiff presented a list of fictitious and UNVERFIABLE "companies" he claimed to be "prospects." Not a single business name and business address was presented to enable the defendant the opportunity to confirm the allegations of "lost revenues". In short, Paris fabricated the company names and presented them as "prospects" in his bogus claim to extort money from defendants in a frivolous claim. (See Doc 107).

4. Exhibit A shows the plaintiff's bogus claim as a victim in this matter when in fact he's been harassing the defendant for over seven years with false complaints to federal agencies. Exhibit A demonstrates the plaintiff's latest acts submitting a false complaint to the Federal Election Committee (FEC) in effort to further burden the defendant during these proceedings. The FEC investigated the matter and found the plaintiff (CHRISTOPHER PARIS) to have submitted false

- information. Federal authorities are being asked to investigate the matter of the plaintiff knowingly submitting false information to a federal agency to harm the reputation of an opposing party in a federal lawsuit.

## DISMISS THE PREJUDICE

This is a COURTESY MOTION in which the court is on notice the defendant does not surrender to this court's jurisdiction and has on record challenged this court to prove jurisdiction from the beginning of these proceedings. The court has "closed" this claim four times already and the plaintiff is seeking to re-open the matter once again to further burden defendant, despite the plaintiff not providing any new discovery. Further, the plaintiff's last motion specifically indicates his unwillingness to pursue the matter in a proper venue. Other venues will require the demonstration and proof of the alleged damages, including evidence of the accused engaging in alleged defamation, and proof of personal and subject matter jurisdiction over the defendant, and presented on all court records as lawfully required.

Defendant motions the court to dismiss the claim with prejudice as well as sanction arrest the plaintiff CHRISTOPHER PARIS and his attorney GLEN SHRAYER including disbarment, for misleading the court with false allegations to burden defendants at the expense of Florida tax payers. Defendant moves to resolve this matter and dismiss with prejudice before it is challenged in a higher court, including the United States Supreme Court for multiple violations of defendant(s) due process.

Submitted,

with explicit reservation of all my unalienable rights

and without prejudice to any of my unalienable rights,

Daryl Guberman
7/24/2020

# Exhibit A



**FEDERAL ELECTION COMMISSION**
Washington, DC 20463

July 24, 2020

**VIA ELECTRONIC MAIL**
Daryl Guberman
Guberman-PMC, LLC
1538 West Broad Street
Stratford, CT 06615
daryltqrs@yahoo.com

RE:   MUR 7655
      Daryl Guberman

Dear Mr. Guberman:

On October 28, 2019, the Federal Election Commission ("Commission") notified you of a complaint alleging violations of certain sections of the Federal Election Campaign Act of 1971, as amended (the "Act"). On July 15, 2020, based upon the information contained in the complaint and information provided by respondents, the Commission decided to dismiss allegations that you violated provisions of the Act. The Commission then closed its file in this matter. A copy of the General Counsel's Report, which more fully explains the basis for the Commission's decision, is enclosed.

Documents related to the case will be placed on the public record within 30 days. See Statement of Policy Regarding Disclosure of Closed Enforcement and Related Files, 68 Fed. Reg. 70,426 (Dec. 18, 2003) and Statement of Policy Regarding Placing First General Counsel's Reports on the Public Record, 74 Fed. Reg. 66132 (Dec. 14, 2009). If you have any questions, please contact Don Campbell, the attorney assigned to this matter, at (202) 694-1650.

Sincerely,

Lisa J. Stevenson
Acting General Counsel

BY:   Jeff S. Jordan
      Assistant General Counsel

Enclosure:
  General Counsel's Report

BEFORE THE FEDERAL ELECTION COMMISSION

ENFORCEMENT PRIORITY SYSTEM
DISMISSAL REPORT

**MUR:** 7655                                                               **Respondent:** Daryl Guberman
                                                                                                          Don LaBelle

**Complaint Receipt Date:** October 25, 2019

**Response Date:** November 4, 2019 (Guberman)
                                November 12, 2019 (LaBelle)

**Alleged Statutory**           52 U.S.C. §§ 30102(e)(1), 30103(a), 30104(a), 30116(a)(1)(a), 30118(a)
**Regulatory Violations:**          11 C.F.R. §§ 101.1, 102.1, 109.10, 110.1(b), 110.9, 114.2

The Complaint alleges that Guberman declared himself a candidate for the 2016 Senate race in Connecticut, but failed to register with the Commission.[1] Additionally, the Complaint alleges that LaBelle, through his press-release-distribution company,[2] made in-kind contributions to Guberman's campaign by preparing and distributing free press releases and registering multiple websites benefitting Guberman.[3]

Guberman responds that he never officially announced plans to run for Senate nor did he receive any donations in support of such a campaign.[4] LaBelle responds that he never collected

---

[1] Compl. at 1-2, 5 (October 25, 2019). The Commission's records do not include any registrations filed by Guberman or a committee supporting his candidacy. Similarly, a search of the database of the Connecticut State Elections Enforcement Commission yields no results for Guberman. *See* https://seec.ct.gov/eCrisReporting/SearchingCommittee.aspx (last visited December 18, 2019).

[2] The press-release-distribution company is known by various names, including Manufacturing Partners, MFGPartners.net, Industrial Leaders Group, and industrialPR.net.

[3] Compl. at 1-4.

[4] Guberman Resp. at 1 (November 4, 2019). Guberman's website contains inconsistent messages: it features multiple variations of the phrases "Guberman for Senate," as well as "I've chosen to run as a write-in candidate," and "Candidate for United States Senate." *See* http://darylguberman.com/ (last visited December 18, 2019). Also, the site features a "Donate to Campaign" page, with a link for contributions and the statement "Please join me … by donating to my campaign for United States Senate." *See* http://darylguberman.com/donate/. In contrast, the site also states "at this time I've not yet decided whether or to run for Senate," "potential Candidate for United States Senate," "I am

EPS Dismissal Report
MUR 7655 (Daryl Guberman, et al.)
Page 2 of 3

1 donations for a Guberman campaign, never purchased or distributed any promotional materials to
2 promote such a campaign, and that neither he nor Guberman ever announced Guberman as a
3 candidate.[5] We do not have information that indicates Guberman raised or spent over $5,000
4 toward a federal campaign.

5     Based on its experience and expertise, the Commission has established an Enforcement
6 Priority System using formal, pre-determined scoring criteria to allocate agency resources and
7 assess whether particular matters warrant further administrative enforcement proceedings. These
8 criteria include (1) the gravity of the alleged violation, taking into account both the type of activity
9 and the amount in violation; (2) the apparent impact the alleged violation may have had on the
10 electoral process; (3) the complexity of the legal issues raised in the matter; and (4) recent trends in
11 potential violations and other developments in the law. This matter is rated as low priority for
12 Commission action after application of these pre-established criteria. Given that low rating, and the
13 apparent low dollar amount at issue, we recommend that the Commission dismiss the Complaint
14 consistent with the Commission's prosecutorial discretion to determine the proper ordering of its
15 priorities and use of agency resources.[6] We also recommend that the Commission close the file and
16 send the appropriate letters.

17

---

considering a run," and "if I decide to run for United States Senate." *See*: http://darylguberman.com/case-against-senator-blumenthal/, http://darylguberman.com/about-me/.

[5]     LaBelle Resp. at 1-2 (November 12, 2019). LaBelle states that the articles cited in the Complaint promote LaBelle's businesses and other companies associated with Guberman, and do not relate to a political campaign. However, these press releases include one identifying LaBelle as Guberman's campaign manager (*see* https://prfocus.com/article/Possible-Senate-Candidate-Daryl-Guberman-Calls-Out-Dick-Blumenthal-For-Constitutional-Crisis_52447.html ) and include multiple uses of the terms "U.S. Senate Candidate," and "potential" or "possible Senatorial candidate." *See, e.g.,* https://www.einpresswire.com/search?query=guberman+senate&search=; https://www.airlineindustrytoday.com/2018/05/08/u-s-senate-candidate-daryl-guberman-passionately-calls-for-israeli-pm-netanyahu-to-break-ties-with-iaf/ ; https://medium.com/@riaz.backlink/anglo-japanese-american-aja-registrar-unofficial-accreditation-and-overseen-by-china-led-55459608c01; https://www.guberman-quality.com/daryl-guberman-ceo-ct-i-senate-candidate-announces-defund-nist-mep-hits-chicago-evening-post/

[6]     *Heckler v. Chaney*, 470 U.S. 821, 831-32 (1985).

EPS Dismissal Report
MUR 7655 (Daryl Guberman, et al.)
Page 3 of 3

                                                                        Lisa J. Stevenson
                                                                        Acting General Counsel

                                                                        Charles Kitcher
                                                                        Acting Associate General Counsel

1.30.20                               BY: _____
Date                                                    Stephen Gura
                                                                        Deputy Associate General Counsel

                                                                        _____
                                                                        Jeff S. Jordan
                                                                        Assistant General Counsel

                                                                        _____
                                                                        Donald E. Campbell
                                                                        Attorney